UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | ) | Case No. C-1-02-378 |
| | ) | |
| Plaintiffs, | ) | Judge Susan J. Dlott |
| | ) | |
| v. | ) | |
| | ) | |
| CINERGY CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE ENTRY STAYING LITIGATION AND REQUESTING BRIEFING SCHEDULE AND HEARING ON PENDING MOTIONS**

Plaintiffs respond to Defendant Cinergy Corp.'s Motion To Set Aside Entry Staying Litigation and Requesting Briefing Schedule and Hearing on Pending Motions as follows:

Plaintiffs agree with Defendant that the stay of this litigation should be lifted. Plaintiffs further agree that a briefing schedule and a hearing date should be set for Defendant's pending motions. Indeed, to similar effect, Plaintiffs filed their own Motion for Status/Scheduling Conference on May 11, 2004 [Doc. 55].

As noted in Plaintiff's Motion, Plaintiffs further request a conference to schedule additional discovery. From January of 2003, and throughout the remaining period for discovery as well as beyond, plaintiffs focused on efforts to reach a global class settlement of this action and two others, the Smith case and Reed case, as confirmed in the Affidavit of Jill T. O'Shea, Esq.

submitted in support of Defendant's Motion. See O'Shea Aff.¶¶ 13-14, 17-18, 20-22, 26, 28-36. Plaintiffs focused on settlement rather than discovery in an effort to avoid increasing attorneys' fees for Plaintiffs (as well as Defendant), which are often an impediment to settlement. Toward that end, Plaintiffs agreed to Defendant's request for an extension of the dispostive motion deadline, see O'Shea Aff. ¶ 23, and Plaintiffs waived any objection to Defendant filing a motion to compel after the discovery deadline. See O's Aff. ¶ 25. While Defendant offered to consider an additional month for discovery "[i]in the event that settlement negotiations proceed favorably in defendant's opinon" [sic], see O' Aff. ¶ 17 Exh. C, Defendant now objects to any limited additional time for discovery, despite its contention that settlement negotiations proceeded so favorably they resulted in a purported global agreement. Plaintiffs respectfully submit that given the complicated efforts to reach a global settlement, which ultimately failed, limited time for additional discovery is appropriate and warranted.[1]

Only one other contention in Defendant's Motion warrants a response. Defendant apparently would have this Court believe that Plaintiffs repudiated a settlement agreement in the Smith case. Obviously, Plaintiffs had to agree to a settlement before they could repudiate a settlement agreement. There was no agreed settlement, here or in Smith. The representative plaintiffs in Smith (who elected to proceed under state law in state court), and Plaintiffs in this case, did not agree to the terms of a proposed class settlement in Smith, as Defendant's submission, itself, makes clear. See Affidavit of Jill T. O'Shea, Esq. ¶ 30. Settlement proposals negotiated by counsel were subject to all the representative plaintiffs' ultimate approval. While the

---

[1] paragraph 9 of the O'Shea Affidavit refers to an October 28, 2002 Status/Scheduling Conference at which all parties were advised that the Court was not inclined to further extend deadlines. Of course, circumstances changed thereafter, resulting in a subsequent extension of the dispositive motion deadline at Defendant's request.

parties came close to a settlement, ultimately the representative plaintiffs did not agree to particular terms negotiated by counsel. Tellingly, Defendant has not sought to enforce any purportedly repudiated settlement agreement, in <u>Smith</u> or here. While Defendant may be frustrated (as are the representative plaintiffs) with settlement efforts that ultimately failed, Plaintiffs here elect to not respond in kind with accusations about which side is to blame. Such matters have no bearing on whether the stay should be lifted or whether a scheduling conference should now be held in this case.

                                  Respectfully submitted,

                                  _s/ Paul H. Tobias_____
                                  Paul H. Tobias--0032415
                                  David D. Kammer--0061808
                                  Toias, Kraus & Torchia
                                  911 Mercantile Library Building
                                  414 Walnut Street
                                  Cincinnati, OH 45202
                                  (513) 241-8137
                                  (513) 241-7863
                                  tkt@tktlaw.com

                                  Robert L. Wiggins, Jr.
                                  Robert F. Childs, Jr.
                                  Ann K. Wiggins
                                  Barry V. Frederick
                                  WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
                                  The Kress Building
                                  301 19th Street North
                                  Birmingham, AL 35203
                                  (205) 314-0500
                                  wcf@wcqp.com

                                  David W. Sanford, Esq.
                                  Sanford, Wittels & Heisler, LLP
                                  2120 K Street NW, Suite 700
                                  Washington, DC 20037
                                  (202) 942-9124
                                  dsanford@davidsanford.com

        Grant E. Morris
        Law Offices of Grant E. Morris
        7 Dupont Circle, NW, Suite 250
        Washington, DC 20036
        (202) 331-4707

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2004 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notification to:

Gregory V. Mersol
John B. Lewis
Baker & Hostetler, LLP
3200 National City Center
1900 East Ninth St.
Cleveland, OH 44114-3485


Jill T. O'Shea, Esq.
Atrium II
139 East Fourth Street
PO Box 960
Cincinnati, OH 45201-0960

        s/ Paul H. Tobias
        Paul H. Tobias—0032415