IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY BRANTLEY, et al.                    :        Case No.        C-1-01-378
                                          :
                  Plaintiffs,             :        Judge Susan J. Dlott
                                          :
        vs.                               :
                                          :
CINERGY CORP.                             :        AFFIDAVIT OF
                                          :        JILL T. O'SHEA
                  Defendant.              :

        Comes now affiant, Jill T. O'Shea, after being duly cautioned and sworn, deposes and

states as follows:

        1.      That she is an attorney licensed to practice law in the State of Ohio and in the

Southern District of Ohio.

        2.      That she represents the Defendant, Cinergy Corp., in the above-captioned

matter.

        3.      That on or about September 30, 2002, correspondence was hand delivered and

sent via facsimile and ordinary mail to Plaintiffs' attorneys regarding a proposed Stipulated

Protective Order and Affidavit to be filed with the court in the above-captioned matter and

that Exhibit "A" is a true and accurate copy of same.

4.    That on or about October 3, 2002, correspondence was hand delivered sent via facsimile and ordinary mail to plaintiffs' counsel requesting a response to the September 30, 2002 letter and that Exhibit "B" is a true and accurate copy of same.

5.    That on or about October 7, 2002, defendant received a response from Paul H. Tobias, Esq. in response to the October 3, 2002 correspondence and states "we would like to resolve the issue" and that Exhibit "C" is a true and accurate copy of same.

6.    That on or about October 9, 2002, correspondence was sent via facsimile and ordinary mail to plaintiffs' counsel requesting either an approval of the "proposed order or submitting a proposed alternative" and that Exhibit "D' is a true and accurate copy of same.

7.    That on or about October 23, 2002, correspondence was received from plaintiffs' counsel stating that "We deem the proposed Protective Order far too broad" and did not submit a proposed alternative and that Exhibit "E" is a true and accurate copy of same.

8.    That on or about October 24, 2002, correspondence was sent vial facsimile and ordinary mail to plaintiffs' counsel and included a revised Stipulated Protective Order and that Exhibit "F" is a true and accurate copy of same.

9.    That on or about March 27, 2003, correspondence was forwarded to plaintiff's counsel enclosing Defendant, Cinergy Corp.'s, Responses to Plaintiffs, Billy Brantley, et al., First Set of Interrogatories and Defendant, Cinergy Corp.'s, Responses to Plaintiffs, Billy Brantley, et al., First Set of Request for Production of Documents. Said correspondence further stated "We have reviewed your handwritten revisions to the Stipulated Protective Order in the context of the Brantley, Reed and Smith suits. In light of the separate and

distinct nature of the claims between the suits as evidenced in our Memorandum In

Opposition to Motion to Consolidate and various Motions to Sever, we are not willing to

agree to your proposed language that all confidential matter produced in the Brantley suit

shall be subject to use in any of the three lawsuits. It is further our position that "Item II. Use

of Documents Filed with Court" and an Affidavit are both necessary and appropriate in an

employment suit of this nature. Thus, it appears as if we will need to address same with

Judge Dlott." and that Exhibit "G" is a true and accurate copy of same.

      10     That counsel for defendant seeks to preserve the confidentiality of

documents, files or information, including, but not limited to, personnel files of defendant

(other than plaintiffs) or other personnel information concerning employees or other

Confidential Matter deemed proprietary or privileged by Defendant and filed in conjunction

with the various Motions for Summary Judgment and associated pleadings including, but not

limited to, attachments to Affidavits and avoid any argument of waiver.

That she has attempted to exhaust extra-judicial remedies.

      11.    That the parties have still not resolved the Stipulated Protective Order issue in

this matter and have exhausted extra-judicial remedies and requires the court's intervention.

      12     That she has first-hand knowledge of the above.

**FURTHER AFFIANT SAYETH NAUGHT.**

Jill T. O'Shea (0034692)

## NOTARY OF PUBLIC

Sworn to and subscribed in my presence this 1st day of August, 2003.

