IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | : | Case No.    C-1-01-378 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| vs. | : | |
| | : | |
| CINERGY CORP. | : | AFFIDAVIT OF JILL T. |
| | : | O'SHEA, ESQ. |
| Defendant. | : | |

Comes now affiant, Jill T. O'Shea, after being duly cautioned and sworn, deposes and

states as follows:

    1.    That she is an attorney licensed to practice law in the State of Ohio and in the

Southern District of Ohio.

    2.    That she represents the Defendant, Cinergy Corp., in the above-captioned

matter.

    3.    That as counsel for Defendant, Cinergy Corp., she is familiar with Judge

Dlott's court rules related to deciding discovery disputes orally by phone call or conference

with the court without the filing of written motions and that after conferring with Judge

Dlott's law clerk on this procedural issue, she is filing within Motion to Compel to preserve

Defendant, Cinergy Corp.'s, rights to pursue this discovery outside of the discovery cut-off

consistent with the language of the June 2, 2003 Agreed Entry Extending Motion for

Summary Judgment Deadline and Briefing Schedule which provides, in pertinent part, as follows:

> Plaintiffs further agree that plaintiffs waive any objection to Defendant, Cinergy Corp., filing a Motion to Compel on or before July 1, 2003 and after the expiration of the discovery cut-off of May 30, 2003 as to the defendant's outstanding request for supplementation of plaintiffs' responses to Defendant, Cinergy Corp.'s, First Set of Interrogatories and Request for Production of Documents Propounded to Each Named Plaintiff.

4.    That on or about January 31, 2003, correspondence was forwarded via facsimile and ordinary mail to Plaintiffs' Counsel, Paul Tobias, David Sanford and Grant E. Morris, requesting supplementation of Plaintiffs' discovery responses and enclosing Defendant, Cinergy Corp.'s Second Set of Interrogatories and Request for Production of Documents Propounded to named plaintiffs and that Exhibit "A" is a true and accurate copy of same.

5.    That on or about March 31, 2003, defendant received Plaintiffs' Responses to Defendant's Second Set of Interrogatories and Request for Production of Documents which did not include supplementation of each named Plaintiff's Responses to Defendant's First Set of Interrogatories and Request for Production of Documents.

6.    That on or about March 31, 2003, correspondence was forwarded via facsimile and ordinary mail to Plaintiffs' Counsel requesting supplementation of Defendant's First Set of Interrogatories and Request for Production of Documents Propounded to each named plaintiff on or before April 14, 2003 and that Exhibit "B" is a true and accurate copy of same.

7.    That on or about April 28, 2003, correspondence was forwarded via facsimile and ordinary mail to Plaintiffs' Counsel again requesting supplementation of Defendant, Cinergy Corp.'s First Set of Interrogatories and Request for Production of Documents

Propounded to each named plaintiff on or before the mediation scheduled on May 19-20, 2003 and that Exhibit "C" is a true and accurate copy of same.

8.    That on or about April 29, 2003, defendant received supplementation of Plaintiffs' Responses to Defendant, Cinergy Corp.'s First Set of Interrogatories and Request for Production of Documents and that Exhibit "D" is a true and accurate copy of same.

9.    That on or about April 30, 2003, correspondence was forwarded via facsimile and ordinary mail to Plaintiffs' Counsel requesting supplementation of discovery on the grounds that the responses were incomplete or evasive in violation of Rule 26(a) of the Federal Rules of Civil Procedure and that Exhibit "E" is a true and accurate copy of same.

10.    That on or about May 27, 2003, correspondence was forwarded via facsimile and ordinary mail to Plaintiffs' Counsel requesting supplementation of Plaintiffs' Responses to Defendant, Cinergy Corp.'s First Set of Interrogatories and Request for Production of Documents to each named plaintiff by June 19, 2003 and that Exhibit "F" is a true and accurate copy of same.

11.    To date, each named Plaintiff has not supplemented his responses to Defendant, Cinergy Corp.'s, First Set of Interrogatories and Request for Production of Documents to Each Named Plaintiff, nor produced executed medical authorizations or authorizations to inspect personnel files.

12.    That she has attempted to exhaust extra-judicial remedies.

13.    That she will request a phone conference with the court on this discovery dispute in the event that ongoing settlement discussions fail.

14.    That she has first-hand knowledge of the above.

#110447

**FURTHER AFFIANT SAYETH NAUGHT.**

Jill T. O'Shea (0034692)

**NOTARY OF PUBLIC**

Sworn to and subscribed in my presence this 30th day of June, 2003.

Notary Public

SUSAN M. WOLFRAM
Notary Public, State of Ohio
My Commission Expires Sept. 5, 2005

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was served via ordinary mail this 30th day of June, 2003 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH 45202


David W. Sanford
Eric Bachman
Charles Dixon
GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
7 DuPont Circle
Washington, D.C. 20036

#110447

Grant E. Morris (via ordinary mail only)
LAW OFFICES OF GRANT E. MORRIS
7 DuPont Circle
Suite 250
Washington, D.C.  20036

_Jill T. O'Shea_

#110447