Exhibit "E"

Cinergy Services, Inc.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

JILL T. O'SHEA
Associate General Counsel

*Via Facsimile and Ordinary Mail*

April 30, 2003



David Sanford, Esq.
Gordon, Silberman, Wiggins & Childs
7 Dupont Circle N.W.
Washington D.C. 20007

Paul H. Tobias, Esq.
David D. Kammer, Esq.
TOBIAS, KRAUS & TORCHIA, LLP.
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202

RE:    Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.
       Case No. C-1-01-378

Dear Counsel:

I am writing to acknowledge receipt of your April 29, 2003 facsimile correspondence in the above-captioned responding to our outstanding request for supplementation of your clients' responses to Defendant, Cinergy Corp.'s, First Set of Interrogatories and Request for Production of Documents to each named plaintiff as originally outlined in our January 31, 2003 correspondence.

## PLAINTIFF, BILLY BRANTLEY

With respect to plaintiff, Bill Brantley, we are writing to reiterate our requests to the following discovery on the grounds that your responses are incomplete or evasive in violation of Rule 26(a) of the Federal Rules of Civil Procedure.

### Request for Production No. 18

Please produce all handbooks, manuals, leaflets, procedures, guidelines, memos, bulletins, directives or other documents on which you directly or indirectly rely in this legal action.

Please supplement your response. Bill Brantley testified at his deposition Vol. II that he found documents from sating back to Western Hills and a lot of things given to him on

107719

page 194 including, but not limited to, recent diversity notes referenced on page 195 and accident reports referenced on page 196.

I also formally requested copies of the documents reviewed by Mr. Brantley since his last deposition at the 11/5/02 deposition (see page 196). You provided no supplementation related to same.

**We are also writing to request that you supplement Plaintiff, Billy Brantley's, responses to the following:**

**Interrogatory No. 8**

State in detail the amount of money expended by and/or presently owing by you for medical and/or psychological examination, counseling and/or treatment in connection with the incidents claimed in your complaint, including the name and present address of the person or entity to whom each such expense was paid or is at present owing.

ANSWER: Detailed amount is unknown at this time. Records are being procured.

**Interrogatory No. 15**

State the basis, all facts, the names and addresses of all witnesses and identify all documents you intend to use to substantiate your claim in paragraph 13 of your Complaint that "Defendant excludes all, or substantially all, African Americans including the named complainants from supervisory, managerial, and professional jobs based on their race.

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED

**Request for Production No. 2**

Produce your federal, state and local income tax returns and attachments thereto, including, but not limited to W-2 Forms, for the last five (5) years and all wage receipts, pay stubs or other documentation evidencing your income for the present year.

ANSWER: WILL SUPPLEMENT

**Request for Production No. 5**

Please produce the complete medical records of your family physician(s) for the last ten (10) years identified in response to Interrogatory No. 17 (in lieu of producing such records, execute the medical authorization form(s) attached hereto).

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED *

* In response to Interrogatory Nos. 7(a) and 10, you responded "SEE MEDICAL REPORTS OBTAINED THROUGH MEDICAL INFORMATION AUTHORIZATION."

We obtained your client's records from Ken Robinson, M.D. in April 2002. We require supplementation of these medical records to the present. Please produce the supplemental records or an executed medical authorization form.

**Request for Production No. 6**

Please produce the complete medical records of each and every physician, psychiatrist and/or other practitioner identified in response to Interrogatory Nos. 6 and 7 inclusive (in lieu of producing such records, execute the medical authorization form(s) attached hereto).

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED

We obtained your client's records with Burton W. Evans M.D. and Jacqueline A. Kinard, PhD. in April 2002. We require supplementation of these medical records to the present. Please produce the supplemental records or an executed medical authorization form.

**Request for Production No. 7**

Please produce copies of any and all bills, invoices, statements, cancelled checks receipts or any other documentation of any other expenses claimed by you to have been incurred as a result of the incident or incidents complained of in your complaint.

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED

**Request for Production No. 26**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 11 of your Complaint that you suffer from "substantial losses in earnings and job benefits.

