IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | : | Case No. C-I-01-861 |
| Plaintiffs, | : | Judge Susan J. Dlott |
| vs. | : | |
| CINERGY CORP. | : | AFFIDAVIT OF JIM O'CONNOR |
| Defendant. | : | |

STATE OF OHIO       )
                    )ss.
COUNTY OF HAMILTON  )

Comes now affiant, Jim O'Connor, after being duly cautioned and sworn, deposes and states as follows:

1. That I am presently employed by Cinergy Services, Inc. in the position of General Manager of Human Resources and Employee Relations in the Regulated Business Units which includes The Cincinnati Gas & Electric Company ("CG&E") and its operating utility subsidiaries from January 2003 to the present. My responsibilities in this position include oversight of safety and health, recruiting, staffing, technical training, and interpretation of contact language and most recently compliance services.

2. That I was previously was employed in the positions of Manager, Labor Relations and Safety from February 1997 to July 1997, Business Unit Representative (Manager of Human Resources) from July 1997 to August 2000, General Manager, Human Resources, Regulated Business Unit, August 2000 to May 2002 and General

111828

Manager, Human Resources and Site Services, June 2002 to December 2002. My job responsibilities in these positions have included oversight of safety and health, technical training, interpretation of union contracts and management representative during labor negotiations recruiting and staffing.

3. That I have knowledge of the employees and services performed by the various corporate entities, including but not limited to, Cinergy Corp. ("Cinergy") and CG&E and its operating utility subsidiaries.

4. That CG&E, together with its subsidiaries, The Union Light Heat & Power Company ("ULH&P") and Lawrenceburg Gas Company ("LG") are primarily engaged in providing retail electric and natural gas services to residential, commercial, and industrial customers in the southwestern portion of Ohio, and adjacent areas in Kentucky and Indiana, including the Greater Cincinnati area.

5. That CG&E and its subsidiaries generally further divide their employees based on the specific geographic area being served, the type of utility (gas or electric) involved, and the type of work being done.

6. That CG&E and its subsidiaries are divided into various business departments such as the Electric T&D C&M, Gas Operations, Billing & Metering, Customer Contact Group, Customer Relations, among others with different Vice Presidents, middle level managers and supervisors.

7. That the various business departments have different organizational and promotional charts, training and promotional requirements, written tests, etc.

8. That Cinergy does not directly employ any personnel.

9. That Plaintiffs, Billy Brantley, Todd Tolbert, Anthony Martin and Rodney V. Jones have never been employed with Cinergy.

111828                                    2

10. That I have knowledge of the union structure related to CG&E and its subsidiaries.

11. That CG&E and its subsidiaries have both unionized and non-unionized employees.

12. Unionized employees are governed by the relevant collective bargaining agreement between their union and CG&E whereas non-unionized or exempt employees are not governed by the terms of a collective bargaining agreement.

13. Employees of CG&E and its subsidiaries belong to one of two unions: The United Steel Workers of America ("USWA") or The International Brotherhood of Electrical Workers ("IBEW") or The Utility Workers Union of America/Independent Utilities Union Local 600 ("UWUA").

14. The terms and conditions of unionized employees are determined by the collective bargaining agreement of the employee's specific union including, but not limited to, seniority, promotions, bidding, discipline, drug testing, etc.

15. That the Agreement between The Cincinnati Gas & Electric Company, The Union Light Heat & Power Company and Local Union 1347 International Brotherhood of Electrical Workers for the years 1994 -1997 and the years 2000 – 2006 include in Section 8 as follows:

> There shall be no discrimination ... by the Company or the Union or their agents against any employee ... or because of race, color, religion, sex or national origin or ancestry or for any other reason.

16. That I have responsibility for oversight of Safety and Technical Training and am familiar with and have reviewed various Registrar and Training records related to the named plaintiffs, Billy Brantley, Todd Tolbert, Anthony Martin and Rodney V. Jones.

17. That upon a review of the records, Tolbert, Brantley and Martin attended Introduction to the Diversity Performance Initiative training on May 1, 1997 and that Exhibit "A" is a true and accurate copy of the Class Attendance Sheet.

