IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY BRANTLEY, et al.                    :        Case No.   C-01-378
                                          :
           Plaintiffs,                    :        Judge Susan J. Dlott
                                          :
     vs.                                  :
                                          :
CINERGY CORP.                             :        AFFIDAVIT OF DAVID C. WARD
                                          :
           Defendant.                     :

STATE OF OHIO              )
                           )ss.
COUNTY OF HAMILTON         )

       Comes now affiant, David C. Ward, after being duly cautioned and sworn, deposes and

states as follows:

       1.      That I am presently employed by The Cincinnati Gas & Electric Company

("CG&E") as Manager of Area Engineering in the Electric T&D C&M Department from

June 2002 to the present and my job responsibilities include management and oversight

of area engineers and technicians.

       2.      That from December of 1996 to June 2002, I was employed as Northern

Area Manager for the Electric T&D C&M Department and my job responsibilities

included management and oversight of Lineperson personnel in that area including the

hiring and discipline of employees.

       3.      That Todd Tolbert and Billy Brantley received a one (1) day in house

suspension with no loss of pay and a written disciplinary letter as a result of the August

111935

27, 1998 electrical contact incident and for violations of personal protective equipment not being in use and violations of the minimum approach distance and that Tolbert Exhibit 77 and Brantley Exhibit 18 attached hereto as Exhibit "A" are true and accurate copies of the October 27, 1998 written disciplinary letters related to same.

4.    That based on the Company's investigation into the August 27, 1998 incident, both Todd Tolbert and Billy Brantley were working from a double bucket truck in the primary zone without their gloves and sleeves on at the time of the incident.

5.    That upon reasonable information and belief, Billy Brantley never filed a grievance related to the August 27, 1998 one (1) day suspension and written disciplinary letter.

6.    That Anthony Martin, a member of the crew, received a disciplinary letter as a result of the August 27, 1998 electrical contact incident for the reason that he was a member of the crew and present in the immediate area of the work at the time of the incident and that Exhibit "B" is a true and accurate copy of same.

7.    That Anthony Martin filed an internal grievance related to the August 27, 1998 incident which was resolved in the Third Stage Grievance proceeding by the agreement that the disciplinary letter be reduced to discipline in the form of an Oral Warning and that Exhibit "C" is a true and accurate copy of the July 12, 1999 correspondence related to same.

8.    That Eric Sibcy, a member of the crew, who was working down the road and was not in the immediate area of the work at the time of the incident received a record of counseling as a result of the August 27, 1998 electrical contact incident which was to be removed from his file in six months provided that Sibcy receive no further

safety violations within that time frame and that Exhibit "D" is a true and accurate copy of same.

9.      That Newton Wright, a member of the crew who had left the site and was not present in the immediate area of the work at the time of the incident, received a record of counseling as a result of the August 27, 1998 electrical contact incident and upon reasonable information and belief, Newton Wright received no further safety violations within the six months thereafter and the record of counseling was removed from his file.

10.     That Richie A. Bennett received a one (1) day suspension with loss of pay and a written disciplinary letter related to a serious electrical contact incident on September 30, 1998 and for a violation of personal protective equipment not being in use and a violation of the minimum approach distance and that Exhibit "E" is a true and accurate copy of the written disciplinary letter related to same.

11.     That based on our investigation into the September 30, 1998 incident, Richie A. Bennett was working in a bucket truck in the primary zone without his gloves and sleeves on at the time of the incident. This was viewed as a flagrant violation of the minimum approach distance due to his proximity to the energized conductors and therefore the one (1) day suspension with loss of pay was imposed.

12.     That Steve Clemens, a member of Richie A. Bennett's crew, received a written disciplinary letter related to the September 30, 1998 incident involving Richie Bennett for the reason that he was a member of the crew and present in the immediate area of the work and that Exhibit "F" is a true and accurate copy of the November 24, 1998 disciplinary letter related to same.

