IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | : | Case No.   C-01-378 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| vs. | : | |
| | : | |
| CINERGY CORP. | : | AFFIDAVIT OF ROBERT |
| | : | D. FEUCHT |
| Defendant. | : | |

STATE OF OHIO                    )
                                 )ss.
COUNTY OF HAMILTON      )

Comes now affiant, Robert D. Feucht, after being duly cautioned and sworn, states as follows:

1.      That I am presently employed by Cinergy Services, Inc. as Safety Specialist and have held that position from September 1, 2000 to the present and my job responsibilities include providing safety and other training to employees of the Electric T&D C&M Department.

2.      That I am also presently involved in training and act as the custodian of records related to the Seven Steps to a Safer Workplace Program, Weight Limitation ("Weight Program").

3.    That the substantial majority of CG&E Employees in the Electric T&D C&M Department have been trained and weighed on the date of training in 2003.

4.    That the maximum weight limitation for Linepersons in the Electric T&D C&M Department is 275 pounds.

5.    That employees subject to the Weight Program shall be weighed annually.

6.    That upon reasonable information and belief, the Weight Program has been applied to any Linepersons in the Electric T&D C&M Department found to be in excess of the maximum body weight limitation of 275 at the weigh-in at the time of training on the Weight program.[1]

7.    That I have reviewed the documents maintained as to Todd Tolbert as to weigh-ins from July 2002 to the present including those records prepared by Rachelle Caldwell.

8.    That on or about July 26, 2002, Todd Tolbert weighed 278.4 pounds in proper work attire and was in violation of the maximum weight limitation and the Exhibit "A" is a true and accurate copy of the weigh-in record on that date.

9.    That on or about July 30, 2002, correspondence was forwarded to Todd Tolbert advising that he would be placed on a shorter than quarterly weigh-in schedule in light of his most recent failure to comply with the maximum body weight limit and that Exhibit "B" is a true and accurate copy of same.

---

[1]    When portable scales are used in the district for weigh-ins, the manufacturer's recommendation of an allowance of + or − 1% is allowed in the determination of the maximum weight.

10.    That on or about February 6, 2003, Todd Tolbert weighed 280.4 pounds in proper work attire and was in violation of the maximum weight limitation and the Exhibit "C" is a true and accurate copy of the weigh-in record on that date.

11.    That on or about April 8, 2003, Todd Tolbert underwent Seven Steps to a Safer Workplace Training and that he was weighed on that date and was in compliance with the maximum weight limitation and that Exhibit "D" is a true and accurate copy of the training and weight restriction sheet on that date.

12.    That Todd Tolbert is no longer being monitored in post-compliance pursuant to the Weight Program.

13.    That the records I reviewed and attached as Exhibits "A" – "D" are business records of Cinergy Services, Inc. and/or The Cincinnati Gas & Electric Company which were made at or near the time by, or from information transmitted by a person with knowledge in the course of Cinergy Services, Inc. and/or The Cincinnati Gas & Electric Company's regularly conducted business activities.

14.    That I have firsthand knowledge of the above.

FURTHER AFFIANT SAYETH NAUGHT.

_July 30, 2003_
Dated

_Robert D. Feucht_
Robert D. Feucht

<u>NOTARY OF PUBLIC</u>

Sworn to and subscribed in my presence this 31st day of July, 2003.

JILL T. O'SHEA, ATTORNEY AT LAW
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION
DATE. SECTION 147.03 O.R.C.

Notary Public

Respectfully submitted,

Jill O'Shea (0034692)
CINERGY SERVICES, INC.
139 East Fourth St., Room 25 AT II
Cincinnati, Ohio 45201-0960
Telephone:  (513) 287-2062
Facsimile:  (513) 287-3810

*Attorney for Defendant*
*Cinergy Corp.*


<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing pleading was served via hand delivery this 1st day of August, 2003 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202

I certify that a copy of the foregoing pleading was served via overnight mail this 1st day of August, 2003 to:

David W. Sanford
Eric Bachman
Charles Dixon
GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
7 DuPont Circle
Suite 200
Washington, D.C.  20036


