IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BILLY BRANTLEY, et al.,      :      Case No.     C-1-01-378

        Plaintiffs,      :      Judge Dlott

    vs.      :

CINERGY CORP.,      :     DEFENDANT, CINERGY CORP.'S,
                    :     RESPONSE TO PLAINTIFFS',
        Defendant.      :     BILLY BRANTLEY, ET AL., FIRST
                    :     <u>SET OF INTERROGATORIES</u>

Comes now Defendant, Cinergy Corp., and for its response to Plaintiffs', Billy Brantley,

et al., First Set of Interrogatories, states as follows:

### <u>GENERAL OBJECTIONS</u>

1.     Defendant objects generally to Plaintiffs' First Set of Interrogatories, on the

grounds that the Interrogatories, including all discrete sub-parts, exceeds twenty-five (25), in

violation of Rule 33 (a) of the Federal Rules of Civil Procedure.

2.     Defendant generally objects to Plaintiffs' First Set of Interrogatories on the

grounds and to the extent which they require Defendant to provide a lengthy explanation which

can be explored through deposition. See, e.g., <u>FDIC v. Butcher</u>, 116 F.R.D. 203 (E.D. Tenn.

1987); <u>In Re Convergent Technology Securities Litigation</u>, 108 F.R.D. 328 (N.D. Ca. 1988);

<u>Penn Central Trans. Co. v. Armco Steel Co.</u>, 271 N.E. 977, 27 Ohio Misc. 76 (Montgomery

County Ct. of Common Pleas 1971) ("The interrogatory should be a narrow question that is

PLAINTIFF'S
EXHIBIT
tabbies
5

3/27/03

capable of being answered by a categorical statement without a lengthy explanation such as can be explored on deposition").

3.      Defendant generally objects to Plaintiffs' First Set of Interrogatories on the grounds and to the extent that Plaintiffs seek information which is protected by the attorney-client privilege and as work product.

4.      Defendant generally objects to Plaintiffs' First Set of Interrogatories on the grounds that they exceed the scope of discovery permitted by Rule 26 (c) and are overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and are designed to oppress and annoy and to serve as a "fishing expedition".

5.      Defendant generally objects to Plaintiffs' First Set of Interrogatories on the grounds that they are unreasonably cumulative or duplicative or the information is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) of the Federal Rules of Civil Procedure including, but not limited to, the depositions of plaintiffs.

6.      Defendant objects to Plaintiffs' instructions to the extent that they exceed the requirements of the Federal Rules of Civil Procedure.

7.      Defendant shall make available for inspection at the offices of Cinergy Services, Inc., 221 East Fifth Street, Cincinnati, Ohio 45201 or provide copies of the Bates-Stamped Documents at the request and cost of Plaintiffs subject to a Stipulated Protective Order agreed upon between the parties and/or by Order of the Court.

## INTERROGATORIES

1 [1-8].  For each Plaintiff, for the entirety of their employment by Defendant, **(1)** describe fully their work history and career or job path, including, but not limited to, each position held specifying **(2)** how, **(3)** why, and **(4)** by whom each was placed in each such position, **(5)** the rate of pay for each Plaintiff in each position; **(6)** each mentoring or training opportunity available to each Plaintiff, the dates applicable thereto; **(7)** each special work assignment or opportunity available to each Plaintiff, the dates applicable thereto; and **(8)** identify any and all documents which in whole or in part contain, set out, describe, explain, memorialize, or otherwise refer to such positions, mentoring, and/or training.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.  Further, defendant specifically objects to the language " each special work assignment or opportunity available to each plaintiff" as being overbroad, vague and ambiguous, unduly burdensome and not reasonably understandable. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable  from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of  plaintiffs.

AS TO OBJECTION

Jill T. O'Shea

Notwithstanding and without waiving this objection, see Bate-Stamped documents produced in response to Request For Production No. 7.  See, also, deposition testimony of Billy Brantley, Todd Tolbert, Anthony Martin and Rodney Jones.

2 [9-11].        For each Plaintiff, **(9)** identify all positive actions taken toward him by

Defendant which in any way concern each Plaintiffs' job performance, including, but not limited

to, awards, bonuses, promotions, commendations, and positive performance appraisals, **(10)**

stating for each the reasons for the action and **(11)** identify all persons with knowledge related to

each such action.

> ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad
> vague and ambiguous, unduly burdensome, unreasonable in terms of time
> period and seeks information which is not relevant, nor reasonably
> calculated to lead to the discovery of admissible evidence. Defendant
> specifically objects to the language "job performance" and "all positive
> actions" as being overbroad, vague and ambiguous, unduly burdensome
> and not reasonably understandable. Further, this interrogatory seeks
> information which is attorney-client privileged and constitutes work
> product. Defendant further objects on the grounds that this interrogatory is
> unreasonably cumulative or duplicative and is obtainable from some other
> source that is more convenient, less burdensome or less expensive in
> violation of Rule 26 (b) (2) (i) including, but not limited to, the
> depositions of plaintiffs.

AS TO OBJECTION

Jill T. O'Shea

> Notwithstanding and without waiving this objection, see Bate-Stamped
> Documents produced in response to Request For Production No. 7. See,
> also, deposition testimony of Billy Brantley, Todd Tolbert, Anthony
> Martin and Rodney Jones.

3 [12-14].        For each Plaintiff, **(12)** identify all adverse actions taken against him by

Defendant whether or not concerning Plaintiffs' job performance or lack of job performance,

including, but not limited to, demotions, terminations, disciplinary measures, warning notices

(oral or written), and performance appraisals with evaluations measuring less than the maximum

rating, **(13)** stating for each the reasons for the action and **(14)** identify all persons with

knowledge related to each such action.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad
vague and ambiguous, unduly burdensome, unreasonable in terms of time
period and seeks information which is not relevant, nor reasonably
calculated to lead to the discovery of admissible evidence.  Defendant
specifically objects to the language "all adverse actions" and "evaluations
measuring less than the maximum rating" as being overbroad, vague and
ambiguous, unduly burdensome and not reasonably understandable.
Further, this interrogatory seeks information which is attorney-client
privileged and constitutes work product.  Defendant further objects on the
grounds that this interrogatory is unreasonably cumulative or duplicative
and is obtainable from some other source that is more convenient, less
burdensome or less expensive in violation of Rule 26 (b) (2) (i) including,
but not limited to, the depositions of plaintiffs.

