IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al., | : | Case No.     C-1-01-378 |
| | : | |
| Plaintiffs, | : | Judge Michael H. Watson |
| | : | |
| vs. | : | |
| | : | DEFENDANT, CINERGY CORP.'S |
| | : | REPLY MEMORANDUM IN |
| CINERGY CORP., | : | SUPPORT OF MOTION TO SEVER |
| | : | |
| Defendant. | : | |

## I.     INTRODUCTION

Plaintiffs' response is remarkable for the fact that it all but admits the fundamental points that demonstrate that the claims of the four Plaintiffs in this matter should be severed. Plaintiffs held different positions at different times throughout their careers, worked primarily under different supervisors at different times and allege different specific acts and types of discrimination. Their claims involve different decision makers, different alleged promotions opportunities, different policies, different standards, different work histories, and different employment actions. Plaintiffs fail to dispute that each of the alleged employment acts and types of decisions were based on each individual Plaintiff's individual work history and environment. In short, they can point to nothing that satisfies the dictates of Rule 20(a) that their claims arise out of the same transactions or occurrences.[1]

---

[1]     By way of procedural background, Defendant, Cinergy Corp.'s Motion to Sever was originally filed on February 28, 2003. Plaintiffs' Memorandum in Opposition to Defendant's Motion to Sever Plaintiffs' Claims was filed on March 20, 2003 and Defendant, Cinergy Corp.'s, Reply Memorandum In Support of Motion to Sever.

Instead, Plaintiffs have sought to stitch together a patchwork quilt of alleged common elements based largely upon snippets of hearsay, selective disregard of undisputed facts, and by playing a shell game based solely on the mere allegations of their pleadings. Because Plaintiffs' claims do not arise out of the same transactions or occurrences, and do not arise out of the same series of transactions or occurrences, they should be severed.

## II.    WHAT IS NOT IN DISPUTE

Plaintiffs do not and cannot make any argument that joinder would be mandatory under the facts in this case and, instead, rely upon the permissive joinder of parties pursuant to Rule 20(a). That Rule, Plaintiffs concede, permits joinder only if the claims arises out of "the same transaction, occurrence, or series of transactions or occurrences, and if any questions of law or fact common to these persons will arise in the action."

Plaintiffs all but concede that there is no single transaction or occurrence that their claims share in common. Plaintiffs further concede in their memoranda that each of the Plaintiffs alleges a different type of discrimination with frequently no relationship to any of the claims asserted by any of the others. With the possible exception of a single job or two applied for by two of the Plaintiffs and one or two incident discrete incidents involving varied discipline, they cannot identify a number of common incident or series of related incidents that their claims have in common.

For example, Plaintiff Brantley's allegations relate to promotions to management or exempt positions, yet Brantley was promoted to the position of supervisor in 2002 after he admittedly stepped up to the plate and has experienced no discrimination since that time.

---

Plaintiffs' Claims was filed on March 24, 2003. Defendant re-filed its motion on July 29, 2004 pursuant to the Court's January 8, 2004 Order without prejudice to resubmission and the Court's July 20 Order requiring that Defendant re-file any Motions on or before August 2, 2004. Defendant, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, incorporates by reference its reply memorandum filed on March 24, 2003.

Plaintiff Tolbert is the sole Plaintiff with allegations involving the maximum weight limitation, a demotion and a claim for disability discrimination.  Plaintiff Jones is the only Plaintiff who worked in the Materials Management department and asserting a constructive discharge.  Jones applied for the Lineperson "C" position from outside the department, passed the EEOC validated Field Assessment Test and was subject to different decision-makers during the EEOC validated Targeted Selection Interview Process. Martin, to the contrary, failed the EEOC validated Field Assessment Test when he applied for the Lineperson "C" position notwithstanding the fact that he had worked in the T&D C&M Department as a Groundperson since 1991 (see pages 3-11 of Statement of Facts of Motion to Sever). Even a casual reading of Plaintiffs' response demonstrates that they each seek to challenge different decisions made largely by different decision-makers and at different discrete time periods over the course of a decade.  These claims do not, as a matter of law, relate to the same transaction or occurrence, or same series of transactions or occurrences, thus demonstrating that the claims should be severed.

