## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **BILLY BRANTLEY, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. C-01-378** |
| | ) | **Judge Michael H. Watson** |
| **CINERGY CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NOTICE OF FILING OF AFFIDAVITS AND DECLARATION; OR, IN THE ALTERNATIVE, PLAINTIFFS' MOTION TO FILE SURREPLY TO DEFENDANT'S FILING OF AFFIDAVITS AND DECLARATION

The plaintiffs respectfully request the Court to strike Defendant's supplemental evidentiary material submitted with its Reply to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment; or, in the alternative, permit Plaintiffs to file a surreply in response to the newly submitted evidence.  The Plaintiffs provide support for their motion in the accompanying memorandum.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
DEFENDANT'S NOTICE OF FILING OF AFFIDAVITS AND DECLARATION;
OR, IN THE ALTERNATIVE, PLAINTIFFS' MOTION TO FILE SURREPLY TO
DEFENDANT'S FILING OF AFFIDAVITS AND DECLARATION**

The plaintiffs submit the following memorandum in support of their Motion to Strike Defendant's Notice of Filing of Affidavits and Declaration; or, in the Alternative, Plaintiffs' Motion to File Surreply to Defendant's Filing of Affidavits and Declaration. In support of their motion, the plaintiffs state the following:

1.      On July 29, 2004, pursuant to the Court's Scheduling Order, Defendant filed its Motions for Summary Judgment as to all Plaintiffs with supporting memoranda, as well as evidentiary submissions which included several affidavits.

2.      On September 24, 2004, pursuant to the Court's Scheduling Order, Plaintiffs filed their opposition to Defendant's motions for summary judgment, as well as their evidentiary submissions.

3.      On October 28, 2004, pursuant to the Court's Scheduling Order, Defendant filed its Reply Memorandum in Support of its Motion for Summary Judgment as to all Plaintiffs, Reply Memorandum in Support of Motion to Sever, and Notice of Filing of Affidavits and Declaration. Included in Defendant's affidavits and declarations were the Supplemental Affidavit of Robert D. Feucht, Affidavit of Connie Terheiden, Supplemental Affidavit of Ken Toebbe, and Declaration of Roger Reis.  None of these materials was included in Defendant's initial submission in support of its motion for summary judgment.

5.      It is improper for Defendant to introduce such affidavits and declarations at this stage of the proceedings because the affidavits and declarations do not rebut facts or positions asserted by the plaintiffs in their opposition to summary judgment, and the affidavits and declarations contain

2

information that was fully in the defendant's possession at the time of its initial filing. Because the defendant has filed testimony that does not rebut Plaintiffs' stated positions and because the testimony was fully in the defendant's possession at the time it submitted its initial arguments in support of summary judgment, the defendant has now improperly put the plaintiffs in a position of being deprived of the opportunity to rebut the testimony presented in Defendant's supplemental evidentiary submissions.

6.    Ohio Local Rule 7.2(d) in pertinent part states that "evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in the memoranda in opposition." Defendant's supplementary submissions do not properly present evidence to rebut the positions argued or the facts presented in the plaintiffs' Opposition. Rather, the defendant's supplementary submissions rest on facts that are not disputed, and the supplementary submission are merely offered to give the defendant an improper opportunity to present arguments and testimony fully in the defendant's possession at the time of its initial summary judgment submissions. What the defendant has submitted in conjunction with its Reply to Plaintiff's Opposition to Summary Judgment goes far beyond the rule's allowance of only rebutting evidence to the plaintiff's positions. The defendant has simply attempted to offer further argumentation and testimony grounded in facts undisputed by the plaintiffs which the defendant has presented under the guise of rebuttal evidence. Such a distortion of the rule warrants exclusion of the defendant's supplemental affidavits and declaration.