_Susan M Wolfram_
Notary Public

SUSAN M. WOLFRAM
Notary Public, State of Ohio
My Commission Expires Sept. 5, 2005

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served via hand-delivery this 1st day of August, 2003 to:

> Paul H. Tobias
> David D. Kammer
> TOBIAS, KRAUS & TORCHIA, LLP
> 414 Walnut Street
> Suite 911
> Cincinnati, OH  45202

I certify that a copy of the foregoing pleading was served via overnight mail this 1st day of August, 2003 to:

> David W. Sanford
> Eric Bachman
> Charles Dixon
> Gordon, Silberman, Wiggins & Childs, P.C.
> 7 DuPont Circle, N.W.
> Suite 200
> Washington, D.C.  20036

I certify that a copy of the foregoing pleading was served via regular mail this 1st day of August, 2003 to:

Grant E. Morris
Law Offices of Grant E. Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C. 20036

Jill T. O'Shea

Exhibit "A"

Cinergy Corp.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

*Via Hand Delivery*

JILL T. O'SHEA
Senior Counsel

September 30, 2002

Paul H. Tobias, Esq.
David D. Kammer, Esq.
TOBIAS, KRAUS & TORCHIA, LLP.
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202

**CINERGY.**

**FILE**

RE:    Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.
       Case No. C-1-01-378

Dear Paul:

I am enclosing a proposed Stipulated Protective Order to be filed in the above-captioned matter and an Affidavit.

Upon my review of my file and the court docket, I had forwarded the Stipulated Protective Order and Affidavit to Bill Whalen for his signature on May 14, 2002. It was never returned to me or filed with the court.

In light of the deposition of your clients commencing on this date, we require that the parties enter in to a Stipulated Protective Order for the reason that some exhibits may be marked which the defendant, Cinergy Corp., deems Confidential Matter. I will identify those documents at the time of the depositions.

The attached Stipulated Protective Order is standard. We can address same with the court on October 1, 2002 if there is any objections to same.

If you should have any questions, please feel free to contact me.

Very truly yours,

*Jill T. O'Shea*

Jill T. O'Shea
Senior Counsel

JTO:mlh

Cc:    David W. Sanford, Esq. (via facsimile and ordinary mail)
       Eric Bachman, Esq. (via facsimile and ordinary mail)
       Charles Dixon, Esq. (via facsimile and ordinary mail)
       Law Offices of Grant E. Morris, Esq. (via ordinary mail)

99219

Jill T. O'Shea  (0034692)
Attorney for Defendant,
Cinergy Corp.

IN THE UNITED STATES DISTRICT COURT
SOUTHWESTERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | : | CASE NO.  C-1-01-378 |
| | : | |
| Plaintiffs | : | (JUDGE DLOTT) |
| | : | |
| vs. | : | |
| | : | |
| CINERGY CORP. | : | STIPULATED |
| | : | PROTECTIVE ORDER |
| Defendant | : | |
| | : | |
| | : | |

WHEREAS, each party hereto claims that certain information and documents

which that party has or may be requested to provide in discovery in this action should be

kept confidential in order to protect the legitimate business or privacy interests of that

party;

**IT IS HEREBY STIPULATED AND ORDERED**, that during the pendency of

this action, or until this Order is amended or superseded, the parties and their counsel will

follow the procedures set forth below with respect to information and documents received

in discovery.

## I.  Confidential Matter

(a)     Any documents, plans, files or information, including, but not limited to,
personal files of defendant  (other than plaintiffs) or  other personnel
information concerning defendant's employees, deemed confidential by
the defendant shall be marked or stamped as such. With respect to multi-
page documents that contain Confidential Matter, the defendant may make
such a designation by marking only the first page thereof "confidential."
With respect to deposition testimony that constitutes or refers to
Confidential Matter, the defendant shall identify any matter which it
deems confidential at the time the deposition is taken and/or shall

designate any additional Confidential Matter inadvertently not identified as same during the deposition within fourteen (14) days of the receipt of the deposition transcript.

(b)    Any information or documents not designated as "confidential" shall not be covered by this Order, provided, however that inadvertent production of any documents without a designation of "Confidential" shall not itself be deemed a waiver of the party's claim of confidentiality as to such matter, and the party thereafter may designate the same as "Confidential" if it is Confidential Matter as defined by the Agreed Protective Order.

(c)    All Confidential Matter (including the existence of such matter) made available to counsel for the receiving party shall be treated by them as confidential for use solely in connection with this action, and such counsel acknowledges that such Confidential Matter is being divulged to them solely in their capacity as counsel in this action.