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED

**Request for Production No. 29**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 15 of your Complaint that defendant's "disciplinary procedures were pressure (sic), humiliating, degrading than those disciplinary procedures for white male employees"

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED

## PLAINTIFF, RODNEY JONES

With respect to plaintiff, Rodney Jones, we are writing to reiterate our requests to the following discovery on the grounds that your responses are incomplete or evasive in violation of Rule 26(a) of the Federal Rules of Civil Procedure.

107719

**Request for Production No. 2**

Produce your federal, state and local income tax returns and attachments thereto, including, but not limited to W-2 Forms, for the last five (5) years and all wage receipts, pay stubs or other documentation evidencing your income for the present year.

The sole document produced in response to this request was a single pay stub for the pay period ending 3/19/00. You failed to respond to our specific request for your client's W-2's for the years 2001 and 2002 and your client's tax returns for the year 2001 and 2002. In addition, please produce copies of Mr. Jones' W-2's for the years 1998-2000 related to his work as the part time youth minister at Tried Stone Missionary Baptist Church referenced on page 9 of his deposition. In addition, please produce copies of any and all tax forms reporting Mr. Jones' income from cutting grass in the years 2001 and 2002 referenced on pp. 230-231 of your deposition. We are also interested in pay stubs for the year 2003 to the present.

**We are also writing to request that you supplement Plaintiff, Rodney Jones', responses to the following:**

**Interrogatory No. 12**

State the basis, all facts, the names and addresses of all witnesses and identify all documents you intend to use to substantiate your claim in paragraph 11 of your Complaint that "you suffer substantial losses in earnings and benefits".

ANSWER: Records are being procured.

**Request for Production Nos. 5 and 6**

Please produce the complete medical records of your family physician(s) for the last ten (10) years identified in response to Interrogatory No. 17 (in lieu of producing such records, execute the medical authorization form(s) attached hereto).

Please produce the complete medical records of each and every physician, psychiatrist and/or other practitioner identified in response to Interrogatory Nos. 6 and 7 inclusive (in lieu of producing such records, execute the medical authorization form(s) attached hereto).

ANSWER: Will supplement when acquired *

* In response to Interrogatory Nos. 7(a), 7(c) and 10, you responded "Refer to Medical records." We obtained your client's records with Drs. Cobb and Nichols on or about April 2002. We require supplementation of these medical records to the present. Please produce the supplemental records or an executed medical authorization form.

**Request for Production No. 22**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 2 of your Complaint that defendant limits "the number of African Americans who are employed."

107719

ANSWER:    Will supplement when acquired.

**Request for Production No. 23**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 5 of your Complaint that defendant's disciplinary actions are "more severe, restrictive and leadings to discharge, which is different that the policies and more severe than the policies for the white males."

ANSWER:    Will supplement when acquired.

**Request for Production No. 24**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 7(A) of your Complaint that "Defendant maintains jobs, classifications, departments and sub-departments that are segregated on the basis of race."

ANSWER:    Will supplement when acquired.

**Request for Production No. 25**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 7 (B) of your Complaint that "Defendant depresses all wages of African American employees on the basis of race by assigning them to positions and not allowing them to rise through the ranks."

ANSWER:    Will supplement when acquired.

**Request for Production No. 27**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 13 of your Complaint that defendant exclude you and/or other African Americans "from supervisory, managerial, and professional jobs on the basis of their race."

ANSWER:    Will supplement when acquired.

**Request for Production No. 29**

Please produce all documents which pertain, refer or relate to your allegations in paragraph 15 of your Complaint that defendant's "disciplinary procedures were pressure (sic), humiliating, degrading than those disciplinary procedures for the white male employees."

ANSWER:    Will supplement when acquired.

**Request for Production No. 30**

Please produce all documents which pertain, refer or relate to each and every conduct and/or incident identified in your response to Interrogatory No. 24.

ANSWER:    Will supplement when acquired.

## PLAINTIFF, TODD TOLBERT

With respect to plaintiff, Todd Tolbert, we are writing to reiterate our requests to the following discovery on the grounds that your responses are incomplete or evasive in violation of Rule 26(a) of the Federal Rules of Civil Procedure.

**Interrogatory No. 8**

State in detail the amount of money expended by and/or presently owing by you for medical and/or psychological examination, counseling and/or treatment in connection with the incidents claimed in your complaint, including the name and present address of the person or entity to whom each such expense was paid or is at present owing.