18. That upon a review of the records, Brantley, Martin and Tolbert attended Diversity Profile training on October 21, 1998 and that Exhibit "B" is a true and accurate copy of the Class Attendance Sheet.

19. That upon a review of the records, Jones attended Diversity Profile training on December 13, 1998 and that Exhibit "C" is a true and accurate copy of the Class Attendance Sheet.

20. That I am familiar and have knowledge of the Company's various Human Resources policies and procedures and records related to same.

21. That CG&E has strong policies and programs in place to uphold the Company's commitment to equal employment opportunity.

23. That upon a review of records, a Sexual Harassment Policy Statement or General Directive to All Employees was distributed in the Company Policy Manual and Employee Policy Handbook dating back to 6-12-91 and that a true and accurate copy of same is attached as Exhibit "D".

24. That upon a review of records, a revised Sexual Harassment Policy Statement or General Directive to All Employees was distributed in the Company Policy Manual and Employee Policy Handbook dating back to 12-08-93 and that a true and accurate copy of same is attached as Exhibit "E".

25. That upon a review of records, a revised Sexual Harassment Policy was issued on December 1, 1995 and that a true and accurate copy of same is attached as Exhibit "F".

26. That upon a review of records, the E-Mail/Voice Mail/Internet Policy was issued to all employees on or about July 9, 1998, a true and accurate copy of which is attached as Exhibit "G". The policy, provides, in pertinent part, as follows:

**Improper use includes, but is not limited to the following:**

**Messages and images that are defamatory, abusive, obscene, profane, sexually oriented, threatening, or racially/ethnically offensive.**

27. That the Equal Employment Policy has been posted and contained in Employee Manuals over the last six (6) years.

28. That Brantley Exhibit "6" attached hereto as Exhibit "H" is a true and accurate copy of the Equal Employment Opportunity Policy issued on or about July 1, 1999.

29. That Brantley Exhibit "7" attached hereto as Exhibit "I" is a true and accurate copy of the Affirmative Action Statement issued on or about July 1, 1999.

30. That Brantley Exhibit "8" attached hereto as Exhibit "J" is a true and accurate copy of the Sexual Harassment Policy issued on or about July 1, 1999.

31. That on or about February 16, 2000, a Workplace Harassment Policy was issued to All Employees and that Brantley Exhibit "9" attached hereto as Exhibit "K" is a true and accurate copy of the cover letter from Jim Rogers, Chief Executive Officer, to All Employees and the Policy.

32. That employees of CG&E including the named plaintiffs were required to attend Training on Workplace Harassment in the year 2000.

33. That upon a review of records, Billy Brantley attended Workplace Harassment Training on April 11, 2000, Todd Tolbert on May 4, 2000, Rodney V. Jones on May 24, 2000 and Anthony Martin on September 27, 2000.

34. That a true and accurate copy of the January 2001 Workplace Harassment Policy is attached as Exhibit "L".

35. That Brantley attended Journey Toward Inclusion diversity training on or about March 8, 2000 and that Exhibit "M" is a true and accurate copy of the Class Attendance Sheet.

36. That on or about September 2002, employees of CG&E including the named plaintiffs in the Electric T&D C&M department were issued a Working Environment Policy Manual ("Policy Manual") to reinforce existing minimum expectations of all employees and that Exhibit "N" is a true and accurate copy of pages 15 and 16 and 17 though 19 of the Policy Manual referenced below.

37. That the Policy Manual essentially restated and reinforced existing policies in a new format to make these minimum expectations clear to all employees.

38. That the Policy Manual includes an Equal Employment Opportunity Policy on pages 15 and 16 which includes following reporting procedure:

> To report violations of the Equal Employment Opportunity policy, you must immediately notify your supervisor or department head. If you would feel more comfortable talking to someone outside of your department or work location, you may call Compliance Services at **1-513-287-2662** or the Employee Hotline at **1-800-354-2714.** Supervisors must report any complaints to Compliance Services.

39. That the Policy Manual includes the Harassment-Free Workplace Policy on pages 17 through 19 which includes following reporting procedure:

> If you feel at any time that you are being harassed in any manner or that you have witnesses the harassment of An employee or customer, you must immediately notify your supervisor or department head. If you would feel more comfortable talking to someone outside of your department or work location, you may call Compliance Services at **1-513-287-2662** or the Employee Hotline at **1-800-354-2714.** Supervisors must report any complaints to Compliance Services.
> 16.