13.     That Steve Clemens filed an internal grievance related to the disciplinary action which was resolved by the decision to remove the disciplinary letter from his file and replace it with a coaching and counseling on November 24, 1998 and that the coaching and counseling documentation would be removed from his file on May 24, 1999 provided that Clemens receive no further safety violations within that time frame and for the reason that additional investigation revealed that Clemens had just arrived at the site at the time of the incident and that Exhibit "G" is a true and accurate copy of the coaching and counseling.

14.     That Dave Barricklow, another member of Richie A. Bennett's crew, received a written disciplinary letter related to the September 30, 1998 incident involving Richie Bennett for the reason that he was the Senior member of the crew and present in the immediate area of the work and that Exhibit "H" is a true and accurate copy of the November 24, 1998 disciplinary letter related to same.

15.     That Dave Barricklow filed an internal grievance related to the disciplinary action which was resolved by the decision to remove the disciplinary letter from his file and replace it with a Oral Warning on November 24, 1998 which would be removed on May 24, 1999 provided that Barricklow receive no further safety violations within that time frame and that Exhibit "I" is a true and accurate copy of same.

16.     That Steve Sparks, another member of Richie A. Bennett's crew, received a written disciplinary letter related to the September 30, 1998 incident involving Richie Bennett for the reason that he was a member of the crew and present in the immediate area of the work and that Exhibit "J" is a true and accurate copy of the November 24, 1998 disciplinary letter related to same.

17.    That Steve Sparks filed an internal grievance related to the disciplinary action which was resolved by the decision to remove the disciplinary letter from his file and replace it with a Oral Warning on November 24, 1998 which would be removed on May 24, 1999 provided that Sparks receive no further safety violations within that time frame and that Exhibit "K" is a true and accurate copy of same.

18.    That Eric Sibcy, Richie Bennett, Steve Clemens, David Barricklow and Steve Sparks are Caucasian employees.

19.    That on or about September 25, 1998, correspondence was forwarded to Fellow Employees addressing safety as a result of the number of accidents increasing in the past few months and re-emphasizing that employees must be committed to follow all safety rules and safe work practices and that Brantley Exhibit "19" attached hereto as Exhibit "L" is a true and accurate copy of same.

20.    That the Zero Tolerance Rules were originally implemented on or about November of 2000 as a result of several serious safety violations including two electric contact incidents in Indiana, one involving a fatality and the other the loss of both hands, and an Ohio incident which occurred in the year 2000.

21.    That upon reasonable information and belief, there were no changes in disciplinary policies between August 27, 1998 and September 30, 1998 for violations of failing to have job briefings/tailgates to address safety areas as they may apply to any given job, violations of use of personal protective equipment and violations of minimum approach distances.

22.    That I was involved in the Targeted Selection Process which has been validated externally in accordance with EEOC Guidelines used in the selection of Field

Supervisors, Job Posting 99-347, in September of 1999 and have reviewed the records related to same.

23.     That the job was posted for three (3) positions but four (4) positions were filled due to retirement.

24.     That upon a review of the records related to Job Posting 99-347 in September 1999 for the position of Field Supervisor, thirty-nine (39) applicants bid on the position including Billy Brantley and Todd Tolbert.

25.     That twenty (20) candidates were interviewed for the position.

26.     That upon reasonable information and belief, Todd Tolbert was not interviewed for the Field Supervisor position for reasons including, but not limited to, the fact that he received an unfavorable supervisor evaluation from supervisors, Cliff Zorb and Glenn Neidlinger.

27.     That Billy Brantley was interviewed for the Field Supervisor position for Job Posting 99-347.

28.     The individuals involved in the Targeted Selection Interview Process were myself, Tony Platz and Al Perkins. Upon reasonable information and belief, Jim Stanley was involved in the final selection process.

29.     That the 4 (four) successful candidates with the highest composite scores from the data integration eligible for the job were Brian York, Bob Atkins, Johner Wical and Rick Cutsinger.

30.     That I have firsthand knowledge of the above.

FURTHER AFFIANT SAYETH NAUGHT.