I certify that a copy of the foregoing pleading was served via regular mail this 1st day of August, 2003 to:

Grant E. Morris
LAW OFFICES OF GRANT E. MORRIS
7 DuPont Circle
Suite 250
Washington, D.C.  20036


Jill T. O'Shea



Todd Tolbert was in today
to be weighed.
  Current weight is
    280.4

R. Caswell
2/6/03

CONFIDENTIAL
CIN046758

*8497>*

**Caldwell, Rachelle**

| | |
|---|---|
| **From:** | Caldwell, Rachelle |
| **Sent:** | Friday, July 26, 2002 10:27 AM |
| **To:** | Wical, John; Perkins, Al |
| **Subject:** | Tolbert Issue |
| | |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

Todd Tolbert was in today to be weighed and was 278.4 with gym shoes on.  Also please remember his disciplinary letter which states that if he exceeds the weight limit of 275 pounds in a 6 month period he would be terminated.  Please note that the two weigh-ins are 6 months and 4 days apart.  I will forward the letter as soon as I get it from Corporate.

Please call me if you have any questions.
Rachelle

*7/31/02 = 271.8*

| | | |
|---|---|---|
| **7/26/02** | **278.4 with shoes** | 276.7 without shoes |
| 3/28/02 | 271.3 | |
| 3/12/02 | 271.2 | |
| 2/26/02 | 272.9 | |
| 2/15/02 | 270.8 | |
| **1/22/02** | **276.2** | |
| 1/8/02 | 270.8 | |
| 12/11/01 | 273.8 | |
| 11/28/01 | 273.0 | |
| 11/15/01 | 272.2 | |
| 10/30/01 | 268.6 | |

Letter Issued - 10/17/01(see attached)

*8/14/02    269.1*

*9/12/02    269.3*

*11/6/02    273.4*

*2/4/03    280.4*

1

CONFIDENTIAL
CIN046759

**INTERNAL CORRESPONDENCE**

**CINERGY.**

Todd Tolbert was in today to be weighed. Current weight is:

273.4

R. Cresswell
11/6/02

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

CONFIDENTIAL
CIN046760

**INTERNAL CORRESPONDENCE**

**CINERGY.**

Tony Tolbert was in today to be weighed.

Current weight is:

269.3

R. Caswell
Sept 12 2002

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

CONFIDENTIAL
CIN046761

**INTERNAL CORRESPONDENCE**

**CINERGY.**

Todd Tolbert was in today
to be weighed.
    Current weight is

        269.1

                    R. Caldwell
                    8/14/2002

CF-110 9/95

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

CONFIDENTIAL
CIN046762

**INTERNAL CORRESPONDENCE**

**CINERGY.**

Todd Tolbert was in today to be weighed.

Current Weight 271.8

R. Caswell
7/31/02

CF-110 9/95

The Cincinnati Gas & Electric Company

PSI Energy, Inc.

CONFIDENTIAL
CIN046763

Exhibit "B"
Page 1 of 2

Cinergy/CG&E
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960

July 30, 2002


CG&E

Mr. Todd Tolbert
7322 Parkdale Ave.
Cincinnati, Ohio 45237

Dear Mr. Tolbert:

Reference is made to our meeting held at the Hartwell meeting room on July 26, 2002 with Mr. Watson, your union representative, and Mr. Wooton in attendance.

You were weighed at a quarterly weigh-in on that date per the requirements of the October 17, 2001 correspondence. You weighed in at 278.4 lbs. At our meeting, we discussed that restrictions would be placed on you because of your non-compliance with the weight limit of 275 lbs. As has been addressed with you dating back to April of 1999, 275 lbs. is the maximum body weight limit that is acceptable in the linepersons "A" classification. The maximum weight capacity is set forth by law and manufacturers' specifications for single bucket trucks and other equipment.

As a result of this additional and most recent failure to comply with the maximum body weight limit, you were advised that you were going to be placed back on a shorter than quarterly weigh-in schedule. You will be weighed as soon as possible during the next work week. Thereafter, you will be weighed once a month commencing the work week of August 12th, 2002 for a period of six months. In the event you fail to comply with the maximum weight limitation of 275 lbs. at any two weigh-ins in this six-month period, your employment with the Company will be terminated.