AS TO OBJECTION

Jill T. O'Shea

Notwithstanding and without waiving this objection, see Bate-Stamped
Documents produced in response to Request For Production No. 7.  See,
also, deposition testimony of Billy Brantley, Todd Tolbert, Anthony
Martin and Rodney Jones.

4 [15-31].    Identify and describe fully all job openings, offerings, and employment

opportunities available at any time from January 1, 1996 to the present, for the positions of **(15)**

Material Specialist "C", **(16)** Material Specialist "B", **(17)** Material Specialist "A", **(18)** Stores

and Salvage, **(19)** Equipment Operator, **(20)** Lineperson "C", **(21)**  Lineperson "A", **(22)**

Technical Advisor, **(23)** Lead Person, **(24)** Field Supervisor/Joint Trench, and **(25)** Field

Supervisor, **(26)** whether or not they were posted and, with respect to all decisions to fill

(whether by outside hire, promotion, transfer, or otherwise) any such positions, **(26)** identify all

applicants, bidders, candidates, individuals interviewed, **(27)** individuals offered any of the

positions, **(28)** individuals who accepted the positions; and **(29)** all decision makers and persons participating in the decisions with respect to such positions, **(30)** identify all written and oral communications regarding such job openings, offerings, and opportunities, and **(31)** identify all documents that in whole or in part contain, set out, describe, explain, memorialize, or otherwise refer to such job openings, offerings, and opportunities.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs. Defendant further specifically objects to the language "Stores and Salvage" and "Technical Advisor" as being overbroad, vague and ambiguous and not reasonably understandable. Defendant specifically objects to the request for information as to the positions of Material Specialist "C", Materials Specialist "B", Materials Specialist "A" on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence and is a "fishing" expedition designed to annoy and oppress. Defendant further specifically objects to the request for information as to the position of Lineperson "A" on the grounds that plaintiffs, Billy Brantley and Todd Tolbert, testified that they were timely promoted to the position of Lineperson "A" and the request is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence and is a "fishing" expedition designed to annoy and oppress. Defendant also objects based upon the privacy of non-party employees involved.

AS TO OBJECTION


Jill T. O'Shea

Notwithstanding and without waiving this objection, due to the breadth of plaintiffs' requests, the volume of job bids and applications and the passage of time, not all information may be readily available with respect to ach position plaintiffs request. With respect to the positions of **Material Specialist "C", Materials Specialist "B", Materials Specialist "A"**, the only named plaintiff to hold those positions was Rodney Jones. Rodney Jones testified that he was timely promoted to each of these job classifications. (see Jones depo., pp. 13, 18-19, 23-24, 26-31, 33-34). Moreover, plaintiff, Rodney Jones, has not held those positions in the last five (5) years or after 1997. Notwithstanding same, see Bate-Stamped Documents, Job descriptions for Material Specialists "C", "B" and "A", produced in response to Request for Production No. 11.

With respect to the position of **"Stores and Salvage"**, upon reasonable information and belief, no such position existed within the last five (5) years.

With respect to the position of **"Equipment Operator"**, see Bate-Stamped Documents, Job Description of Equipment Operator for T&D C&M from 1997 to the present produced in response to Request for Production No. 11.

Upon reasonable information and belief, see Bate-Stamped Document, bid sheet for Equipment Operator submitted by Rodney Jones on 9/8/99. There were no other occasions wherein Rodney Jones or the other named plaintiffs bid and/or applied for the Position of Equipment Operator from 1997 to the present produced in response to Request for Production No. 11.

With respect to the person of **Lineperson "C"**, see Bates-Stamped Documents, Job Descriptions of Lineperson "C", from 1997 to the present. produced in response to Request for Production No. 11

See, also, Bates-Stamped Documents, Lineperson "C" Job Position Postings for which Anthony Martin and/or Rodney Jones applied from 1997 to the present, Job Postings # 97-223*, # 98-196*, # 98-404*, # 99-115, # 99-250, # 99-494, and # 00-83 produced in response to Request for Production No. 11

*Job postings for which both applied.

**Job Posting # 97-223***

Posted

All Applicants identified by documents.

Rodney Jones and Anthony Martin applied.

Upon reasonable information and belief, Mike Marksberry performed the Field Assessment Tests. Tony Martin's Field Assessment Test was below average. Rodney Jones field assessment was not above average.

Neither received an interview. Mike Marksberry, Ron Stewart, Neil Schnecker and Ken Toebbe were involved in the Targeted Selection Interview Process.

Successful Candidates: Scott Chipman, Barry Dahl, Greg Halloran, Dennis Reeves, Dave Sharpshair, Rick Siry, Matt Tanner, Rodney Carter, Paul Ferrara, Allan Kirkpatrick, Fred Logan, Gary Nastold, Ralph Hetterick and Mark Newmann. Upon reasonable information and belief, Jeff Klenk was offered and did not accept the position of Lineperson "C".

**Job Posting # 98-196\***

Posted

All Applicants identified by documents.

Rodney Jones and Anthony Martin applied.

Upon reasonable information and belief, Rodney Jones did not undergo the Field Assessment Test Job Posting # 98-196. His score on the Field Assessment Test from Job Posting # 97-223 was utilized.

Upon reasonable information and belief, Anthony Martin did not undergo the Field Assessment Test, nor was he interviewed for Job Posting # 98-196. See, also, documents produced in response to Request for Production No. 7 as to Union Grievance related to job posting # 98-196.