## III.    ARGUMENT

Much of Plaintiffs' response relies upon the same hearsay, time-barred, fragmentary, or unsupported allegations they raised in opposition to Defendant's Motion for Summary Judgment. In the interest of brevity, and pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, Defendant incorporates by reference the memoranda and reply memoranda in support of those motions.  This reply will focus upon the contentions made by Plaintiffs with respect to the alleged relatedness of their claims.

### A.    Plaintiffs' Claims Are Unique.

Despite Plaintiffs' protestations to the contrary, their claims will, in fact, involve a case-by-case analysis of each of their individual situations.  Plaintiffs' claims do not overlap and do not involve the same series of alleged discriminatory transactions by the same decision-makers at

the same time periods.  The alleged incidents consist of isolated and unrelated occasions, based largely upon hearsay, arising sporadically over a time period of over two decades and an extended geographic area with a number of work locations.  Each of the Plaintiffs complains about different isolated decisions, made at different point in time and based upon different factors.

        1.     <u>Brantley's Claims Are Unique</u>.

Brantley's Complaint, for example, relates to the promotion to supervisor, a position he concedes he received once he, in his words, "stepped up to the plate" and began taking the steps needed to become a supervisor.  There was no allegation that Plaintiffs Martin or Jones ever applied for that position.  Tolbert applied for a supervisory position on one occasion, Job Posting 99- 347, for which Brantley applied but different considerations necessarily were involved based on their individual work histories.  Brantley and Tolbert, in fact, promoted to the Lineperson "C" long ago and timely promoted through the Lineperson progression whereas  Jones and Martin claimed they did not because of their race.

        2.     <u>Tolbert's Claims Are Unique</u>.

Plaintiff Tolbert is the only Plaintiff to have any claim relating to the Company's weight limitation policy.  None of the other Plaintiffs, Brantley, Martin, or Jones, has any claim under that policy, or any complaint regarding the application of that policy to them.  Tolbert is also the sole Plaintiff to pursue a disability discrimination claim.

        3.     <u>Martin's Claim Is Unique</u>.

Plaintiffs Jones and Martin applied for a handful of the same Lineperson "C" postings in the 1997 and 1998 whereas both Plaintiffs Brantley timely promoted to that position in 1989 and Plaintiff Tolbert likewise promoted to that position within 18 months of his hire in 1991 and timely promoted through the Lineperson progression. Plaintiffs Martin and Jones have diverse

work and performance histories in different departments. Martin and Jones had difficulties with different portions of the externally validated EEOC targeted selection process. Martin conceded that he performed poorly on a test demonstrating that he could climb utility poles in 1995, an obviously essential part of the job of a lineperson, and later failed the Working at Height component in December of 1998. By contrast, Jones' scores were low in his interview  scores although he improved to the point where he was five candidates away from the successful candidates out of hundreds of applicants the last time he applied in 2000, Job Posting 00-83.

    4.    <u>Plaintiff Jones' Claim Is Unique</u>.

Plaintiff Jones' claims have absolutely nothing in common with Brantley or Tolbert. They had no positions in common, had no common decision-makers, and Jones spent his career in a different department. Jones similarly lacks any commonality with Martin with the possible exception of a handful of job bids with differing assessments, scores, results and considerations. Jones alone claims a constructive discharge.

Simply stated, Plaintiffs complain of different employment decisions over different times, and made largely by different decision-makers. They can identify no common policy, criterion, decision-maker or practice. Their claims do not arise out of the same transaction or occurrences. They do not arise out of any arguable series of transactions or occurrences. Rule 20 dictates that these separate claims be severed.