7.    The defendant's supplemental submissions in the form of affidavits and declarations are due to be stricken.

8.    The Supplemental Affidavit of Robert D. Feutch should be stricken because it

3

presents evidence regarding Todd Tolbert's weight that is only offered to show that Tolbert has been overweight in the past. This fact was not disputed in Plaintiffs' opposition to summary judgment. Further, Feutch's supplemental affidavit does not address the position that was, in fact, taken in Plaintiffs' opposition regarding Tolbert's weight, i.e., that other Cinergy Corp. employees who also were overweight were, nevertheless, promoted. Nor does Feutch's Supplemental Affidavit address the other position taken in the plaintiff's opposition regarding Tolbert's weight, i.e., that Tolbert's weight problems were merely pretext used by Defendant to deny Tolbert otherwise-warranted employment advances. Because Feutch's Supplemental Affidavit presents facts not in dispute and did not rebut positions presented by the Plaintiffs, it is due to be stricken.

9.     The Affidavit of Connie Therheiden should be stricken from the record because it only offers the undisputed facts that Eric Sibcy and Donald Kramer were, in fact, promoted. Such information was available to Defendant at the time it submitted its motions for summary judgment. Sibcy was promoted in January 2003, and Kramer in August 1993. Again, Therheiden's affidavit fails to rebut positions taken in Plaintiffs' opposition to summary judgment that these employees were promoted despite the fact that they were overweight. The affidavit further fails to provide any useful information regarding the qualifications of Sibcy or Kramer for promotion or positions taken by the Cinergy regarding their weight. Most significantly, Terheiden was not the decision maker as to either promotion. There is no evidence in the record that she was involved in the decision to select either Sibcy or Kramer. Thus, Terheiden has no personal knowledge as to <u>why</u> these individuals were selected for promotion. For these reasons, Terheiden's affidavit is due to be stricken.

10.     The declaration of Roger Reis should be stricken because the defendant had all of the

included information since at least 1997, which was well before the submission of its motions for summary judgment. The affidavit states only that the incident regarding Reis' use of a racial slur against a co-worker, referenced by Brantley in his opposition to summary judgment, occurred in 1982. The exact year of this incident is not a rebuttal of the plaintiff's position taken in its opposition because the plaintiffs have never asserted that the incident occurred within the statute of limitations. The plaintiffs have already admitted in their opposition to Defendant's motion for summary judgment that this incident is time barred as to the statute of limitations for the claims asserted. The plaintiffs properly offer this incident as background evidence to their claims. The affidavit goes beyond the scope of Local Rule 7.2(d) in that after supposedly rebutting the date given by Brantley, it seeks to offer testimony based on undisputed facts, does not offer new evidence in rebuttal of positions taken by plaintiffs in their opposition to summary judgment and contains information fully within the defendant's possession at the time of its initial submission. Significantly, the defendant's newly submitted testimony puts the plaintiffs in an improper position of being unable to respond to interpretations and assertions made in support of summary judgment when the defendant could have offered this testimony in its initial submissions. Reis's testimony offers no rebuttal to any position taken by the plaintiffs and rests on undisputed facts. For these reasons, Reis's declaration is due to be excluded.

11.    The Supplemental Affidavit of Ken Toebbe should be stricken because it only purports to rebut the date on which the incident regarding the racially hostile threat made to plaintiff Anthony Martin by a white co-worker. The Plaintiffs have already admitted in their opposition to Defendant's motion for summary judgment that this incident is time barred as to the statute of limitations for the claims asserted. The plaintiffs properly offered this incident as background

evidence to their claim. Thus, Toebbe's affidavit does not rebut positions taken by the plaintiffs in their opposition but rather offers testimony within the defendant's possession to which the plaintiffs cannot now reply. For these reasons Toebbe's affidavit is due to be excluded.

12.    This Court's Scheduling Order does not permit submission of additional evidence after Plaintiffs' response to Defendant's summary judgment is filed.

13.    The law of this Circuit is clear that the defendant bears the burden in its summary judgment brief to demonstrate to the district court the basis for its motion for summary judgment and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. Crestview Parke Care Center v. Thompson, 373 F.3d 743, 747 (6th Cir. 2004); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). Case law from this and other circuits is clear that in summary judgment proceedings the movant should not be allowed to submit evidence in support of its motion that the non-movant does not have the opportunity to rebut. *See* Seay v. Tenneessee Valley Authority, 339 F.3d 454 (6th Cir. 2003); Cia Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985) (stating that nonmoving party should have had an opportunity to examine and reply to moving party's reply brief and supplemental affidavits containing new evidence prior to hearing and disposition of summary judgment motion).