(d)    Except as otherwise provided in this Order, all Confidential Matter (including the existence of such matter) shall in no way be disclosed, disseminated, discussed, or delivered by counsel or the parties except to 1) the attorneys of record herein and their duly authorized legal, paralegal or stenographic employees, 2) expert witnesses and consultants retained in good faith to assist in connection with this action who are employed in connection with preparation for and trial of this litigation, 3) the parties to this litigation, 4) witnesses and prospective witnesses in trial or for purposes of preparation therefore and only to the extent necessary for such preparation, 5) deponents during the course of their depositions, 6) stenographic reporters of testimony in this litigation and the court before which it is pending or 7) other persons as ordered by a court of law. Any stenographically recorded testimony regarding Confidential Matter is subject to the same restrictions as the document themselves.

(e)    Prior to disclosing Confidential Matter to any persons enumerated in paragraph (d) above, counsel must first inform each such person that the documents to be disclosed contain Confidential Matter, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and, further, that these restrictions are imposed by a Court Order. Counsel shall obtain from each person reviewing Confidential Matter an affidavit in the form affixed hereto as Exhibit A.

(f)    Disclosure of Confidential Matter (including the existence thereof) shall not be made to any person or category of persons not included under the terms of this Order without the written consent of counsel for the producing party, unless permitted by Order of the Court, which consent will not be unreasonably withheld.

d)    With respect to copies, summaries, extracts and/or notes and/or portions of same that contain or reflect such materials and/or portions of same shall be returned to the producing party's respective counsel within sixty (60) days.

Nothing in this Protective Order shall be deemed a waiver of either party's right to oppose production of any documents or other tangible things or Answers to interrogatories or answers to deposition questions for lack of timeliness, relevance or materiality, or as privileged communication, or as trial preparation materials or as not reasonably calculated to lead to the discovery of admissible evidence.

This Order notwithstanding, any party may move the Court for an Order opposing additional restrictions upon discovery of confidential information or documents.

Confidential Matter shall be fully available to an independent mediator, the Court, court personnel, and court reporters reporting any proceeding herein subject to the terms of the Agreed Protective Order.

After the termination of this proceeding, this Order as to Confidential Matter shall continue to be binding upon the parties and all persons to whom Confidential Matter was disclosed or communicated.

EXHIBIT "A"

## **AFFIDAVIT**

I, _____, being first duly sworn, depose and

state as follows:

1. I have read and know the contents of the Stipulated Protective Order filed in Case No. C-1-
   01-378, <u>Billy Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.</u>
   filed in the United States District Court Southwestern District of Ohio Western Division on

   _____.


2. I have read and shall be fully bound by the terms of the Stipulated Protective Order.

3. I shall maintain in strict confidence all confidential matter disclosed to me pursuant to the
   Stipulated Protective Order and shall not disclose the contents or subject matter to anyone at
   any time other than in accordance with the Stipulated Protective Order.

4. Upon being notified of the termination of the above-entitled action, I shall comply with all
   provisions of ¶3 (a) – (c) of the Stipulated Protective Order as to the return and/or destruction
   of confidential matter.

5. I understand that the Court shall have continuing jurisdiction to enforce the provisions of the
   Stipulated Protective Order.

_____
Name

_____
Date

STATE OF _____ )


COUNTY OF _____ )


            Signed and sworn to before me on this _____ day of _____,
2002.

_____
Notary Public

93519

Exhibit "B"

Cinergy Corp.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

JILL T. O'SHEA
Senior Counsel

**Via Hand Delivery**

October 3, 2002

Paul H. Tobias, Esq.
David D. Kammer, Esq.
TOBIAS, KRAUS & TORCHIA, LLP.
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202

**CINERGY.**

RE:    Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.
       Case No. C-1-01-378

Dear Paul:

I am writing to follow up related to our conversations at the depositions of Bill Brantley,
Anthony Martin and Todd Tolbert in the above-captioned matter.

Per our discussion, we agreed to handle the documents marked as deposition exhibits
including, but not limited to, the medical records of your clients as being subject to a
Stipulated Protective Order until counsel can agree on the terms of the Stipulated
Protective Order. A proposed Stipulated Protective Order was hand-delivered to you on
September 30 prior to the commencement of Bill Brantley's deposition and forwarded via
facsimile to Mr. Sanford's office on that date. Per my correspondence, I previously
forwarded the Stipulated Protective Order and Affidavit to Bill Whalen for his signature
on May 14, 2002. It was never returned to me or filed with the court. I would like to
resolve the issue of a Stipulated Protective Order in advance of the court appearance on
October 28, 2002 or address any differences between the parties with Judge Dlott at that
time.