Please supplement your response which states "State in detail the amount of money expended by and/or presently owing by you for medical and/or psychological examination, counseling and/or treatment in connection with the incidents claimed in your complaint, including the name and present address of the person or entity to whom each such expense was paid or is at present owing." Your response was "WILL FORWARD MEDICAL RECORDS WHEN ACQUIRED."

**Interrogatory No. 9**

State in the monetary amount and in detail every other expense claimed by you to have been incurred as a result of the incident or incidents complained of in your Complaint.

We require the detailed "accounting of his expenses incurred as a result of the incident(s) complained of in his Complaint" in advance of the mediation.

**We are also writing to request that you supplement Plaintiff, Todd Tolbert's, responses to the following:**

**Request for Production No. 2**

Produce your federal, state and local income tax returns and attachments thereto, including, but not limited to W-2 Forms, for the last five (5) years and all wage receipts, pay stubs or other documentation evidencing your income for the present year.

ANSWER: WILL SUPPLEMENT

107719

**Request for Production Nos. 5 and 6**

Please produce the complete medical records of your family physician(s) for the last ten (10) years identified in response to Interrogatory No. 17 ( in lieu of producing such records, execute the medical authorization form(s) attached hereto).

Please produce the complete medical records of each and every physician, psychiatrist and/or other practitioner identified in response to Interrogatory Nos. 6 and 7 inclusive ( in lieu of producing such records, execute the medical authorization form(s) attached hereto).

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED *

* In response to Interrogatory Nos. 7(a), 7(c) and 10, you responded "Will forward when acquired".

We obtained your client's records with Cyna Khalily, M.D., John B. Hines, LISW CCDC IIIE, Robert Smith, M.D. of Group Health Associates, Norma Townslee, RDD, Dietitian and Christopher Hayner, M.D. of Sleepcare Diagnostic, Inc on or about April 2002. We require supplementation of these medical records to the present. We are also interested in copies of any and all records from Cyna Khalily, M.D. as to Mr. Tolbert's spouse and any records of treating counselors or physicians from AMEND and Concern/EAP.

## PLAINTIFF, ANTHONY MARTIN

With respect to plaintiff, Anthony Martin, we are writing to reiterate our requests to the following discovery on the grounds that your responses are incomplete or evasive in violation of Rule 26(a) of the Federal Rules of Civil Procedure.

**Interrogatory No. 1**

State the name and present or last known address and telephone number of each person whom you will or expect to call as an expert witness during the trial of this matter, and provide a summary of the opinions to be rendered by each such expert witness. Also, list the qualifications of each expert witness or, alternatively, attach a copy of a curriculum vitae of each such witness.

Please supplement your response. Your response that "Plaintiff's expert witnesses will testify in support of Plaintiff Anthony Martin's claims of race discrimination is evasive and non-responsive and plaintiff has failed to comply with pursuant to Rule 26(2)(B).

**We are also writing to request that you supplement Plaintiff, Anthony Martin's, responses to the following:**

**Request for Production Nos. 5 and 6**

Please produce the complete medical records of your family physician(s) for the last ten (10) years identified in response to Interrogatory No. 17 (in lieu of producing such records, execute the medical authorization form(s) attached hereto).

Please produce the complete medical records of each and every physician, psychiatrist and/or other practitioner identified in response to Interrogatory Nos. 6 and 7 inclusive (in lieu of producing such records, execute the medical authorization form(s) attached hereto).

ANSWER: WILL SUPPLEMENT WHEN ACQUIRED

We obtained your client's records with Robert Smith, M.D., of Group Health Associates, Steven Dumbauld, M.D., of Tri-State Nephrology Center, Michael A, Cardi, M.D., Chris Hayner of Sleepcare Diagnostic, Inc., Matthew Merz, M.D., David Lester and Donna M. Maier, Ph.D., on or about April 2002. We require supplementation of these medical records to the present. We are also interested in copies of any and all records from Maggie Kuhn, Ph.D., of Clifton Pharmacy. Please produce the supplemental records or an executed medical authorization form.

We look forward to receipt of the supplementation in advance of the mediation.

Very truly yours,

*John T. O'Shea*

John T. O'Shea
Associate General Counsel

JTO:mlh

Cc:    Law Offices of Grant E. Morris, Esq.