40. That employees were required to sign acknowledgement forms related to the Policy Manual and return them to their supervisors and that Exhibits "O" - "Q" are true and accurate copies of Acknowledgements signed by Billy Brantley on or about October 7, 2002, Todd Tolbert on or about October 17, 2002 and Anthony Martin on or about October 17, 2002.

41. That Exhibits "R" – "U" are true and accurate copies of the Registrar Records of Billy Brantley, Todd Tolbert, Anthony Martin and Rodney V. Jones.

42. That upon a review of the registrar records, Brantley underwent Personal Protective Equipment Training on September 12, 2001, Tolbert on October 19, 1999, Jones on October 19, 1999 and August 23, 2000 and Martin on August 17, 2000 and September 13, 2001.

43. That upon a review of the registrar records, Brantley attended a Zero Tolerance Meeting on November 9, 2000 and Martin on September 13, 2001

44. That upon a review of the registrar records, Tolbert and Brantley have been Diversity Team Members since April 15, 1999.

45. That as part of my oversight of Safety & Technical Training, I have been involved in and am familiar with the Seven Steps to a Safer Workplace Program, Weight Limitations ("Weight Policy") issued to Managers and Supervisors, Regulated Business Unit on or about February 6, 2003 and that a true and accurate copy of the cover letter and Weight Policy is attached hereto as Exhibit " V"

46. That the maximum weight limitation for the Electric T&D C&M Department is 275 pounds.

47. That employees subject to the Weight Policy are to be weighed annually.

48. That upon reasonable information and belief, Electric T&D C&M Department employees were trained on the Weight Policy and weighed at that time of training.

49. That upon reasonable information and belief, Electric T&D C&M employees found to be in excess of the maximum body weight limitation have been subject to the Weight Policy and its measures for Employee Compliance/Training Methodology, Physician Evaluation, Communication, Weight Loss Monitoring and Post Compliance, if progressed to that stage.

50. That the records I reviewed and attached as Exhibits "A" – "V" are business records of Cinergy Services, Inc. and The Cincinnati Gas & Electric Company which were made at or near the time by, or from information transmitted by a person with knowledge in the course of Cinergy Services, Inc. and/or The Cincinnati Gas & Electric Company's regularly conducted business activities.

51. That I have first hand knowledge of the above.

FURTHER AFFIANT SAYETH NAUGHT.

_7-31-03_
Dated

_Jim O'Connor_
Jim O'Connor

NOTARY OF PUBLIC

Sworn to and subscribed in my presence this 31st day of July, 2003.

_Susan M. Wolfram_
Notary Public
SUSAN M. WOLFRAM
Notary Public, State of Ohio
My Commission Expires Sept. 5, 2005

111828                                  8

Respectfully submitted,

*/s/ Jill T. O'Shea*
Jill O'Shea (0034692)
CINERGY SERVICES, INC.
139 East Fourth St., Room 25 AT II
Cincinnati, Ohio 45201-0960
Telephone: (513) 287-2062
Facsimile: (513) 287-3910

*Attorneys for Defendant
Cinergy Corp.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served via hand-delivery this 1st day of August, 2003 to:

> Paul H. Tobias
> David D. Kammer
> TOBIAS, KRAUS & TORCHIA, LLP
> 414 Walnut Street
> Suite 911
> Cincinnati, OH 45202

I certify that a copy of the foregoing pleading was served via overnight mail this 1st day of August, 2003 to:

> David W. Sanford
> Eric Bachman
> Charles Dixon
> Gordon, Silberman, Wiggins & Childs, P.C.
> 7 DuPont Circle, N.W.
> Suite 200
> Washington, D.C. 20036

I certify that a copy of the foregoing pleading was served via regular mail this 1st day of August, 2003 to:

> Grant E. Morris
> Law Offices of Grant E. Morris
> 7 DuPont Circle, N.W.
> Suite 250
> Washington, D.C. 20036

/s/ Jill T. O'Shea
Jill T. O'Shea

111828