_7/30/03_
Dated

David C. Ward

NOTARY OF PUBLIC

Sworn to and subscribed in my presence this 30th day of July, 2003.

JILL T. O'SHEA, ATTORNEY AT LAW
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION
DATE. SECTION 147.03 O.R.C.

Notary Public

Respectfully submitted,

Jill O'Shea (0034692)
CINERGY SERVICES, INC.
139 East Fourth St., Room 25 AT II
Cincinnati, Ohio 45201-0960
Telephone: (513) 287-2062
Facsimile: (513) 287-3810

*Attorney for Defendant
Cinergy Corp.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served via hand delivery this 1st day of August, 2003 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH 45202

111935                          7

I certify that a copy of the foregoing pleading was served via overnight mail this 1st day of August, 2003 to:

> David W. Sanford
> Eric Bachman
> Charles Dixon
> GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
> 7 DuPont Circle
> Suite 200
> Washington, D.C.  20036

I certify that a copy of the foregoing pleading was served via regular mail this 1st day of August, 2003 to:

> Grant E. Morris
> LAW OFFICES OF GRANT E. MORRIS
> 7 DuPont Circle
> Suite 250
> Washington, D.C.  20036

Jill T. O'Shea

rgy Corp.
East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

October 27, 1998

Mr. Todd Tolbert
952 North Bend Rd.
Cincinnati, Ohio 45224

Dear Mr. Tolbert:

**CINERGY.**

Reference is made to our meeting and discussion on October 8th, 1998 in the presence of Messrs. Rick Cutsinger and Larry Creech, your union representatives and Dave Ward, concerning your very serious accident on August 27th, 1998.

Your accident took place north of 9494 Maineville Rd. in Warren County. The head-guy that you were transferring made contact with the 7.5 kV phase in the span south of the pole you were working on, energizing the head-guy to your work location. Your arms were also contacting the grounded fiber optic cable messenger, resulting in a phase to ground electrical contact.

All employees are required to be thoroughly familiar with and strictly observe all established safe work practices. References should be made to the *Cinergy Safety and Health Manual*. One of the lineperson's responsibilities is to participate in job briefings / tailgates to address safety related areas as they may apply to any given job, as defined in Section 2.1 (Pg. 7) pg. 7 (2.1). Your personal protective equipment was also not in use and the minimum approach distance was not adhered to as defined in Section 7.1.2.a (Pg. 63) Section 7.1.6.d (Pg. 65), Section 7.1.6.g (Pg. 66) and Section 7.2.1.c (Pg. 69). Pg.63 (7.1.2)(A), Pg. 65, 66, 67 (7.1.6)(d)(g) and Pg. 69 (7.2)(7.2.1) ( c ). It is important to know and review these requirements so there will be no future occurrences in these areas.

As a result of your actions, it is determined that you will be given a one day in house suspension to be documented on October 21st, 1998. In the future, we hope you will conduct yourself in a responsible manner so that no further disciplinary action will be necessary. Failure to comply with the *Cinergy Safety and Health Manual* rules could lead to further disciplinary action up to and including your discharge.

Sincerely,

Dan Morris, Field Supervisor
T&D Construction &
Maintenance-Ohio & Ky.

EXHIBIT
_____ 72

CC: K. Williams (2)
    C. Terheiden
    R. Monson
    D. Ward
    F. Kelly

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

Exhibit "A"
Page 2 of 2

nergy Corp.
139 East Fourth Street
P.O. Box 960
Cincinnati, OH  45201-0960

CERTIFIED MAIL
RETURN RECEIPT REQUESTED                         October 27, 1998

Mr. Bill Brantley
2853 Saturn Drive
Fairfield, Ohio   45014



EXHIBIT

BRANTLEY 10

Dear Mr. Brantley:                                    **CINERGY.**

Reference is made to our meeting and discussion on October 8th, 1998 in the presence of
Messrs. Rick Cutsinger and Larry Creech, your Union Representatives and Dave Ward,
concerning a very serious accident involving Todd Tolbert, your co-worker, on August 27th, 1998.