If, during the six-month period, you are compliant with the 275 lbs. maximum weight limitation, consideration will be given again to reducing the frequency of weigh-ins to quarterly evaluations. Any efforts on your behalf to avoid weigh-ins on the dates scheduled by the Company shall be grounds for termination as well.

It was reviewed with you that the Company's tolerance of your continued violations of the maximum weight limitation and safety issue has been exhausted. Notwithstanding the fact that the October 17, 2001 correspondence identified that non-compliance with weight restrictions could cause your continued employment with the Company to be in jeopardy, the Company has agreed to afford you this additional opportunity to comply with the mandatory weight restrictions. However, in the event that quarterly weigh-ins are re-established after the six month period, any future violations of the maximum

CONFIDENTIAL
CIN046764

safety limit of 275 lbs. shall be grounds for discharge. Again, quarterly weigh-ins shall remain in effect until you demonstrate consistent adherence to the weight requirement.

As previously stated in the October 17, 2001 correspondence, both the Company and employees have certain obligations they must meet in their employment relationship. One of the Company's obligations is to provide a safe and healthy work place for its employees. One of the employee's basic obligations to the Company is to be ready, willing and able to work.

You are expected to maintain your body weight at or below the maximum weight limit of 275 lbs. in order to remain qualified to perform the essential functions of your job duties. The Company has afforded you every opportunity and more than a reasonable time frame of in excess of three (3) years to comply with the safe weight requirement and has incurred substantial time and expense in addressing same. It is the Company's sincere hope that you will comply with the safe weight requirements and thus remain qualified to perform the essential functions of your job duties so that discharge will not be a consideration in the future.

Sincerely,

John Wical

John Wical
Field Supervisor

Cc:    S.Feldhaus

2

CONFIDENTIAL
CIN046765

**INTERNAL CORRESPONDENCE**

Todd Tolbert was in today to be weighed

w/shoes
278.4

**CINERGY.**

w/o shoes
276.7

7/24/02
R. Caldwell

CONFIDENTIAL
CIN046766

The Cincinnati Gas & Electric Company
PSI Energy, Inc.

CF-110 9/95

3/28/0

Todd uses it to be nypued.
His euvovent ueght is

27/3

**CINERGY**®

CONFIDENTIAL
CIN046767

3/12/02

Todd was in to be
weighed. His current
weight is
271.2

**CINERGY**

CONFIDENTIAL
CIN046768

2/26/02

Todd was in to be
weighed. His current
weight is ———————→ 272.9.

**CINERGY**®

CONFIDENTIAL
CIN046769

# Documented Counseling Session

On Friday, February 12, 2002 I met with Todd Tolbert in the afternoon to discuss his conduct on Wednesday morning February13. After being instructed to report to the Medical Division to be weighed, and after he indicated he would follow that directive, he called me on my cell phone about an hour after our conversation to state he was not going to be weighed as directed. He stated he could not "get fired". (He had shared, during our earlier conversation, that at his doctor's office he weighed 279 lbs.) He stated he was going home sick. At that time I said OK and ended the conversation.

During this counseling session, I informed Todd that his actions on Wednesday were considered a refusal to submit to a medical evaluation. Although I may not have indicated his actions were considered unacceptable on Wednesday, I was informing him today that such an act on his part in the future would not be tolerated. Any time in the future that I direct him to report to be weighed should be considered a direct order. I told him that this issue is not one that is subject to progressive disciplinary action as other offenses may be treated. Refusal to submit to a medical evaluation, which being weighed is, is a dischargeable offense in itself. His refusal, or any other actions on his part considered evasive to this process may be grounds for discharge.