Rodney Jones was interviewed in the Targeted Selection Interview Process by Roger Reis, Jerry Seiter, Glenn Neidlinger and Bill Gatto.

Successful Candidates: Rob Gador, Danny Morris, Jr., Grady Hamilton, William Haverbusch, Bernard Waters, John Hoskins, Christopher Brownstead, Bradley Clemens and Jeffrey Kelly.

**Job Posting # 98-404\***

Posted

All Applicants identified by documents.

Rodney Jones and Anthony Martin applied.

Rodney Jones scored 58.4 LP ("low pass") on the Field Simulation Test and was assessed by Dennis Roberts. He scored 63.6 LP on the interviews and was interviewed by Dennis Roberts, Bill Gatto, Paul Rauch and Mike Marksberry. Average score was 61.

Anthony Martin scored 60 fail on the Field Assessment Test and was assessed by Ron Lewis. Anthony Martin was not interviewed.

Successful Candidates: Jeremy Adam Barbour, Shane C. Donovan, Jerry D. Shaffer, Michael A. Miller, Craig E. Good and Kevin D. Stith.

**Job Posting # 99-115**

Posted

All Applicants identified by documents.

Rodney Jones applied.

Rodney Jones scored 71 on the Field Simulation Test and was assessed by Joe Getz. He scored 52.4 on the interviews and was interviewed by Bill Campbell, Ed Chapman, Bernadette Reinhard and Mike Marksberry. Average score was 61.7.

Successful Candidates: Kyle McMahan, Matt Brown, Jason T. Mitchell and John Schulte.

**Job Posting # 99-250**

Posted

All Applicants identified by documents.

Rodney Jones applied.

Used previous scores of 71 on the Field Simulation Test and 52.4 on the interviews.

Successful Candidates: Gary Robbins, Jason Carnahan, Shawn Akers, Jason Frazier, Jason Seiter, Mike Reinhard, Tim Delph, Joseph Julick, Stephen Jackson, Ronald Simpson, Michael Kunstman, Tom Heintzman, Todd French and Jim Zappa.

**Job Posting # 99-494**

Posted

All Applicants identified by documents.

Rodney Jones applied.

Rodney Jones scored 70.6 on the Field Simulation Test and was assessed by Jerry Seiter. He scored 62 on the interviews and was interviewed by Scott Murrison, T. Perry, Jerry Seiters and Mike Marksberry.  Average score was 66.3.

Successful Candidates: Jeff Bamforth, Steven Bepler, Matthew Bertram, Brian Cox, Phillip Eads, Rodney Karr, Christian Scheffer and Brian Schultz.

**Job Posting # 00-83**

Posted

All Applicants identified by documents.

Rodney Jones applied.

Rodney Jones scored 82.6 on the Field Simulation Test and was assessed by Scott Murrison. He scored 65.6 on the interviews and was interviewed by Scott Murrison, Bob Atkins, Ron Stewart and Joe Getz.  Average total score was 74.1

Successful Candidates: Donald Brown, Paul Dennis, Joseph Garcia, Christopher Geiman, Keith Jester, Lonnie Lacy, Kirby Rotheburger and David Whitford.

With respect to the **Lineperson "A" position**, see Bates-Stamped Documents, Job Description of Lineperson "A" from 1997 to the present produced in response to Request for Production No. 11.

Billy Brantley was promoted timely to the position of Lineperson "A" on April 6, 1992 after passing a written examination and sufficient time as a Lineperson "B" (See Exhibit 12 to deposition of Billy Brantley; Brantley depo., Vol. I, pp. 106-107). Todd Tolbert was likewise promoted timely to the position of Lineperson "A" on May 22, 1995 (Tolbert depo., Vol. I, p. 88) and any allegations related to the Lineperson "A" position are barred by the statute of limitations. See, also, documents produced in response to Request for Production Nos. 3 and 7.

With respect to the position of **"Lead Person" and/or "Training Crew Lead Person"**, Todd Tolbert testified that he applied for a  "lead person" job in April 1999. Billy Brantley testified he applied for Training Crew

Lead in 1999. (Brantley, Vol. II, pp. 232-236). The Temporary Training Lead Person hiring process has been validated internally in accordance with EEOC Guidelines.

See Bates-Stamped Documents, Temporary Training Crew Lead Position Postings for which Billy Brantley and/or Todd Tolbert applied or alleged to have applied by their deposition testimony from 1997 to the present produced in response to Request for Production No. 11.

**Posting for Temporary Training Crew Lead Closed 5/7/99**

Notice of Temporary Job Assignment posted on company bulletin boards.

Billy Brantley applied on 5/5/99 and Todd Tolbert applied on 4/28/99.

Billy Brantley and Todd Tolbert underwent the Supervisor Assessment Rating Process. Bill Brantley was evaluated by the supervisor, Cliff Zorb, and Todd Tolbert was evaluated by the supervisor, Glenn Neidlinger.

Upon reasonable information and belief, Billy Brantley and Todd Tolbert were not selected to undergo the Temporary Training Lead Person Simulation Assessment. Individuals involved in the Temporary Training Lead Person Simulation Assessment were Roger Reis, Ken Achberger and Nicha Flick.

Candidates who qualified for the Temporary Training Crew Lead position at that time included Anthony Lee Martin, Greg Stith, William Ruholt, Tony Moran, Bob Atkins, Doug McKinney, Paul Greve, Lisa Hook and Doug Schulte.

**August 2000 Posting for Training Crew Lead**

Notice of Temporary Job Assignment posted on company bulletin boards.

Billy Brantley applied.

Billy Brantley underwent the Supervisor Assessment Rating Process.

Billy Brantley underwent the Temporary Training Lead Person Simulation Assessment and was assessed by Ken Achberger, Ron Lewis and Bernadette Reinhard.

Successful candidates qualified for the temporary Training Crew Lead position at that time included: Bill Brantley, Bill Humbert, Greg Stith, Ron Perry and Bob Turner.