**B.**    **<u>Plaintiffs' Authorities Are Inapposite and Mis-Applied.</u>**

To argue that the claims arise out of the same series of transactions or occurrences, Plaintiffs turn the applicable tests on their head and apply rationales that would permit the joinder of even the most widely disparate claims. Most of the cases on which Plaintiffs rely have nothing to do with race discrimination in employment and do not justify the joinder of such disparate claims. *See, e.g.*, Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229 (M.D. Tenn.

2001) (copyright action in which the court granted the defendants' motion to sever 477 claims involving the same alleged type of infringement); <u>Ohio v. Louis Trauth Dairy, Inc</u>. 856 F. Supp. 1229 (S.D. Ohio 1994) (single plaintiff case involving alleged price fixing in the sale of milk); <u>Lasa per L'Industria  Del Marmo Soc. Per Azioni v. Alexander</u>, 414 F.2d 143 (6th Cir. 1969) (claim involving defects in marble stone used in the construction of a single building).

The few race discrimination in employment cases Plaintiffs cite, all involve uniform circumstances that are completely unlike those alleged in this case, or situations in which the courts <u>granted</u> the defendants' motions.  For example, in <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330 (8th Cir. 1974), a nonbinding decision that identifies few of the operative facts, the plaintiffs were represented by the same union and challenged a single discriminatory set of policies and importantly, the EEOC issued a reasonable cause finding as to all of the named plaintiffs finding that General Motors and the Union had engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964.  Unlike <u>Mosley</u>, Plaintiffs have not identified a central policy of discrimination in the within case.  Plaintiffs withdrew their EEOC Charges and the EEOC never issued a reasonable cause finding as to all of the named Plaintiffs. Plaintiffs cite no cases from the Sixth Circuit, Ohio courts, or this Court granting joinder on claims anything close as disjointed as those here.

Plaintiffs rely heavily on the unreported and non-binding decision in <u>Byers v. Illinois State Police</u>, 2000 W.L. 1808558 (N.D. Ill. Dec. 6, 2000), in which the court looked to a number of factors such as proximity and time, geography, the same decision-makers, and similar factors in considering joinder.  Even putting aside questions as to the precedential value of that case, Plaintiffs interpret the test it employed in such a way that it is absolutely meaningless.  They contend, for example, that since all of the Plaintiffs work in the greater Cincinnati area (which is

the geographic area covered by The Cincinnati Gas & Electric Company, their employer), that factor must demonstrate that their claims should be joined. Nothing in the <u>Byers</u> case, or any other decision, however, suggests that a company-wide geographic area is the appropriate or sole test. Instead, Plaintiffs overlook the fact that they worked in different locations within the greater Cincinnati area, under different supervisors, with different decision-makers, and Jones in a different department and that they challenge the application of different policies in connection with their different claims. Plaintiffs' toothless application of a non-binding test falls far short of demonstrating that these very different claims should be joined together in this case.

      **C.**    **<u>Plaintiffs' "Commonality" Arguments Actually Prove That Their Claims Should Be Severed.</u>**

Plaintiffs next complain of alleged discrimination in the terms and conditions of employment citing a handful of <u>different</u> types of incidents involving the <u>different</u> Plaintiffs. Far from demonstrating that the claims should be joined, it demonstrates that they should be severed. *See, e.g.*, authorities cited in Defendant's initial memorandum, <u>including Randleel v. Pizza Hut of America, Inc</u>., 182 F.R.D. 542 (N.D. Ill. 1998) (claims of race discrimination in public accommodations involved different supervisors and different times and should be severed); <u>Smith v. North American Rockwell Corp.</u>, 50 F.R.D. 515, 525 (N.D. Okla. 1970) (claims severed because they required a case-by-case analysis of each separate incident).

Plaintiffs attempt to tie their entirely separate incidents together simply because some of them worked within the same department. Rather, different alleged decisions and employment actions were made by varying supervisors based on different policies and often times at different work locations. *See*, <u>Henderson v. AT&T Corp.</u>, 918 F. Supp. 1059 (S.D. Tex. 1996) (such facts dictate severing claims even though plaintiffs worked in a small, distinct business organization within the company). Once again, even Plaintiffs' effort to tie these claims together, without

being able to identify a single common decision-maker, will embroil the Court in endless controversies regarding what act applies to which Plaintiff, and when.