Here, the defendant has waited until it submitted its reply brief to introduce testimony which was in its possession at the time of its original submission in support of summary judgment. Withholding such evidence until the filing of their Reply brief is improper because the plaintiffs' ability to respond to the newly submitted testimony has been vitiated. Seay v. Tennessee Valley Authority, 339 F.3d 454, 481 (6th Cir. 2003). The purpose of Rule 56 is to afford the nonmoving

party a reasonable opportunity to respond to the moving party's motion for summary judgment and any supporting evidence. Id. The defendant is required to stay within the parameters and carry-out the purpose of Rule 56. If the defendant submits testimony in its Reply that truly offers new facts or testimony which were not in the defendant's possession at the time of its initial motion for summary judgment and these new facts and testimony are offered to rebut positions taken in the Plaintiffs' opposition, Plaintiffs must be afforded relief from Defendant's late entry of testimony either by striking the testimony from the record so that it will not be considered in the Court's decision on summary judgment, or the plaintiffs must be given an opportunity to respond to the newly offered testimony by means of a sur-reply.

In Seay, the court held that "[i]t is only logical that the purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment, and *require* a district court to allow the nonmoving party an opportunity to respond." Id. at 481-82. The court went on to say that it becomes increasingly imperative that the plaintiff be afforded an opportunity to respond when the court relies on the new evidentiary submissions. Seay at 482; *see* Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 401, 410 (1st Cir. 1985)(stating that where a moving party advances in a reply brief new evidence in support of its motion for summary judgment, the nonmoving party should be afforded the opportunity to respond). *See also* Beaird v. Seagate Technologies, Inc., 145 F.3d 1159, 1165 (10th Cir. 1998) (stating that a nonmoving party should be afforded the opportunity to respond to new evidence submitted by the moving party before summary judgment is granted).

A decision on summary judgment would be proper without affording the nonmoving party an opportunity to respond to the newly submitted evidence in Defendant's reply brief if the court

7

does not rely on the new materials in making its decision on summary judgment. <u>Beaird</u> at 1164. In the instant case, Plaintiffs request to respond would be withdrawn if the Court chose to strike the new evidentiary materials instead.

<u>**Conclusion**</u>

Based on the foregoing, Plaintiffs respectfully request this Court to grant the necessary relief by striking Defendant's newly submitted testimony, or, in the alternative, provide Plaintiffs the opportunity to respond by allowing them to submit a surreply.

Respectfully submitted,

    s/ Susan Donahue
Barry V. Frederick
Robert L. Wiggins, Jr.
Robert F. Childs, Jr.
Ann K. Wiggins
Susan Donahue
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.
The Kress Building
301 19th Street North
Birmingham, AL 35203
Tel. (205) 314-0500
Fax ( 205) 254-1500
bvf@wcqp.com
sgd@wcqp.com

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA
911 Mercantile Library Building
414 Walnut Street

8

Cincinnati, OH 45202
Tel. (513) 241-8137
Fax (513) 241-7863
tkt@tktlaw.com

David W. Sanford, Esq.
SANFORD, WITTELS & HEISLER, LLP
2120 K Street NW, Suite 700
Washington, DC 20037
Tel. (202) 942-9124
Fax (202) 628-8189
dsanford@davidsanford.com

Grant E. Morris
LAW OFFICES OF GRANT MORRIS
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037
Tel. (202) 331-4707
Fax (202) 628-8189
Grantmorris@grantmorrislaw.com

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on _____, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to:

Gregory V. Mersol, Esq.
John B. Lewis, Esq.
BAKER & HOSTETLER, LLP
3200 National City Center
1900 East Ninth St.
Cleveland, OH 44114-3485
Tel. (216) 621-0200
Fax (216) 696-0740

Jill T. O'Shea, Esq.
Atrium II
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960
Tel (513) 287-2062
Fax (513) 287-3810


_____
OF COUNSEL

10