You suggested that a seven (7) hour limitation was applicable under the Rules of Civil
Procedure to the depositions of plaintiffs immediately at the start of Bill Brantley's
deposition. It is my position that the seven (7) hour rule should not be applied under the
circumstances of this case for the reason that it is a race discrimination suit with four
named plaintiffs who have worked at the company for many years with multiple
allegations against the company. As I indicated during our discussion, I have had only
one attorney in my years of practice raise the seven (7) hour limitation in an employment
suit and Judge Hogan denied the request. I also indicated that I would have addressed this
with the court in a pre-discovery meeting and/or the Preliminary Conference if you and
Washington D.C. counsel had been involved in the case at that time. It was not an issue
raised by prior counsel.

The depositions were continued in progress. I am interested in scheduling the
continuations as soon as possible. The deposition of Anthony Martin was close to being

completed. I am requesting that we set aside a half day to complete the deposition of Mr. Martin in light of the fact that you indicated that you would be questioning the witnesses.

I have a significant amount of additional material to cover with Mr. Brantley and Mr. Tolbert. I am interested in scheduling those individuals for a full day of deposition.

I am not in a position to agree to an arbitrary or set time limitation at this time in light of multiple variables including, but not limited to, delays by the witnesses in responding, additional allegations raised by the witnesses during the course of the depositions, the need to repeat questions to the witnesses, exchanges between counsel, etc.

I am presently available for deposition on the following dates and times:

| | |
|---|---|
| 10/9 | 8:00 a.m. to 3:30 p.m. |
| 10/10 | 11:00 a.m. to 3:30 p.m. |
| 10/14 | 8:00 a.m. to 3:30 p.m. |
| 10/15 | 8:00 a.m. to 3:30 p.m. |
| 10/16 | 8:00 a.m. to 3:30 p.m. |
| 10/17 | 8:00 a.m. to 3:30 p.m. |
| 10/21 | 8:00 a.m. to 3:30 p.m. |
| 10/24 | 8:00 a.m. to 3:30 p.m. |
| 10/29 | 8:00 a.m. to 3:30 p.m. |

I look forward to hearing from you.

Very truly yours,

Jill T. O'Shea
Senior Counsel

JTO:mlh

Cc:    David W. Sanford, Esq. (via facsimile and ordinary mail)
       Eric Bachman, Esq. (via facsimile and ordinary mail)
       Charles Dixon, Esq. (via facsimile and ordinary mail)
       Law Offices of Grant E. Morris, Esq. (via ordinary mail)

99386

Exhibit "C"

# TOBIAS, KRAUS & TORCHIA

911 MERCANTILE LIBRARY BUILDING
414 WALNUT STREET
CINCINNATI, OHIO 45202
—
(513) 241-8137
FAX (513) 241-7863
www.tktlaw.com

MARVIN H. KRAUS
PAUL H. TOBIAS
DAVID G. TORCHIA
SHARON J. SOBERS
DAVID D. KAMMER

OF COUNSEL
LEE HORNBERGER
—
THEODORE M. BERRY
1905-2000

October 7, 2002

Jill Thompson O'Shea, Esq.
Atrium II
139 East Fourth Street
P.O. Box 960
Cincinnati, Ohio 45201



RECEIVED
OCT - 9 2002
LEGAL DEPT.
CINERGY CORP.

Re:    Brantley, et al
vs.    Cinergy Corp.
    Case No. C-1-01-378

Dear Jill:

I can definitely agree on October 31, 2002 and November 5, 2002 for completion of Brantley and Tolbert depositions and October 17, 2002 until 1:00 p.m. for completion of Martin deposition.

At this time I cannot agree to the 8:00 a.m. start times; however, 9:00 a.m. is okay.

As I have said from the start we will continue to be fair, reasonable and cooperative concerning these depositions but we do not waive our right to invoke the 7 hour rule we if deem it appropriate. I do note your client inconsistently and shockingly wants to deny our clients any right whatsoever to any discovery – neither depositions nor documents etc.

Concerning the Protective Order, we too would like to resolve the issue in advance of October 28, 2002. We agreed to handle exhibits according to your proposed order prior to, but not beyond, October 28, 2002.