Exhibit "F"

Cinergy Services, Inc.
139 East Fourth Street
Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2062
Fax 513.287.3810

JILL T. O'SHEA
Associate General Counsel

*Via Facsimile and Ordinary Mail*

May 27, 2003



David Sanford, Esq.
Gordon, Silberman, Wiggins & Childs
7 Dupont Circle N.W.
Suite 200
Washington D.C. 20007

RE:     Bill Brantley, Todd Tolbert, Rodney Jones and Anthony Martin v. Cinergy Corp.
        Case No. C-1-01-378

Dear David:

Per our discussions at the May 19-20, 2003 Mediation, enclosed please find a proposed
Agreed Entry Extending Motion for Summary Judgment Deadline and Briefing Schedule
to be filed in the above-captioned matter. We have also included language that Plaintiffs
"waive any objection to Defendant, Cinergy Corp., filing a Motion to Compel on or
before July 1, 2003 and after the expiration of the discovery cut-off of May 30, 2003 as to
the defendant's outstanding request for supplementation of plaintiffs' responses to
Defendant, Cinergy Corp.'s, First Set of Interrogatories and Request for Production of
Documents Propounded to Each Named Plaintiff". We require your immediate response
in order to ascertain if it will be necessary for us to file a Motion to Compel with the
court this week prior to May 30, 2003 discovery cut-off.

In this regard, I am also writing to follow up related to our outstanding request for
supplementation of your clients' responses to Defendant, Cinergy Corp.'s, First Set of
Interrogatories and Request for Production of Documents to each named plaintiff as
originally outlined in our January 31, 2003 correspondence and reiterated in our April 30,
2003 correspondence (the latter attached hereto for your convenience). Again, we are
interested in this information prior to the continuation of the mediation on June 19, 2003.

108795

We look forward to your immediate response.

Very truly yours,

Jim T. O'Shea
Associate General Counsel

JTO:mlh

Cc:     Law Offices of Grant E. Morris, Esq. (via ordinary mail)
        Paul H. Tobias, Esq.  (via facsimile and ordinary mail)
        David D. Kammer, Esq. (via facsimile and ordinary mail)

108795

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY BRANTLEY, et al.     :   Case No.   C-1-01-378
             :
     Plaintiffs,     :   Judge Susan J. Dlott
             :
  vs.           :
             :   AGREED ENTRY EXTENDING
CINERGY CORP.      :   MOTION FOR SUMMARY
             :   JUDGMENT DEADLINE AND
     Defendant.    :   BRIEFING SCHEDULE
             :

   With consent of counsel and the court being in all respects duly and sufficiently advised, **IT BE AND IS HEREBY ORDERED** that the following deadlines be extended in order for the parties to pursue the potential for settlement at a supplemental mediation scheduled on June 19, 2003:

    08/01/03   Dispositive Motion Deadline not directed to the pleadings
    08/25/03   Memoranda Contra Due
    09/08/03   Reply Memoranda Due

Plaintiffs further agree that plaintiffs waive any objection to Defendant, Cinergy Corp., filing a Motion to Compel on or before July 1, 2003 and after the expiration of the discovery cut-off of May 30, 2003 as to the defendant's outstanding request for supplementation of plaintiffs' responses to Defendant, Cinergy Corp.'s, First Set of Interrogatories and Request for Production of Documents Propounded to Each Named Plaintiff. There being no further delay to the remainder of the Court's Scheduling Order deadlines.

          _____
          Susan J. Dlott, Judge
          United States District Court

Doc. #105898

Jill T. O'Shea (0034692)
Attorney for Defendant
Cinergy Corp.
139 East 4th Street, 25 Atrium II
P. O. Box 960
Cincinnati, Ohio 45201-0960
513-287-2062


Paul H. Tobias (0032415)
David D. Kammer (0061808)
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, Ohio 45202
513-241-8137


David W. Sanford
Eric Bachman
Charles Dixon
GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
7 DuPont Circle
Suite 200
Washington, D.C. 20036


Grant E. Morris
LAW OFFICES OF GRANT E. MORRIS
7 DuPont Circle
Suite 250
Washington, D.C. 20036

Doc 108794                                         2