Todd's accident occurred north of 9494 Maineville Rd. in Warren County.  The very serious
electrical contact happened while you, a Sr. Lineperson "A", was working with Todd Tolbert, a
Lineperson "A".  Todd was in one bucket attempting to transfer a head-guy, and you were in the
other bucket on the same vehicle.  During the process of transferring the head-guy, it came in
contact with a 7.5 kV phase, energizing the guy wire to Todd's work location.  Your co-worker
received electrical burns due to the difference of potential between the energized guy wire and the
grounded fiber optic messenger.

All employees are required to be thoroughly familiar with and strictly observe all established safe
work practices.  References should be made to the *Cinergy Safety and Health Manual*.  One of
the Sr. Lineperson's responsibilities is to conduct job briefings / tailgates to address safety related
areas as they may apply to any given job, as defined in Section 2.1 (Pg. 7).  Your personal
protective equipment was also not in use and the minimum approach distance was not adhered to
as defined in Section 7.1.2.a (Pg. 63) Section 7.1.6.d (Pg. 65), Section 7.1.6.g (Pg. 66) and
Section 7.2.1.c (Pg. 69).  It is important to know and review these requirements so there will be no
future occurrences in these areas.

As a result of your actions, it is determined that you will be given a one day in-house suspension
to be documented on October 21st, 1998. In the future, we hope you will conduct yourself in a
responsible manner so that no further disciplinary action will be necessary.  Failure to comply with
the *Cinergy Safety and Health Manual* rules could lead to further disciplinary action up to and
including your discharge.

Sincerely,

Dan Morris, Field Supervisor
T&D Construction & Maintenance -
Ohio & Ky

cc: K. Williams (2)
     C. Terheiden
     R. Monson
     D. Ward
     F. Kelly

Cinergy Corp.
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

CERTIFIED MAIL                                          October 27, 1998
RETURN RECEIPT REQUESTED

Mr. Anthony Martin
1326 Random Hill Rd.
Cincinnati, Ohio 45231

Dear Mr. Martin:                          **CINERGY.**

Reference is made to our meeting and discussion on October 8th, 1998 in the presence of
Messrs. Rick Cutsinger and Larry Creech, your Union Representatives and Dave Ward,
concerning a very serious accident involving Todd Tolbert, your co-worker, on August 27th, 1998.

The accident took place north of 9494 Maineville Rd. in Warren County. Todd received serious
electrical burns while transferring a head-guy. The head-guy made contact with a kV conductor,
which energized the head-guy to Todd's work position. Todd was not wearing personal protective
equipment. During our discussion you stated you saw Todd working on the head-guy. You also
stated that you did not believe he was in the primary area.

As a Groundperson Driver "A" you are required to be able to recognize close clearances, such as,
a phase to head-guy and unsafe conditions, such as, a fellow employee working in the primary
area without personal protective equipment and to alert them to those conditions. All employees
are required to be thoroughly familiar with and strictly observe all established safe work practices.
References should be made to the *Cinergy Safety and Health Manual*. You have a responsibility
to participate in the job briefing / tailgate prior to a job being started for safety applications as
defined in Section 2.1 (Pg. 7). You also have the responsibility to be familiar with application of
personal protective equipment and minimum approach distances, as defined in Section 7.1.2.a
(pg. 63), Section 7.1.6.d (pg. 65) Section 7.1.6.g (pg. 66) and Section 7.2.1.c (pg. 69). It is
important to know and review these requirements so there will be no further occurrences in these
areas.

In the future you are expected to follow the guidelines set forth in the *Cinergy Safety and Health
Manual*. In the future, we hope you will conduct yourself in a responsible manner so that no
further disciplinary action will be necessary. Failure to comply with the *Cinergy Safety and Health
Manual* rules could lead to further disciplinary action up to and including your discharge.