Supervisor _____ Date _____
        Scott Murrison

CONFIDENTIAL
CIN046770

Gennantonio-Keaton, Gina

From:
Sent:          Ward, David
To:            Thursday, February 14, 2002 5:39 PM
Cc:            Hoppenjans, Terry
Subject:       Murrison, Scott; O'Shea, Jill; Polley, John; Gennantonio-Keaton, Gina
               Attempt to Contact Todd Tolbert

February 14, 2002
Fairfield District Conference Room
Scott Murrison, Field Supervisor
Eric Sibcy, IBEW 1347 Union Representative
David Ward, Manager

4:25 p.m. – Scott Murrison called Todd Tolbert at 513-521-9844 from the Fairfield Conference Room telephone (513-287-4728). Todd has Caller ID and it would not accept the call unless the area code and telephone number was entered. This was done and a message came on saying "Please call back".

4:35 p.m. – Scott Murrison called Todd from his cellular telephone. Todd's Caller ID would not accept the telephone number because it is "Private".

4:40 p.m. Scott called Verizon and had the "Private" removed.

4:41 p.m. Scott called Todd from his cellular telephone again. He got to the message that said "Please call back".

4:50 p.m. Scott called Todd from the conference room telephone; same response "Please Call Back".

5:02 p.m. Scott called Todd from the conference room telephone; same response "Please Call Back".

Scott will attempt to get in touch with Todd again tomorrow Friday, February 15, 2002.

1

CONFIDENTIAL
CIN046771

Exhibit "C"
Page 7 of 11

**Gennantonio-Keaton, Gina**

From:
Sent:
To:
Cc:
Subject:

Hoppenjans, Terry
Thursday, February 14, 2002 1:19 PM
Murrison, Scott
Ward, David; O'Shea, Jill; Polley, John; Gennantonio-Keaton, Gina
Tolbert

Hi Scott,

As I discussed via telephone with you, the following is advice our area and legal would have to handle the Tolbert situation. The key here is to establish just cause to discharge him if he refuses to be medically evaluated. A telephone call should be made to Todd, hopefully this afternoon. In addition to you, another management person and the appropriate union representative should be present. The role of the other management person should be that of witness and, more importantly, note taker. The note taker should take every word of the conversation to the best of their ability. In their presence and on speaker phone, Todd should be told it is our belief that the reason he is making himself unavailable for work is to evade a medical evaluation that may pose risk to his employment. Share what statements he made to validate our beliefs. For this reason, we also have doubt about his claim to be "sick" at this time and we are requiring him to report Friday morning (at your chosen time) to be transported by supervision for a medical evaluation. If he asks, this will include being weighed. "I am giving you a direct order to report tomorrow for this medical evaluation........" are the exact words that should be used. "You must understand that your refusal to carry out this direct order is, in itself, just cause for your termination," are words that should also be said exactly. Make him state, in the presence of all, that he understands. Confirm with the union representative that he or she has also heard all said. Tell him you are repeating all to assure all on same page. Make it very clear about "direct order" and discharge for refusal to follow the order will result in discharge. Also mention that any other acts by him that the Company considers further effort to "evade" the medical evaluation issue will also likely be grounds for discharge. Make sure no one has questions. Allow him some private time with his union representative if he wishes after the meeting, but have all business complete prior to ending your conversation. Be sure all is documented to best of your ability. Supervision should transport him to Gina in Medical to be weighed and then to Queensgate to see Dr. Bell if further medical evaluation is deemed necessary by Gina. Good luck. Call me with questions at 4118 or page me. Thanks.

**Terry Hoppenjans**
thoppenjans@cinergy.com
513-287-4118

CONFIDENTIAL
CIN046772

**Gennantonio-Keaton, Gina**

---

| | |
|---|---|
| From: | Ward, David |
| Sent: | Friday, February 15, 2002 7:38 AM |
| To: | Ward, David; Hoppenjans, Terry |
| Cc: | Murrison, Scott; O'Shea, Jill; Polley, John; Gennantonio-Keaton, Gina |
| Subject: | RE: Attempt to Contact Todd Tolbert |

During the first call at 4:25 p.m. after he heard the message "Please Call Back" Scott left a message for Todd to call him back at 513-287-4728 and that his vacation request for Friday had been denied. We discussed this after the call but decided that we could not be sure that this was an answering machine or service. Therefore, no reference was made.

As it turned out, Todd got that first message and he showed up for work today at 0700 hours. Scott is in the process of getting Todd down to the company nurse to be weighed.