With respect to the **"Field Supervisor/Joint Trench"** position, Billy Brantley testified that he submitted a resume on line for the Joint Trench

Supervisor in late 2000, early 2001. (Brantley, Vol. II, p. 358). The only posting for this position during this time frame was in November 2000, job posting 00-407. Upon reasonable information and belief, there is no record of Billy Brantley submitting an application for this position. Notwithstanding same, see Bates-Stamped Documents, Job Posting 00-407 for Field Supervisor/Joint Trench produced in response to Request for Production No. 11.

**Job Posting # 00-407**

Posted

All Applicants identified by documents.

Individuals involved in the Targeted Selection Interview Process were Barb Eledge, Greg Hinkel, Lawrence Johnson and John Ryan.

Successful candidate was Teresa Jones.

With respect to the position of **Field Supervisor**, See Bate-Stamped Documents, Field Supervisor Position Job Postings for which Billy Brantley and/or Todd Tolbert applied or alleged to have applied by their deposition testimony from 1997 to the present produced in response to Request for Production No. 11.

**Job Posting # 99-347**

Posted for Three (3) Positions. Four (4) Positions filled due to retirement.

All Applicants identified by documents.

Billy Brantley and Todd Tolbert applied.

Upon reasonable information and belief, Billy Brantley and Todd Tolbert were not interviewed for the position.

Individuals involved in the Targeted Selection Interview Process were Dave Ward, Tony Platz and Al Perkins. Upon reasonable information and belief, Jim Stanley was involved in the final selection process.

Successful Candidates: Johner Wical, Brian York, Bob Atkins and Rick Cutsinger.

**Job Posting # 00-226**

Posted.

All Applicants identified by documents.

Bill Brantley testified that he submitted a resume for the Field Supervisor position in "June 2000" and did not receive an interview but did not follow up related to same. (Brantley, Vol. II, pp. 348). Upon reasonable information and belief, there is no record of Billy Brantley submitting an application for Job Posting # 00- 226.

Individuals involved in the Targeted Selection Interview Process were Ken Achberger, Al Perkins, Ken Toebbe and Don Eckstein. Upon reasonable information and belief, Jim Stanley was involved in the final selection process.

Successful Candidates: Tony Moran, Doug Jackson and Gene Barbour.

**Job Posting # 02-038**

Posted

All Applicants identified by documents.

Billy Brantley applied.

See Supervisor Evaluation Form.

Billy Brantley was interviewed in the Targeted Selection Interview Process by Al Perkins, Tony Moran and Ken Toebbe. Upon reasonable information and belief, Jim Stanley was involved in the final selection process.

Successful Candidates: Billy Brantley, Doug Wooten and Gary Wessendorf.

Defendant reserves the right to supplement this request as information becomes available.

5 [In excess of 25].    Identify all individuals who have been promoted within or into Cinergy Corporation management from January 1, 1996 to the present, and give the date of each such promotion, the nature of the promotion, identify all individuals who applied and/or were considered for such promotion, and identify all individuals who made or participated in each such promotion decision.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes attorney work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language as to "all individuals who have been promoted within or into Cinergy Corporation management" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

6 [In excess of 25].    For the entirety of Plaintiffs' employment by Defendant, describe fully, with respect to each Plaintiff, each work promotion or opportunity for which he applied or requested, but did not receive, including, but not limited to, each position, mentor or training opportunity, special work assignment, overtime assignment or other employment opportunity, the dates applicable thereto and, in those instances where another person was offered the promotion sought, or afforded the same or a similar opportunity, identify such person, and identify any and all documents which in whole or in part contain, set out, describe, explain, memorialize, or otherwise refer to each such work opportunity.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time

period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs. Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language "mentor or training opportunity, special work assignment, overtime assignment or other employment opportunity " and "another person was offered the promotion sought, or afforded the same or similar opportunity" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

7 [In excess of 25].    State and describe fully all the job duties of, qualifications for, and knowledge, skills and abilities ("KSA's") required for a Material Specialist "C", Material Specialist "B", Material Specialist "A", Stores and Salvage, Equipment Operator, Lineperson "C", Lineperson "A", Technical Advisor, Lead Person, Field Supervisor/Joint Trench, and Field Supervisor, and identify all documents that establish, memorialize, or discuss such duties, qualifications, and KSA's, identify all documents that, in whole or part, contain, set out, describe, explain, or otherwise refer to the job duties and/or qualifications and/or KSA's of the Material Specialist "C", Material Specialist "B", Material Specialist "A", Stores and Salvage, Equipment

Operator, Lineperson "C", Lineperson "A", Technical Advisor, Lead Person, Field

Supervisor/Joint Trench, and Field Supervisor positions.

> ANSWER:  Defendant objects to this interrogatory on the grounds that it is overbroad,
> vague and ambiguous, unduly burdensome, unreasonable in terms of time
> period, and seeks information which is not relevant, nor reasonably
> calculated to lead to the discovery of admissible evidence.   Defendant
> further objects on the grounds that this interrogatory is unreasonably
> cumulative or duplicative and is obtainable from some other source that is
> more convenient, less burdensome or less expensive in violation of Rule
> 26 (b) (2) (i).
>
> Plaintiffs have served more than twenty five (25) Interrogatories,
> including all discrete sub-parts, in violation of Rule 33 of the Federal
> Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

8 [In excess of 25].     State and describe fully and in detail the qualifications and/or

technical abilities and/or KSAs that Billy Brantley, Rodney V. Jones, and Anthony Martin lacked

in each instance when they could have been, but were not, selected for the positions of Material

Specialist "C", Material Specialist "B", Material Specialist "A", Stores and Salvage, Equipment

Operator, Lineperson "C", Lineperson "A", Technical Advisor, Lead Person, Field

Supervisor/Joint Trench, and Field Supervisor, and identify all written and oral communications

and other documents that, in whole or in part, contain, set out, describe, explain, memorialize, or

otherwise refer to Brantley' s, Jones', and Martin's qualifications and/or technical abilities and/or

KSAs, or lack thereof.