**D.**    **Plaintiffs' Hearsay Arguments Do Not Justify Joinder.**

Plaintiffs last contend that their claims of hostile environment somehow share sufficient facts in common to justify joining together their very disparate claims. As set forth in Defendant's reply memoranda in support of its motions for summary judgment, their testimony, however, belies any such argument or any contention about a hostile working environment. Plaintiff Jones, for example, admitted at his deposition that he was never disciplined unfairly or subjected to unfair or discriminatory conduct. He also concedes that he had never observed any offensive comments based on race to him until 1999 when a co-worker made a single comment about cotton that was so minor that even he chose not to report it.

Plaintiff Martin conceded that he has never heard any racial slurs or offensive comments by supervisors or co-workers. His sole complaint, which is not racially related, concerns finding a banana peel in the back of his truck at a jobsite(s) in 2002, an incident even he found too minor to report under the Company's anti-harassment policy. Plaintiff Brantley could not identify any statements he witnessed or offensive items that he observed in the workplace. Plaintiff Tolbert testified as to dated and isolated incidents with a complete lack of specificity about the alleged conduct.

Plaintiffs do not contest the lack of any evidence of a hostile environment but, instead, rely heavily upon inadmissible _hearsay_ comments made in the workplace and of second, third, or fourth hand reports of incidents involving other work sites of which they had no personal knowledge and have garnered in the context of litigation. Hearsay comments are precisely that, and are not admissible at trial or to demonstrate that these claims should be severed. Plaintiffs'

need to rely upon such weak contentions only highlights the propriety of severing the claims in this case.

      **E.**      **<u>Plaintiffs' Arguments To Distinguish Cinergy's Cases Actually Prove The Opposite.</u>**

Plaintiffs' efforts to distinguish the authorities relied upon by Defendant only underscore the fact that the claim should be severed in this case. Plaintiffs seek, for example, to distinguish <u>Grayson v. K-Mart Corp</u>., 849 F. Supp. 785 (N.D. Ga. 1994), on the grounds that in that case there were three different managers who affected the eleven plaintiffs, and, in their words "no single program or procedure affected all the plaintiffs." (Plaintiffs' Response at p. 18). However, the <u>Grayson</u> court observed that cases arising out of different decisions should not be consolidated:

> As detailed previously, each demotion decision affecting the plaintiffs in this case was a discrete act by the defendant. As indicated, the factual and legal questions between the plaintiffs and the defendant are based on wholly separate acts of the defendant with respect to each plaintiff. There is consequently a complete lack of common questions of fact or law, the second element by Rule 20(a) and the action(s) must be severed on the grounds as well. <u>Grayson</u>, 849 F. Supp. at 789 citing <u>Rockwell</u>, 50 F.R.D. at 524

In this instance, however, the decisions in this case were made by different supervisors and managers and there is "no single program or procedure that affected all of the plaintiffs." Indeed, Plaintiffs' claims involve numerous different procedures, standards and policies within the Company. The decision in <u>Grayson</u> applies for the very same reason that Plaintiffs seek to distinguish it. Moreover, as noted in <u>Smith</u>, *infra*, 50 F.R.D. 515, at 522 (N.D. Okla. 1970), joinder is inappropriate in this suit when litigation of the claims would inevitably focus on the separate work histories of the Plaintiffs. The cases of each Plaintiff will necessarily turn on the distinct facts as to each employee, involve different witnesses and documentary evidence, different allegations of discriminatory acts, different employment histories and work

environments, different supervisors and decision-makers. Thus, common questions of law or fact do not exist and joinder is improper.