I'll be out of town until October 10, 2002.

Thank you for your cooperation.

Very truly yours,

Paul H. Tobias /pml

Paul H. Tobias
Dictated But Not Read

PHT:pml

Exhibit "D"

Cinergy Corp.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

*Via Facsimile and Ordinary Mail*

October 9, 2002

JILL T. O'SHEA
Senior Counsel

Paul H. Tobias, Esq.
David D. Kammer, Esq.
TOBIAS, KRAUS & TORCHIA, LLP.
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202



RE:    Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.
       Case No. C-1-01-378

Dear Paul:

I am writing to acknowledge receipt of your October 7, 2002 ordinary mail correspondence on this date in the above-captioned matter.

My October 3, 2002 hand-delivery correspondence listed the following dates and times for rescheduling the continuation of the depositions of plaintiffs:

| | |
|---|---|
| 10/9 | 8:00 a.m. to 3:30 p.m. |
| 10/10 | 11:00 a.m. to 3:30 p.m. |
| 10/14 | 8:00 a.m. to 3:30 p.m. |
| 10/15 | 8:00 a.m. to 3:30 p.m. |
| 10/16 | 8:00 a.m. to 3:30 p.m. |
| 10/17 | 8:00 a.m. to 3:30 p.m. |
| 10/21 | 8:00 a.m. to 3:30 p.m. |
| 10/24 | 8:00 a.m. to 3:30 p.m. |
| 10/29 | 8:00 a.m. to 3:30 p.m. |

Unfortunately, since that time, I have developed a conflict on the morning of October 17, 2002. Accordingly, the date is no longer available to complete the continuation of the deposition of Anthony Martin.

I am not available on October 31 for a supplemental deposition of Bill Brantley or Todd Tolbert due to a conflict on that date as well. That was not a date I provided in my October 3, 2002 correspondence. I am available the entire date on Tuesday, November 5, 2002 and a 9:00 a.m. start time is acceptable. Accordingly, I would like to schedule the continuation of the deposition of Bill Brantley on that date at 9:00 a.m. at your offices. If you require a Second Amended Notice to Take Deposition to be filed with the court, please advise. Our office will retain the services of a court reporter and videographer.

With respect to the scheduling of the continuation of the depositions of Anthony Martin and Todd Tolbert, if you are not available as to any of the above dates identified in my earlier October 3, 2002 correspondence, I am available on the following subsequent dates and times:

99619

11/4    8:00 a.m. to 3:30 p.m.
11/11   8:00 a.m. to 3:30 p.m.
11/13   8:00 a.m. to 3:30 p.m.
11/14   8:00 a.m. to 3:30 p.m.
11/18   8:00 a.m. to 3:30 p.m.
11/25   8:00 a.m. to 3:30 p.m.

Again, we requested these depositions timely within the discovery cut-off period and could not pursue same due to the conduct of Washington D.C. counsel and subsequently your unavailability in rescheduling.

Your statement "I do note your client inconsistently and shockingly wants to deny our clients any rights whatsoever to any discovery - neither depositions nor documents etc. " is unfounded and inappropriate under the circumstances. Again, the case has been pending for over a year and four months and Washington D. C. counsel had the opportunity to conduct discovery for a period of just less than four months within the discovery cut-off and pursued no discovery whatsoever in that time frame. Thus, our position that your clients are not entitled to an extension of the discovery cut-off is supported by the record in this matter.

With respect to the Stipulated Protective Order, counsel has had the opportunity to review the proposed Stipulated Protective Order since September 30, 2002, a period of ten days. I am writing to inquire as to the delay in the approval of the proposed order or submitting a proposed alternative. With respect to the statement that "We agreed to handle exhibits according to our proposed order prior to, but not beyond, October 28, 2002", we will need to address this issue with the court if not resolved by the October 28 court appearance. I am hopeful that this will not be necessary since you will have had our proposed Stipulated Protective Order for just less than a month at that time.

I look forward to hearing from you as to alternate dates. I suggest that we accomplish the scheduling of the continuation of the depositions by a phone call in order to avoid conflicts as a result of scheduling in other matters in the interim.