Sincerely,

Dan Morris, Field Supervisor
T&D Construction & Maintenance-
Ohio & Ky

cc: C. Terheiden
    K. Williams (2)
    R. Monson
    D. Ward
    F. Kelly

Exhibit "C"
Page 1 of 2

Cinergy Corp.
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

July 12, 1999

Mr. Francis B. Kelly, Business Manager                    **CINERGY.**
International Brotherhood of Electrical Workers
Local 1347
4100 Colerain Avenue
Cincinnati, Ohio 45223

Dear Mr. Kelly:

A meeting was held in room 644 Annex on Thursday, July 8, 1999, at 2:00 P.M. to
discuss the third stage grievance of Tony Martin #11-117-06-99. Messrs. K. Gross and
T. Pfaffinger represented the Union and Messrs. J. Stanley, D. Ward and D. Morris
represented the Company.

The Union contends that Tony Martin should not have received a disciplinary letter for
his involvement in an accident that resulted in an employee being severely injured by an
electrical contact. The Union contends that other employees that were assigned to the job
did not receive as severe discipline.

After reviewing the circumstances, the Company would like to point out that there were
employees at the job site who received more severe discipline than what Tony Martin
received. Also, the Company contends that due to job progression some employees
assigned to the job were not required to be at the job site at the time of the accident. As
with all accident investigations the Company assesses the specific circumstances of each
employee's situation and often administers varying degrees of discipline. In Tony
Martin's case, he was at the job site at the time of the accident, he failed to participate in
a job briefing and he did not recognize unsafe working conditions.

Therefore, the Company believes that discipline was appropriate and for reasons stated,
the grievance is denied.

CONFIDENTIAL
CIN046726

F. Kelly
Page 2

However, in an effort to resolve this grievance the Company would like to offer that the disciplinary letter be reduced to discipline in the form of an Oral Warning. If the Union is agreeable to resolving this grievance as proposed, please sign below where indicated and return a signed copy to me. It is hoped that this will resolve the matter between the Company and the Union.

Sincerely,

Jim Stanley
General Manager
T&D Construction and Maintenance

Signature_____Date_____

cc:    K. Williams (2)
       D. Ward
       C. Terheiden

CONFIDENTIAL
CIN046727

**Record of Counseling**
**Meeting held on October 8th, 1998**

**Eric Sibcy**

**Reference to the manual work standard:**
**Todd Tolbert Accident**

**Participate in Job Briefing / Tailgate to address safety concerns, and**
**Special circumstances to do the job safely, prior to starting those jobs.**
**This record is to be removed from the employeesfile in 6 months from**
**The above date if no further incident of this nature takes place.**
**Removal date will be April 8th, 1999.**

**Dan Morris**
*Dan Morris*

*[signature]*

CONFIDENTIAL
CIN046718

Cinergy Corp.                          Exhibit "E"
39 East Fourth Street
P.O. Box 960
Cincinnati, OH  45201-0960

CERTIFIED MAIL
RETURN RECEIPT REQUESTED                         November 24, 1998

Mr. Richie A. Bennett
677 Crenshaw Lane
Cincinnati, OH  45240                    **CINERGY.**

Dear Mr. Bennett:

    Reference is made to our meeting and discussion on November 19, 1998 in the presence of
Messrs. David Campbell, Ed Chapman, and David Ward concerning  your serious accident on September
30, 1998.

    Your accident took place at 765 Beissinger Road. Without wearing your gloves and sleeves, you
opened a 7.2 kV cutout using a shotgun stick and started working on the load side of the cutout box. Your
right forearm came in contact with the line side of the cutout causing 3rd degree burns on your forearm and
3rd degree burns on both your right and left hands.

    You and other employees assigned to the job failed to follow safe work practices. Reference
should be made to the ***Cinergy Safety and Health Manual***.