Dave

-----Original Message-----

| | |
|---|---|
| From: | Ward, David |
| Sent: | Thursday, February 14, 2002 5:39 PM |
| To: | Hoppenjans, Terry |
| Cc: | Murrison, Scott; O'Shea, Jill; Polley, John; Gennantonio-Keaton, Gina |
| Subject: | Attempt to Contact Todd Tolbert |

February 14, 2002
Fairfield District Conference Room
Scott Murrison, Field Supervisor
Eric Sibcy, IBEW 1347 Union Representative
David Ward, Manager

4:25 p.m. - Scott Murrison called Todd Tolbert at 513-521-9844 from the Fairfield Conference Room telephone (513-287-4728). Todd has Caller ID and it would not accept the call unless the area code and telephone number was entered. This was done and a message came on saying "Please call back".

4:35 p.m. - Scott Murrison called Todd from his cellular telephone. Todd's Caller ID would not accept the telephone number because it is "Private".

4:40 p.m. Scott called Verizon and had the "Private" removed.

4:41 p.m. Scott called Todd from his cellular telephone again. He got to the message that said "Please call back".

4:50 p.m. Scott called Todd from the conference room telephone; same response "Please Call Back".

5:02 p.m. Scott called Todd from the conference room telephone; same response "Please Call Back".

Scott will attempt to get in touch with Todd again tomorrow Friday, February 15, 2002.

CONFIDENTIAL
CIN046773

2/15/02

Todd was in to be
nughed. His current
wight is 270.8.

*CINERGY.*

CONFIDENTIAL
CIN046774

1/22/02

Todd lees is to be weighed.
His current weight is
276.2

CINERGY.

CONFIDENTIAL
CIN046775

Todd has in to be weighed
His current weight is 270.8.

**CINERGY.**

CONFIDENTIAL
CIN046776

# Seven Steps to a Safer Workplace

# Safety & Technical Training

Date: 4/8/03    Headquarters: Brecon TJO Cin

Instructors: Gregory Parris

| Employee Name | Employee Number | Supervisor's Name | Weight Restrictions | |
|---|---|---|---|---|
| 1. John Lee | 48622 | | ☐ Yes | ☑ No |
| 2. Milton Fleck | 25058 | | ☐ Yes | ☑ No |
| 3. Tim Clair | 18257 | | ☐ Yes | ☑ No |
| 4. Gary Palla | 18137 | | ☐ Yes | ☑ No |
| 5. Al Short | 74342 | | ☐ Yes | ☑ No |
| 6. Tom Lohr | 18440 | | ☐ Yes | ☑ No |
| 7. Terry Heidia | 32900 | Bob Getz | ☑ Yes  279.5 | ☐ No |
| 8. Mike Grosel | 29375 | | ☐ Yes | ☑ No |
| 9. Curt Addison | 17423 | | ☐ Yes | ☑ No |
| 10. Brad Clemens | 19828 | | ☐ Yes | ☑ No |
| 11. Dan Morris | 19815 | | ☐ Yes | ☑ No |
| 12. Tom Heinzman | 45813 | | ☐ Yes | ☑ No |
| 13. Rob Gadol | 19814 | | ☐ Yes | ☑ No |
| 14. Bernie Waters | 19829 | | ☐ Yes | ☑ No |
| 15. Shawn Waters | 87935 | | ☐ Yes | ☑ No |
| 16. Joey Sutton | 23860 | | ☐ Yes | ☑ No |
| 17. Bob Duffy | 21304 | | ☐ Yes | ☑ No |
| 18. Tom Gooch | 22834 | | ☐ Yes | ☑ No |
| 19. Bob Carter | 18123 | | ☐ Yes | ☑ No |
| 20. Todd Tolbert | 84975 | | ☐ Yes | ☑ No |
| 21. Charles Stewart | 87240 | | ☐ Yes | ☑ No |
| 22. David Austin | 17544 | | ☐ Yes | ☑ No |

ENTERED

Return completed sheets to Bob Feucht-Mezz-77

CONFIDENTIAL
CIN046777