> ANSWER:  Defendant objects to this interrogatory on the grounds that it is overbroad,
> vague and ambiguous, unduly burdensome, unreasonable in terms of time
> period, and seeks information which is not relevant, nor reasonably
> calculated to lead to the discovery of admissible evidence.  Moreover, this

interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

9 [In excess of 25].    State fully Cinergy Corporation's policy on discrimination and harassment. State fully and describe in detail the Defendant's process for responding to complaints of discrimination and/or harassment.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i).

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

10 [In excess of 25].   Identify all written and oral communications between and among Defendant's managers and officials regarding all complaints and grievances raised by Plaintiffs regarding discrimination, mistreatment, unfairness of employment practice(s), promotions, scheduling, work duties or assignments, supervision, safety, training, work opportunities, or personnel problems of any sort, whether such complaints or grievances related to Plaintiffs themselves, or to others, including, but not limited to, other African American employees of Defendant, and identify all documents that in whole or in part contain, set out, describe, explain, memorialize, or otherwise refer to such written and/or oral communications and/or to such complaints by Plaintiffs.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs. Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language "mistreatment, unfairness of employment practice(s)" and "scheduling, work duties or assignments, supervision, safety, training, work opportunities or personnel problems of any sort" and "other African American employees of Defendant" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

11 [In excess of 25].   Identify all communications, whether oral or written, regarding racial discrimination, or complaints or allegations thereof, involving the Plaintiffs, between or among any of Defendant's current and former corporate officers and/or managers, including, but not limited to, Plaintiffs, and identify any action that was discussed, considered, taken (whether then, previously, or subsequently), and/or indicated would, could or might be taken, or would, could, or might not be taken with respect thereto.

ANSWER:   Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs.  Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language as to "or complaints or allegations thereof, involving the Plaintiffs, between or among any of Defendant's current or former corporate officers and/or managers" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a  "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_

Jill T. O'Shea

12 [In excess of 25].   Describe fully and in detail the facts surrounding the promotional and disciplinary decisions involving Plaintiffs, identifying all persons involved, what happened, the nature and extent of the application process, the methods relied on to review applicants for promotions, the qualifications looked for in applicants, the nature and extent of any complaints filed in response to such promotional decisions, the nature and extent of the investigation, if any, into such promotional decisions, the nature and extent of any disciplinary or other action(s) taken with respect to such promotional decisions, and identify all communications and documents relating to such decisions.

ANSWER:   Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_

Jill T. O'Shea

13 [In excess of 25].   State fully and describe in detail all actions taken by Defendant

with respect to any complaints about racial discrimination or harassment involving the Plaintiffs.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs.   Moreover, this Interrogatory is duplicative to Interrogatory Nos. 10 and 11.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

14 [In excess of 25].   State fully and in detail all facts that support and/or contradict

Defendant's denial of Plaintiffs' allegations of racial discrimination in Cinergy's promotional,

disciplinary, and work assignment decisions, and identify all witnesses who have any knowledge

of such facts, and identify all documents that tend to support or contradict such facts.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less

burdensome or less expensive in violation of Rule 26 (b) (2) (i). Moreover, this Interrogatory is duplicative to Interrogatory Nos. 6 and 8.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_
Jill T. O'Shea

15 [In excess of 25].   State fully and in detail all facts surrounding the development and implementation of Defendant's weight limitations for Linepersons policy, including, but not limited to Defendant's policies concerning the reassignment, discipline, suspension, demotion, or discharge of individuals failing to adhere to Defendant's weight limitation policy, and identity all communications, whether oral or written, that, in whole or in part, contain, set out, describe, explain, memorialize, discuss or otherwise refer to the weight limit policy for Linepersons.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i).

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

16 [In excess of 25].   Identify all applicants for Lineperson positions and current and

former Linepersons who have been weighed pursuant to Defendant's weight limit policy for

Linepersons and all persons who have been required to submit to periodic weigh-ins, and for

each individual, identify any actions taken or threatened by Defendant for failure to meet

Defendant's weight restrictions for Linepersons, including, but not limited to, transfers, duty

limitations or restrictions, demotions, mandatory medical evaluations, and any adverse

employment actions up to and including suspension or discharge, and identify all

communications or documents relating to such actions.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information  which is attorney-client privileged and constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

17 [In excess of 25].   Identify all employees of Defendant who, since January 1, 1996, have been demoted as a result of becoming physically unable to satisfactorily and safely perform the regular duties of their job classification, and of those employees, listing separately those employees whose pay has reduced to below the "red circled" wage rate equal to fifty (50) percent of the differential between the maximum wage rate of the job classification to which they are demoted and their former job classification; identify all criteria and Company policies guiding said decisions; identify those Company managers, supervisors, personnel, or agents responsible for determining said demotions and pay reductions; and identify any and all communications or documents relating to such demotions and pay reductions.

> ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language "as a result of physically becoming unable to satisfactorily and safely perform the regular duties of their job classification " on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.
>
> Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

> AS TO OBJECTION
>
> Jill T. O'Shea

104003                                24

18 [In excess of 25].   Identify each employee disciplined, demoted, or terminated by the

defendant company Cinergy Corporation from January 1, 1996 to the present, and for each such

employee separately state the employee's race, the title of the position disciplined in, demoted or

terminated from, and the reason for the discipline, demotion, or termination.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad,
vague and ambiguous, unduly burdensome, unreasonable in terms of time
period, and seeks information which is not relevant, nor reasonably
calculated to lead to the discovery of admissible evidence.  Moreover, this
interrogatory seeks information which is attorney-client privileged and
constitutes work product.  Defendant further objects on the grounds that
this interrogatory is unreasonably cumulative or duplicative and is
obtainable from some other source that is more convenient, less
burdensome or less expensive in violation of Rule 26 (b) (2) (i).
Defendant also objects based upon the privacy interests of the non-party
employees involved.   Defendant specifically objects to the language
"disciplined, demoted or terminated by the defendant company" on the
grounds that it is overbroad, vague and ambiguous, unreasonable in terms
of time period and constitutes a  "fishing" expedition designed to annoy
and oppress and is unduly burdensome and harassing. Further, defendant
objects to language "termination" on the grounds that none of plaintiffs
were terminated.