### F.    Joinder Will Cause Cinergy Undue Prejudice.

Finally, there is no question that the joinder of the claims in this case will result in undue prejudice. Contrary to the unsupported allegation made in Plaintiffs' memorandum, their claims are not interrelated. They each challenge different decisions and different types of decisions, ranging from failure to promote to constructive discharge to a weight limitation policy based on ANSI and OSHA standards. Their very different situations will create juror confusion as to which policy applied, when it applied, who was involved, and whether the Defendant has acted consistently. *See*, Bailey v. Northern Trust Co., 196 F.R.D. 513 (N.D. Ill. 2000) (severing claims because of the same concern); Henderson v. AT&T, 918 F. Supp 1059 (S.D. Texas 1996) (granting severance on the grounds that a joint trial of five plaintiffs in a sex discrimination case presented a substantial risk of prejudice to the phone company and observing that a jury could find the defendant liable based on the sheer number of witnesses and complaints of wrongdoing); Grayson, *infra*, at 790 (observing that "there is a tremendous danger that one or two plaintiff's unique circumstances could bias the jury against the defendant generally, thus, prejudicing defendant with respect to the other plaintiffs' claims); Coleman v Quaker Oats Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (holding claims should be severed where based on varied and discrete facts and posing a risk of confusion or prejudice.); Denney v Tokaoka, 1992 U.S. Dist LEXIS 13372, (N.D. Ca. 1992)(concluding severance was appropriate where each action would require the presentation and evaluation of individual claims and there is the potential for unrelated incidents of misconduct to influence the jury and thus the potential for confusion and prejudice is too substantial high to allow joinder).

.

Plaintiffs will seek at trial, as they have in the memoranda in this case, to combine trivial incidents relating to four different Plaintiffs over the course of many years, salted liberally with hearsay, to suggest that harassment has occurred when it has not.  They will attempt to combine the claims to create the artificial illusion that African-Americans have been passed over for promotions when African-Americans received some of the very positions applied for, there were frequently hundreds of applicants for a single position, and each Plaintiffs' situation involved the application of a different policy, qualifications, work histories and circumstances.  They will use their joinder tactically as a means of hearing each others' testimony and cross-examination at trial.  *See*, <u>Smith v. North American Rockwell Corp.,</u> 50 F.R.D. 515 (N.D. Okl. 1970) (denying joinder, in part, because of such considerations).   Under these circumstances, the risk of prejudice is a virtual certain demonstrating further that Plaintiffs' claims should be severed.

**IV.**     <u>**CONCLUSION**</u>

Plaintiffs' response itself demonstrates that Plaintiffs are each suing for different decisions, at different times, involving different decision-makers, and based upon different work histories, circumstances and policies.  Because Plaintiffs' claims will require a detailed, case-by-case inquiry as to each of their individual situations, their claims in this case should be severed.  Further, the joinder of any of the claims of Plaintiffs should be denied for the reason that the claims are based on varied and discrete facts and pose a substantial risk of confusion and undue prejudice to Defendant, Cinergy Corp.

Respectfully submitted,


/s/ Jill T. O'Shea
Jill T. O'Shea (0034692)
Attorney for Defendant,
Cinergy Corp.
139 East Fourth Street – 25 AT II
 P.O. Box 960
Cincinnati, Ohio 45201-0960
(513) 287-2062

/s/ Gregory V. Mersol
Gregory V. Mersol (0030838)
John B. Lewis (0013156)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth St.
Cleveland, OH  44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

*Attorneys for Defendant*
*Cinergy Corp.*

## CERTIFICATE OF SERVICE


I certify that a copy of the foregoing pleading was forwarded via ordinary mail this 28th day of October, 2004 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202

David W. Sanford, Esq.
Sanford, Wittels & Heisler, LLP
2121 K Street NW
Suite 700
Washington, D.C.  20037

Barry Vaughn Frederick
Herman Nathaniel Johnson, Jr.
Robert L. Wiggins
Ann K. Wiggins
Susan Donahue
Robert F. Childs
Wiggins, Childs, Quinn & Pantazis, P.C.
1400 South Trust Tower
420 North 20th Street
Birmingham, Alabama 35203

Grant E. Morris
Law Offices of Grant E. Morris
2121 K Street NW
Suite 700
Washington, D.C.  20037


/s/ Jill T. O'Shea_____
Jill T. O'Shea