Very truly yours,

Jill T. O'Shea
Senior Counsel

JTO:mlh

Cc:    David W. Sanford, Esq. (via facsimile and ordinary mail)
       Eric Bachman, Esq. (via facsimile and ordinary mail)
       Charles Dixon, Esq. (via facsimile and ordinary mail)
       Law Offices of Grant E. Morris, Esq. (via ordinary mail)

99619

# TOBIAS, KRAUS & TORCHIA

911 MERCANTILE LIBRARY BUILDING
414 WALNUT STREET
CINCINNATI, OHIO 45202
—
(513) 241-8137
FAX (513) 241-7863
www.tktlaw.com

MARVIN H. KRAUS
PAUL H. TOBIAS
DAVID G. TORCHIA
SHARON J. SOBERS
DAVID D. KAMMER

OF COUNSEL
LEE HORNBERGER
—
THEODORE M. BERRY
1905-2000

October 23, 2002

Jill Thompson O'Shea, Esq.
Atrium II
139 East Fourth Street
P.O. Box 960
Cincinnati, Ohio 45201

                              Re:     Brantley, et al
                              vs.     Cinergy Corp.
                                      Case No. C-1-01-378

Dear Jill:

     Concerning the proposed Protective Order, I note that under Paragraph I(a) you have sole discretion to deem any document as confidential.  So far you have not designated or identified any information or testimony as confidential.

     We deem the proposed Protective Order far too broad.

     We are of course willing, from time to time, to agree on an ad hoc basis that certain documents e.g. medical records, matters of a very personal and private nature, should be deemed confidential.

     We can discuss this matter in more detail on October 28, 2002.

                              Very truly yours,

                              Paul H. Tobias

PHT:pml

cc:     Dave Sanford, Esq.

Exhibit "F"

Cinergy Corp.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

*Via Facsimile and Ordinary Mail*

October 24, 2002

JILL T. O'SHEA
Senior Counsel

Paul H. Tobias, Esq.
David D. Kammer, Esq.
TOBIAS, KRAUS & TORCHIA, LLP.
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202

**CINERGY**®

RE:    <u>Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.</u>
        Case No. C-1-01-378

Dear Paul:

I am writing to acknowledge receipt of your October 23, 2002 facsimile correspondence which addresses for the first time the Stipulated Protective Order which was hand-delivered to you on September 30, 2002.

You state "We deem the proposed Protective Order far too broad." The proposed Stipulated Protective Order is standard and has been utilized in multiple employment suits in which I have been involved over the years in the Federal District Court for the Southern District Of Ohio including several cases involving attorneys from your office. However, you did not submit any alternative language or a Proposed Stipulated Protective Order in response.

I am enclosing a revised Stipulated Protective Order with language which addresses your concerns as to Paragraph 1(a). You suggest that Paragraph 1(a) affords us sole discretion to deem any document as confidential. Your correspondence ignores that language in the introductory paragraph of the Order which provides "Whereas, each party hereto claims that certain information and documents which that party has or may be requested to provide in discovery in this action should be kept confidential in order to protect the legitimate business or privacy interests of that party". Notwithstanding same, the proposed alternative language is bolded on the attached revised Stipulated Protective Order.

We can not agree to your suggestion that you are willing to agree on an ad hoc basis that certain documents "e.g. medical records, matters of a very personal and private nature, should be deemed confidential." Your proposed "ad hoc" approach ignores proprietary and confidential company information and personnel records that courts routinely recognize as confidential.

Moreover, the language of the Stipulated Protective Order further provides, "This Order notwithstanding, any party may move the Court for an Order opposing additional restrictions upon discovery of confidential information or documents." I have revised this language in the Stipulated Protective Order as well to address any disagreement between

100254

the parties as to a party's designation of confidential matter if not resolved extra-judicially. This would have been an option to the parties at all times notwithstanding the language of the Order.

We have inserted the following language:

> This Order notwithstanding, any party may move the Court for an Order opposing additional restrictions upon discovery of confidential information or documents **or for an Order opposing any party's designation of materials as Confidential Matter.**

Your statement "So far you have not designated or identified any information or testimony as confidential" is incorrect. We specifically discussed at the depositions of your clients that the exhibits would be deemed confidential until October 28, 2002 in the event that the parties could not agree to the language of the Stipulated Protective Order. My October 3, 2002 hand-delivered correspondence expressly states as follows:

> Per our discussion, we agreed to handle the documents marked as deposition exhibits including, but not limited to, the medical records of your clients as being subject to a Stipulated Protective Order until counsel can agree on the terms of the Stipulated Protective Order.