    All employees are required to be thoroughly familiar with and strictly observe all established safe
work practices.  One of the lineperson's responsibilities is to participate in job briefings/tailgates to address
safety related areas as they may apply to any given job, as defined in Section 2.1.  Your personal
protective equipment was also not in use and the minimum approach distance was not adhered to as
defined in Section 7.1.2.a, Section 7.1.6.d, and  Section 7.2.1e.  It is important to review and know these
requirements so that you can personally practice safe work practices and alert others of potential dangers,
thus ensuring that there will be no further safe work practice violations  in these areas.

    As a result of your actions, it is determined that you will be given a one day suspension to be
documented on  November 24, 1998.

    In the future,  you are expected to conduct yourself in a responsible manner so that no further
disciplinary action will be necessary.  Failure to comply with the ***Cinergy Safety and Health Manual*** rules
could lead to further disciplinary action up to and including your discharge.

                                    Sincerely,

                                    *William O. Gatto*

                                    William O. Gatto, Field Supervisor
                                    T&D Construction & Maintenance

cc: David Ward
    Ronald Monson
    Ken Williams
    Frank Kelly
    Connie Terheiden

CONFIDENTIAL
CIN046719

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

Exhibit "F"

Energy Corp.
139 East Fourth Street
P.O. Box 960
Cincinnati, OH  45201-0960

CERTIFIED MAIL
RETURN RECEIPT REQUESTED                    November 24, 1998

Mr. Steve Clemens
7955 Bridgetown Rd.
Cleves, OH  45002

Dear Mr. Clemens:

# CINERGY.

Reference is made to our meeting and discussion on November 19, 1998 in the presence of Messrs. David Campbell, Ed Chapman, and Dave Ward concerning a very serious accident involving Richie A. Bennett, your co-worker, on September 30, 1998.

The accident took place at 765 Beissinger Road.  Richie received serious electrical burns. Without wearing his gloves and sleeves, Richie opened a 7.2 kV cutout using a shotgun stick and started working on the load side of the cutout box.  Richie's right forearm came in contact with the line side of the cutout causing 3rd degree burns on his forearm and 3rd degree burns on both his right and left hands.

You and other employees assigned to the job failed to follow safe work practices. Reference should be made to the *Cinergy Safety and Health Manual.*

All employees are required to be thoroughly familiar with and strictly observe all established safe work practices.  You have a responsibility to participate in the job briefings/tailgates prior to a job being started for safety applications as defined in Section 2.1.  You also have the responsibility to be familiar with the application of personal protective equipment and the minimum approach distances, as defined in Section 7.1.2.a, Section 7.1.6.d, and Section 7.2.1.e.  It is important to review and know these requirements so that you can personally practice safe work practices and alert others of potential dangers, thus ensuring that there will be no further safe work practice violations in these areas.

In the future you are expected to follow the guidelines set forth in the *Cinergy Safety and Health Manual*.  Failure to comply with the *Cinergy Safety and Health Manual* rules could lead to further disciplinary action up to and including your discharge.

Sincerely,

*William O. Gatto*

William O. Gatto, Field Supervisor
T&D Construction & Maintenance

cc:  David Ward
     Ron Monson
     Ken Williams
     Frank Kelly
     Connie Terheiden

The Cincinnati Gas & Electric Company

PSI Energy, Inc.                    CONFIDENTIAL
                                    CIN046720

# Coaching and Counseling

Steve Clemens (2-23-99)

Reference is made to the grievance meetings on January 21, 1999, and February 18, 1999, concerning the disciplinary letter dated November 24, 1998. It was decided that the disciplinary letter will be removed from your file and the coaching and counseling session you received regarding the accident on September 30, 1998, is acceptable to you.

This correspondence will be the official notice of the removal of the disciplinary letter dated November 24, 1998, and will serve as the documentation of the coaching and counseling session. Provided all safety rules are followed by you, this coaching and counseling documentation will be removed from your file on May 24, 1999.