Plaintiffs have served more than twenty five (25) Interrogatories,
including all discrete sub-parts, in violation of Rule 33 of the Federal
Rules of Civil Procedure.

AS TO OBJECTION


Jill T. O'Shea

19 [In excess of 25].   Identify each person the Defendant may call as an expert witness at

trial and state the following with respect to each, state the witnesses name, profession or

occupation and address; purpose for calling each witness; educational background; experience in

the subject area; subject matter on which expert is expected to testify; the substance of the facts,

contentions, reasoning, opinions, or other testimony about which each such expert is expected to

testify; summary of the grounds of each opinion; complete bibliography of books, treatises,

articles and other works which each such expert has author or co-author; and a complete

bibliography of books, treatises, articles and other works which the expert regards as

authoritative on the subject on which each such expert is expected to testify.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad,
vague and ambiguous, unduly burdensome, unreasonable in terms of time
period, and seeks information which is not relevant, nor reasonably
calculated to lead to the discovery of admissible evidence.  Moreover, this
interrogatory seeks information which is attorney-client privileged and
constitutes work product.  Defendant will identify expert witnesses in
compliance with Rule 26 (a)(2) of the Federal Rules of Civil Procedure
and the applicable Calendar Order of this Court.

Plaintiffs have served more than twenty five (25) Interrogatories,
including all discrete sub-parts, in violation of Rule 33 of the Federal
Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

20 [In excess of 25].    State the passage rates on promotion exams for white employees as

compared with African-American employees.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad,
vague and ambiguous, unduly burdensome, unreasonable in terms of time
period, and seeks information which is not relevant, nor reasonably
calculated to lead to the discovery of admissible evidence.  Moreover, this
interrogatory seeks information which is attorney-client privileged and

constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved.  Defendant specifically objects to the language "passage rates" and "promotion exams" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_

Jill T. O'Shea

21 [In excess of 25].   Identify and provide the complete employment history of every employee who has filled the Lineman "A" (or Lead person "BB") position on a temporary basis, listing separately employees who were subsequently promoted permanently into the Lineman "A" (or Lead person "BB" position).

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.  Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved.  Defendant specifically objects to the language "every employee who had filled the Lineman 'A' (or Lead person 'BB')" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a  "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

22 [In excess of 25].    Identify and state the complete employment histories of all white men trained by Billy Brantley who have subsequently been promoted into supervisory positions.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs. Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language "all white men trained by Billy Brantley" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

23 [In excess of 25].   State Cinergy's corporate policy with regards to individuals with

disabilities, including but not limited to Sleep Apnea.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad,
vague and ambiguous, unduly burdensome, unreasonable in terms of time
period, and seeks information which is not relevant, nor reasonably
calculated to lead to the discovery of admissible evidence.  Moreover, this
interrogatory seeks information which is attorney-client privileged and
constitutes work product.  Defendant further objects on the grounds that
this interrogatory is unreasonably cumulative or duplicative and is
obtainable from some other source that is more convenient, less
burdensome or less expensive in violation of Rule 26 (b) (2) (i).
Moreover, this Interrogatory seeks information which is proprietary,
confidential and privileged. It further exceeds the scope of discovery
permitted by Rule 26 (c) and is overbroad, vague and ambiguous, unduly
burdensome, unreasonable in terms of time period, and designed to
oppress and annoy and to serve as a "fishing expedition". Defendant
further objects to the language "disabilities" as being overbroad, vague
and ambiguous and not reasonably understandable. Moreover, this
Interrogatory exceeds the scope of discovery on the grounds that it seeks a
legal conclusion.

Plaintiffs have served more than twenty five (25) Interrogatories,
including all discrete sub-parts, in violation of Rule 33 of the Federal
Rules of Civil Procedure.

AS TO OBJECTION

Jill T. O'Shea

24 [In excess of 25].   Describe in detail the Company's "retest policy" and identify every

instance where an employee was required to sign an agreement stipulating that he/she would not

apply for and/or test for a promotion in the future, identify the criteria and Company policies

governing said agreements, identify those Company managers, supervisors, personnel, or agents

responsible for making and enforcing said agreements, and identify any and all communications or documents relating to such agreements.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language "retest policy" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_
Jill T. O'Shea

25 [In excess of 25]. If Cinergy has studied or assessed the possible adverse effects of any of its selection process on African-Americans, for each such practice, procedure or criteria, state the following: the period of time for which the possible adverse effect was studied or assessed; the identity of the person(s) who studied or assessed such adverse effect; identify any documents pertaining to such study or assessment; and describe what data or information was studied or assessed and state the conclusions, if any, which were drawn from such data or information.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i). Defendant also objects based upon the privacy interests of the non-party employees involved. Defendant specifically objects to the language "possible adverse effects of any of its selection process on African-Americans" on the grounds that it is overbroad, vague and ambiguous, unreasonable in terms of time period and constitutes a "fishing" expedition designed to annoy and oppress and is unduly burdensome and harassing.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

*Jill T. O'Shea*

Jill T. O'Shea

26 [In excess of 25].    State in detail the basis for the Defendant's defense and/or contention that Plaintiffs have not been damaged by Defendant and specify (a) the total amount of damages in dollars that Defendant contends Plaintiffs may have sustained, if any, (b) the fringe benefits, if any, Defendant contends that Plaintiffs may have lost, and (c) the manner in which such damage figures were calculated, including a breakdown of the dollar amount attributable to each element of the damages.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product. Defendant further objects on the grounds that

this interrogatory is unreasonably cumulative or duplicative and is obtainable from some other source that is more convenient, less burdensome or less expensive in violation of Rule 26 (b) (2) (i) including, but not limited to, the depositions of plaintiffs. Moreover, this Interrogatory seeks information which is proprietary, confidential and privileged. Moreover, this Interrogatory exceeds the scope of discovery on the grounds that it seeks a legal conclusion.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_
Jill T. O'Shea

27 [In excess of 25].   Identify each individual who supplied information for or otherwise contributed to the answering of these interrogatories and, with respect to each such person, state the subject matter of each person's information or other contribution.