Again, due to the delays in Washington D.C. counsel entering an appearance in this case, this issue would have long since been resolved and well in advance of the depositions of plaintiffs. It will be necessary for us to address the Stipulated Protective Order and your position as to the seven hour rule with the court if these issues can not be resolved extra-judicially.

If you should have any questions, please feel free to contact me.

Very truly yours,

Jill T. O'Shea
Senior Counsel

JTO:mlh

Cc:    David W. Sanford, Esq. (via facsimile and ordinary mail)
       Eric Bachman, Esq. (via facsimile and ordinary mail)
       Charles Dixon, Esq. (via facsimile and ordinary mail)
       Law Offices of Grant E. Morris, Esq. (via ordinary mail)

Jill T. O'Shea (0034692)
Attorney for Defendant,
Cinergy Corp.

IN THE UNITED STATES DISTRICT COURT
SOUTHWESTERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY BRANTLEY, et al.                  :       CASE NO.  C-1-01-378
                                        :
            Plaintiffs                  :       (JUDGE DLOTT)
                                        :
      vs.                               :
                                        :
CINERGY CORP.                           :       STIPULATED
                                        :       PROTECTIVE ORDER
            Defendant                   :
                                        :
                                        :

WHEREAS, each party hereto claims that certain information and documents

which that party has or may be requested to provide in discovery in this action should be

kept confidential in order to protect the legitimate business or privacy interests of that

party;

**IT IS HEREBY STIPULATED AND ORDERED**, that during the pendency of

this action, or until this Order is amended or superseded, the parties and their counsel will

follow the procedures set forth below with respect to information and documents received

in discovery.

I.   **Confidential Matter**

(a)     **Any documents, plans, files or information deemed confidential by
        the parties shall be marked or stamped as such, including, but not
        limited to, personnel files of defendant (other than plaintiffs), other
        personnel information concerning defendant's employees or
        proprietary and confidential company documents deemed confidential
        by the defendant or medical, counseling or financial records of
        plaintiffs shall be marked or stamped as such.** With respect to multi-
        page documents that contain Confidential Matter, the **parties** may make
        such a designation by marking only the first page thereof "confidential."

Exhibit "G"

.nergy Services, Inc.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

JILL T. O'SHEA
Associate General Counsel

*Via Ordinary Mail*

March 27, 2003



David Sanford, Esq.
Gordon, Silberman, Wiggins & Childs
7 Dupont Circle N.W.
Washington D.C. 20007

Paul H. Tobias, Esq.
David D. Kammer, Esq.
TOBIAS, KRAUS & TORCHIA, LLP.
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202

RE:    Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.
       Case No. C-1-01-378

Dear Counsel:

Enclosed please find the following pleadings in the above-captioned matter:

1.  Defendant, Cinergy Corp.'s, Responses to Plaintiffs, Billy Brantley, et al., First
    Set of Interrogatories

2.  Defendant, Cinergy Corp.'s, Responses to Plaintiffs, Billy Brantley, et al., First
    Set of Request for Production of Documents

Per our general objection #5 of Defendant, Cinergy Corp.'s, Responses to Plaintiffs, Billy
Brantley, et al., First Set of Request for Production of Documents, we shall make
available for inspection at the offices of Cinergy Services, Inc., 221 East Fifth Street,
Cincinnati, Ohio 45201 or provide copies of the Bates-Stamped Documents at the request
and cost of plaintiffs subject to a Stipulated Protective Order agreed upon between the
parties and/or by Order of the Court.

We have reviewed your handwritten revisions to the Stipulated Protective Order in the
context of the Brantley, Reed and Smith suits. In light of the separate and distinct nature
of the claims between the suits as evidenced in our Memorandum In Opposition to
Motion to Consolidate and various Motions to Sever, we are not willing to agree to your
proposed language that all confidential matter produced in the Brantley suit shall be
subject to use in any of the three lawsuits. It is further our position that "Item II. Use of

106256

Documents Filed with Court" and an Affidavit are both necessary and appropriate in an employment suit of this nature. Thus, it appears as if we will need to address same with Judge Dlott.

We look forward to hearing from you.

Very truly yours,

*Jim T. O'Shea*

Jim T. O'Shea
Associate General Counsel

JTO:mlh

Cc:    Law Offices of Grant E. Morris, Esq.

106256