Sincerely,

William O. Gatto

WOG/bam

c:    David Ward
      Ron Monson
      Ken Williams
      Frank Kelly
      Connie Terheiden

CONFIDENTIAL
CIN046721

.nergy Corp.
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

November 24, 1998

Mr. David Barricklow
25351 Orchard Dr.
West Harrison, OH 47060

Dear Mr. Barricklow:                                   **CINERGY.**

Reference is made to our meeting and discussion on November 19, 1998 in the presence of Messrs. David Campbell, Ed Chapman, and David Ward concerning a very serious accident involving Richie A. Bennett, your co-worker, on September 30, 1998.

The accident took place at 765 Beissinger Road. Richie received serious electrical burns. Without wearing his gloves and sleeves, Richie opened a 7.2 kV cutout using a shotgun stick and started working on the load side of the cutout box. Richie's right forearm came in contact with the line side of the cutout causing 3rd degree burns on his forearm and 3rd degree burns on both his right and left hands.

You and other employees assigned to the job failed to follow safe work practices. Reference should be made to the *Cinergy Safety and Health Manual*.

All employees are required to be thoroughly familiar with and strictly observe all established safe work practices. You have a responsibility to participate in the job briefings/tailgates prior to a job being started for safety applications as defined in Section 2.1. You also have the responsibility to be familiar with the application of personal protective equipment and the minimum approach distances, as defined in Section 7.1.2.a, Section 7.1.6.d, and Section 7.2.1.e. It is important to review and know these requirements so that you can personally practice safe work practices and alert others of potential dangers, thus ensuring that there will be no further safe work practice violations in these areas.

In the future you are expected to follow the guidelines set forth in the *Cinergy Safety and Health Manual*. Failure to comply with the *Cinergy Safety and Health Manual* rules could lead to further disciplinary action up to and including your discharge.

Sincerely,

*William O. Gatto*

William O. Gatto, Field Supervisor
T&D Construction & Maintenance

cc: David Ward
    Ronald Monson
    Ken Williams
    Frank Kelly
    Connie Terheiden

CONFIDENTIAL
CIN046722

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

Exhibit "I"

# Oral Warning

Dave Barricklow (2-23-99)

Reference is made to the grievance meeting on January 7, 1999, concerning the disciplinary letter dated November 24, 1998. It was decided that the disciplinary letter will be removed from your file and an oral warning will be issued.

This correspondence will be the official notice of the removal of the disciplinary letter dated November 24, 1998, and serves as the documentation of the oral warning.

On September 30, 1998, an accident took place at 765 Beissinger Road. Richie Bennett received serious electrical burns. Without wearing his rubber gloves and sleeves, Richie opened a 7.2kV cutout using a shotgun stick and started working on the land side of the cutout. Richie's right forearm came in contact with the line side of the cutout causing 3rd degree burns on his forearm and 3rd degree burns on both his right and left hands.

All employees are required to be thoroughly familiar with and strictly observe all established safe work practices as described in the *Cinergy Safety and Health Manual.*

As we discussed, all employees have a responsibility to participate in the job briefing to discuss the hazards of the job.

In the future, you are expected to follow the guideline set forth in the *Cinergy Safety and Health Manual.* If this is done, this oral warning will be removed from your file on May 24, 1999.

Sincerely,

William O. Gatto

WOG/bmw

C:     David Ward
       Ron Monson
       Ken Williams
       Frank Kelly
       Connie Terheiden

CONFIDENTIAL
CIN046723

Cinergy Corp.
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

November 24, 1998

Mr. Steve Sparks
2205 S. Wynn Rd.
Okeana, OH 45053

Dear Mr. Sparks:

**CINERGY.**

Reference is made to our meeting and discussion on November 19, 1998 in the presence of Messrs. David Campbell, Ed Chapman, and David Ward concerning a very serious accident involving Richie A. Bennett, your co-worker, on September 30, 1998.

The accident took place at 765 Beissinger Road. Richie received serious electrical burns. Without wearing his gloves and sleeves, Richie opened a 7.2 kV cutout using a shotgun stick and started working on the load side of the cutout box. Richie's right forearm came in contact with the line side of the cutout causing 3rd degree burns on his forearm and 3rd degree burns on both his right and left hands.