ANSWER:    Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, unduly burdensome, unreasonable in terms of time period, and seeks information which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory seeks information which is attorney-client privileged and constitutes work product.

Plaintiffs have served more than twenty five (25) Interrogatories, including all discrete sub-parts, in violation of Rule 33 of the Federal Rules of Civil Procedure.

AS TO OBJECTION

_Jill T. O'Shea_
Jill T. O'Shea

Respectfully submitted,

*Jill T. O'Shea*

Jill T. O'Shea   (0034692)
Attorney for Defendant
Cinergy Corp.
139 East Fourth Street
Rm. 25 AT II
P.O. Box 960
Cincinnati, OH  45201-0960


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served by ordinary U. S. mail this 27th day of March, 2003 to:


Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202

David W. Sanford
Eric Bachman
Charles Dixon
GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
7 DuPont Circle
Suite 200
Washington, D.C.  20036

Grant E. Morris (via ordinary mail)
LAW OFFICES OF GRANT E. MORRIS
7 DuPont Circle
Suite 250
Washington, D.C.  20036


*Jill T. O'Shea*

Jill T. O'Shea

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, TODD TOLBERT, RODNEY V. JONES, AND ANTHONY MARTIN, | ) ) ) | CASE NO.: 01-CV-378 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE SUSAN J. DLOTT |
| v. | ) | |
| | ) | |
| CINERGY CORPORATION, | ) | |
| | ) | Complaint filed: June 7, 2001 |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF ANTHONY MARTIN'S RESPONSE TO DEFENDANT CINERGY CORP.'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Plaintiff Anthony Martin, and objects and responds to the Defendant's Second Set of Interrogatories and Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.    The Plaintiff objects to these discovery requests to the extent they seek information or documents protected from discovery and/or disclosure by the attorney/client privilege, the work product doctrine, or any other applicable privilege.

2.    The Plaintiff objects to these discovery requests to the extent they seek information or documents neither material nor relevant to the claims or defenses of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.    The Plaintiff objects to these discovery requests to the extent they are overly broad and/or unduly burdensome.

4.    The Plaintiff objects to these discovery requests to the extent they are so vague and ambiguous as to be incapable of a definite response.

5.    The Plaintiff objects to these discovery requests to the extent they seek confidential or proprietary information or documents.  Notwithstanding this objection, the Plaintiff agrees

1



PLAINTIFF'S EXHIBIT

6

to provide, if any exist, as more fully set forth below, such information or documents subject to the terms of a mutually agreeable protective order to be entered in this action.

6.    The Plaintiff objects to these discovery requests to the extent they call for conclusions of law.

7.    The Plaintiff objects to these discovery requests to the extent that they seek and/or require the production of documents which are not in the Plaintiff's possession, custody, or control.

8.    The Plaintiff objects to the time and place of production for documents specified in these discovery requests but state, to the extent that the documents are available, as more fully set forth below, they will be produced at a mutually convenient time and place.

9.    The Plaintiff objects to the definitions and instructions in the discovery requests to the extent they seek to require the Plaintiff to comply with requirements beyond the scope of or impose burdens, duties and obligations in excess of or different from those imposed by applicable law and the Federal Rules of Civil Procedure.

10.    The Plaintiff objects to these discovery requests to the extent they seek to discover "core" work product, including the disclosure of the mental impressions, conclusions, opinions, and/or legal theories of attorneys or other representatives of Plaintiff and/or the substance of information developed by them (i.e., interpretive, not investigatory) in preparation for the trial of this action.

11.    The Plaintiff objects to these discovery requests to the extent that the information sought, if any, was obtained and prepared in anticipation of litigation, and the Defendant has not made the required showing of substantial need for the information or that the substantial equivalent of such information is unobtainable by other means. The Plaintiff further objects to these discovery requests to the extent that the information called for, if any, is privileged and is not discoverable under FRCP 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495 (1947).

12.    The Plaintiff objects to these discovery requests to the extent that they seek information that is equally available to the Defendant, and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

13.    The Plaintiff objects to these discovery requests to the extent they seek information or documents relating to expert witnesses, witnesses, and trial exhibits in excess of the disclosure duties imposed by the Federal Rules of Civil Procedure and the Court's Orders relating to such matters.

14.    The Plaintiff objects to these discovery requests to the extent that they seek information regarding matters which are not at issue in this action.

2

15.    The Plaintiff objects to these discovery requests to the extent that they do not, on their face, restrict themselves either to an identifiable time or a reasonable, rationally-based time frame.

16.    The Plaintiff objects to these discovery requests to the extent that they are oppressive, i.e., designed to create an unreasonable burden on the Plaintiff which burden is not commensurate with the professed result sought.

17.    Except as otherwise indicated, the Plaintiff incorporates the General Objections into each and every response set forth below.  By responding to any of the discovery requests, the Plaintiff does not waive any of the foregoing General Objections.

The Plaintiff responds to the specific Interrogatories as follows:

1.    Please identify any and all Caucasian employees who "hollered and cussed at you" when you first became a groundperson as referenced on page 95 of your deposition transcript (Vol. I).

**Response to Interrogatory No. 1**: The Caucasian employees who "hollered and cussed at [Plaintiff Martin]" when Plaintiff first became a groundperson, as referenced on page 95 of his deposition transcript, are Ronnie Ayers, Rich Cutsinzer, and Eric Murph.