You and other employees assigned to the job failed to follow safe work practices. Reference should be made to the ***Cinergy Safety and Health Manual***.

All employees are required to be thoroughly familiar with and strictly observe all established safe work practices. You have a responsibility to participate in the job briefings/tailgates prior to a job being started for safety applications as defined in Section 2.1. You also have the responsibility to be familiar with the application of personal protective equipment and the minimum approach distances, as defined in Section 7.1.2.a, Section 7.1.6.d, and Section 7.2.1.e. It is important to review and know these requirements so that you can personally practice safe work practices and alert others of potential dangers, thus ensuring that there will be no further safe work practice violations in these areas.

In the future you are expected to follow the guidelines set forth in the ***Cinergy Safety and Health Manual***. Failure to comply with the ***Cinergy Safety and Health Manual*** rules could lead to further disciplinary action up to and including your discharge.

Sincerely,

William O. Gatto, Field Supervisor
T & D Construction & Maintenance

cc: David Ward
Ronald Monson
Ken Williams
Connie Terheiden
Frank Kelly

CONFIDENTIAL
CIN046724

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

# Oral Warning

Steve Sparks (2-23-99)

Reference is made to the grievance meeting on January 7, 1999, concerning the disciplinary letter dated November 24, 1998. It was decided that the disciplinary letter will be removed from your file and an oral warning will be issued.

This correspondence will be the official notice of the removal of the disciplinary letter dated November 24, 1998, and serves as the documentation of the oral warning.

On September 30, 1998, an accident took place at 765 Beissinger Road. Richie Bennett received serious electrical burns. Without wearing his rubber gloves and sleeves, Richie opened a 7.2kV cutout using a shotgun stick and started working on the land side of the cutout. Richie's right forearm came in contact with the line side of the cutout causing 3rd degree burns on his forearm and 3rd degree burns on both his right and left hands.

All employees are required to be thoroughly familiar with and strictly observe all established safe work practices as described in the *Cinergy Safety and Health Manual.*

As we discussed, all employees have a responsibility to participate in the job briefing to discuss the hazards of the job.

In the future, you are expected to follow the guideline set forth in the *Cinergy Safety and Health Manual.* If this is done, this oral warning will be removed from your file on May 24, 1999.

Sincerely,

William O. Gatto

WOG/bmw

C:    David Ward
      Ron Monson
      Ken Williams
      Frank Kelly
      Connie Terheiden

CONFIDENTIAL
CIN046725

Cinergy Corp.
East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

Exhibit "L"

EXHIBIT
BRANTLEY 19

September 25, 1998

Dear Fellow Employee:

**CINERGY**.

This is an important letter addressing safety. Over the past few months we have seen the number of accidents increase. Potentially serious accidents are occurring in all parts of our operations. The greatest concern to us are those that have resulted in serious injury, due to direct electrical contact or as a result of natural gas ignition.

We're fully aware that a vast majority of you adhere to our safety rules and work procedures. You are professionals and we greatly admire the way you do your job safely. This letter is for those few who choose to take short cuts, have poor work habits or just don't believe they will ever get hurt and therefore ignore our safety rules and work procedures.

Wearing your seat belt, hard hat, eye protection, rubber gloves and sleeves, covering up, using gas monitors and the use of supplied or self-contained breathing apparatus when needed are essential for your protection. There is no excuse for not wearing or using the appropriate protection. Behaviors that demonstrate a willing disregard for safety have not and will not be tolerated. Our accident trend must be and will be turned around. It is important for you to know that we support all appropriate actions taken by our managers and supervisors up to and including discharge in the event of safety rule violations.

Injuries, especially serious injuries, have a terrible and sometimes lasting impact on the injured person, their families and co-workers. We must focus on doing our jobs the right way, the safe way. All of us must be committed to follow all safety rules and safe work practices every day on every job.