2.    Please identify any persons who were successful candidates for the Lineperson C position for which you applied who asked you questions how to do the work and describe in detail and with particularity each and every question asked, the date of each and every question and the name of all person(s) present during each and every question as referenced on p. 181 of your deposition.

**Response to Interrogatory No. 2**: In 2002, Plaintiff was instructed by his supervisor, Senior Lineman A Bob Turner, to teach the new C-Lineperson, Tom Dall, how to make up pot heads on a 72-cable.

3.    Please identify the name of the Caucasian Supervisor whom you observed was present as Brecon while individuals were allegedly practicing the field assessment test as referenced on pp. 342-345 of your deposition transcript (Vol. II).

**Response to Interrogatory No. 3**: The Caucasian supervisors present at Brecon while individuals were practicing for the field assessment test were Danny Morris and Mike Marksbury.

The Plaintiff responds to the specific Requests for Production of Documents as follows:

1.    Please produce copies of any and all paperwork that you referenced on page 93 of your deposition transcript (Vol. I) which would refresh your recollection as to the names of any Caucasian employees who "hollered and cussed at you" when you first became a groundsperson.

**Response to Request No. 1**: Plaintiff will produce all non-privileged responsive documents, attached hereto as Attachment A.

2.      Please produce a copy of any and all "lists" in your possession, custody or control and/or in the possession, custody or control of your attorney, agent or representative as referenced on p. 181 of your deposition transcript (Vol. I).

**Response to Request No. 2**: Plaintiff will produce all non-privileged responsive documents, attached hereto as Attachment A.

Respectfully submitted this 27th day of March, 2003.

DAVID W. SANFORD, D.C. Bar No. 457933
ERIC BACHMAN, KY Bar No. 88122
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
7 DUPONT CIRCLE, N.W.
SUITE 200
WASHINGTON, D.C. 20036
Telephone: (202) 467-4123
Facsimile: (202) 467-4489

GRANT MORRIS, ESQ. D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
7 DUPONT CIRCLE, N.W.
SUITE 250
WASHINGTON, D.C. 20036
Telephone: (202) 331-4707
Facsimile: (202) 467-4489

PAUL H. TOBIAS, OH Bar No. 0032415
DAVID D. KAMMER, OH Bar No. 0061808
**TOBIAS, KRAUS & TORCHIA, LLP**
414 WALNUT STREET
SUITE 911
CINCINNATI, OH 45202
Telephone: (513) 241-8137
Facsimile: (513) 241-7863

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served via United States Mail, first class postage prepaid, upon the following counsel of record:

> Jill Thompson O'Shea, Esq.
> Atrium II
> 139 East Fourth Street
> P.O. Box 960
> Cincinnati, OH 45201

This the 27th day of March, 2003.

_____
Attorney for Plaintiffs

5

<u>VERIFICATION</u>

     I, Anthony Martin, swear and subscribe under penalty of perjury that the foregoing facts and contentions set forth in my answers to Defendant Cinergy Corp.'s Second Set of Interrogatories and Requests for Production of Documents are true and correct to the best of my knowledge.


×2-14-03
_____
Dated

×  *Anthony Martin*
_____
Signature

Cinergy Corp.
139 East Fourth Street, Rm 25 AT II
P.O. Box 960
Cincinnati, OH 45201-0960
Tel 513.287.2649
Fax 513.287.3810

**JAY R. ALVARO**
Counsel

June 29, 1999

**CINERGY.**

Sheila M. Smith, Esq.
Freking & Betz
215 East Ninth Street, Fifth Floor
Cincinnati, Ohio 45202

RE:  Anthony Martin

Dear Ms. Smith:

As we discussed on Thursday, June 24, 1999, the following is an outline of The Cincinnati Gas & Electric Company's ("CG&E" or "Company") proposal for Mr. Martin's consideration:

1.  The Company will make an exception to the Retest Policy for Apprentice Lineworker Simulation and Interviews.  Mr. Martin may elect to retest only on the Working at Heights exercise and not retest on the entire simulation. Mr. Martin's score of 60 from the January 1999 assessment would be recalculated using his new Working at Heights exercise score.  If Mr. Martin passes the Working at Heights exercise, he would receive an interview for the Lineperson "C" position.  Mr. Martin's interview score and new field assessment score would be added together and averaged for an overall score.  Mr. Martin's overall score would be grouped and compared with all other potential candidates for the August 1999 assessment to determine if he qualifies for the Lineperson "C" Apprentice Program.

2.  Mr. Martin and the Company would execute a Waiver and Release of all potential claims up through the date of execution of the Agreement against the Company, its parent and subsidiaries, and Local Union No. 1347 of the International Brotherhood of Electrical Workers ("Union").  The Release would include a release of any back wage and related interest claims for missed merit increases, and confidentiality provisions applicable to both parties.  The Company has a standard Waiver that we could use as a starting point.

Received 6/30/99

Mail to Client



PLAINTIFF'S
EXHIBIT
7

The Cincinnati Gas & Electric Company

Sheila M. Smith, Esq.
Freking & Betz
June 29, 1999
Page 2


3.     Mr. Martin would recommend to the Union withdrawing those grievances
       against the Company related to the field assessment tests for the Lineperson
       "C" position and back wages for missed merit increases.

4.     This retest of the Working at Heights exercise would be Mr. Martin's last
       attempt for the Lineperson "C" Apprentice Program.  Mr. Martin would
       agree that he would not apply and/or test for the Lineperson "C" Apprentice
       Program in the future.  Currently, the Retest Policy for Apprentice
       Lineworker Simulation and Interviews states, "Candidates are not
       guaranteed of having the opportunity to retest."  No candidate for the
       Program has a guaranteed right to retest.

Please discuss the Company's proposal with Mr. Martin and let me know at your
earliest convenience of Mr. Martin's decision so that the Company has adequate
time to schedule Mr. Martin into the next assessment.  Please call me at 287-2649
if you have any questions.

Sincerely,

Jay R. Alvaro

JRA/ssf