IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al., | : | Case No.   C-1-01-378 |
| | : | |
| Plaintiffs, | : | Judge Michael H. Watson |
| | : | |
| vs. | : | |
| | : | DEFENDANT, CINERGY CORP.'S, |
| | : | MEMORANDUM |
| CINERGY CORP., | : | IN OPPOSITION TO |
| | : | PLAINTIFFS' MOTION TO STRIKE, |
| Defendant. | : | OR, IN THE ALTERNATIVE, MOTION |
| | : | TO FILE SURREPLY (SUPPORTING |
| | : | <u>AFFIDAVIT OF JILL T. O'SHEA, ESQ.)</u> |

I. **Introduction**

Plaintiffs' motion does not address any improper action by defendant, Cinergy Corp. ("Cinergy"), but, instead, is a thinly veiled attempt to file a sur-reply when no right to one exists. Plaintiffs premise their response upon the filing of affidavits that Defendant filed which addressed in rebuttal largely time-barred allegations and late-submitted evidence Plaintiffs raised in their response to Cinergy's motions. Because Cinergy properly submitted evidentiary materials on undisputed matters to assist in demonstrating that summary judgment is proper in this case, Plaintiffs' motion should be denied.

II. **Procedural Posture**

To understand why Plaintiffs have filed their motion, it is first necessary to review the procedural posture of this case. Cinergy has complied fully with the dates set by this Court, including taking the depositions of Plaintiffs Todd Tolbert ("Tolbert"), Billy Brantley

("Brantley"), Anthony Martin ("Martin") and Rodney Jones ("Jones") in the year 2002 in compliance with the court's discovery deadlines.[1] On August 1, 2003, consistent with the deadlines set by the Court in its November 19, 2002 Calendar Order, Cinergy filed Motions for Summary Judgment as to each named Plaintiff.[2] While those motions were pending, the parties entered into a settlement agreement of this and two other cases. Upon reaching the settlement, the parties filed an Agreed Entry Staying on January 8, 2004. On that same date, Judge Dlott issued an Order stating "[t]he pending motions in the above-captioned case are hereby DISMISSED WITHOUT PREJUDICE TO RESUBMISSION in the event that settlement is not consummated."[3] In March of 2004, Cinergy learned that Plaintiffs would not honor the settlement and that the litigation would, in fact, continue.

Consistent with the January 8, 2004 Order, Judge Dlott issued a subsequent Order on July 20, 2004 which provided that "[a]ny motions Defendant wishes to **re-file** must by filed by August 2, 2004. Plaintiffs will have until August 26, 2004 to respond to these motions, and Defendant will have until September 9, 2004 to file its reply."[4] (emphasis added). In the meantime, Plaintiffs sought to re-open discovery, a request the Court denied on the grounds, among others, that Plaintiffs has previously obtained extensions and specifically instructed by Judge Dlott as early as October 2002 that no further such extensions would be permitted. Consistent with this Court's July 20, 2004 Order, Cinergy re-filed its original Motions for

---

[1] Brantley's deposition transcript (Vol. I and Vol. II) is a total of 447 pages; Tolbert's deposition transcript (Vol. I and Vol. II) is a total of 438 pages, Martin's deposition transcript (Vol. I and Vol. II) is a total of 447 pages, is a total of 398 pages and Jones' deposition transcript (Vol. II) is a total of 241 pages. (Affidavit of Jill T. O'Shea, Esq., ¶ 4)

[2] Defendant, Cinergy Corp.'s, Motion to Sever Plaintiffs' Claims was originally filed on or about February 28, 2003; Plaintiffs' Memorandum In Opposition to Defendant's Motion to Sever Plaintiff's Claims was originally filed on March 20, 2003; and Defendant, Cinergy Corp.'s, Reply Memorandum in Support of Motion to Sever Plaintiffs' Claims was originally filed on March 24, 2003. The Motion to Sever was fully briefed and awaiting a ruling by the court. (Affidavit of Jill T. O'Shea, Esq., ¶ 2).

[3] While immaterial to this Motion, Plaintiffs now dispute that any settlement was reached, but the procedural facts stated above, relating to the Court's orders and entries filed by the parties, remain undisputed. The facts surrounding Plaintiffs' repudiation of the settlement areset forth in Defendant's Motion to Set Aside Entry Staying Litigation and requesting Briefing Schedules and Hearings on Pending Motions and related pleadings.

Summary Judgment and associated pleadings; Motion to Sever Plaintiffs' Claims; and Motion to Compel on July 28, 2004 and July 29, 2004. These motions were identical to those filed the year before.

Although Cinergy complied strictly with the Court's schedule, Plaintiffs did not. They requested two separate extensions and did not file their responses until September 24, 2004.[5] By that time, Plaintiffs had had knowledge of the contents of the motions for in excess of a year and two months from the date of their original filing in August 2003, and had the actual motions, which were the same as the originals, for nearly two months.

Plaintiffs also filed an Appendix and various evidentiary materials in opposition to Cinergy's Motions for Summary Judgment on the same date. The Appendix included Bates-Stamped Documents (Pltfs' 2nd Production to Deft.) which they had never previously produced despite two sets of timely discovery served by Cinergy in October 2001 and January 2003. (Affidavit of Jill T. O'Shea, Esq., ¶ 6). As explained more fully below, in their combined response to Cinergy's four motions, Plaintiffs relied upon obviously time-barred incidents, as well as other matters contained in the discovery responses. Cinergy then timely filed its reply, and submitted narrow affidavits regarding the factual contentions raised by some, but not all, of Plaintiffs in their memoranda in opposition.

### III.   Argument

Plaintiffs' Motion is unwarranted and would unduly prejudice Cinergy at this late stage of the case. Because there is no basis under state or Federal Rules for Plaintiffs' unsupported request, it should be denied.

#### A.   Plaintiffs' Motion Is Itself An Improper Reply.

---

[4]   Judge Dlott properly denied Plaintiffs additional discovery in that Order as well.
[5]   Plaintiffs filed a Consent Motion for Extension of Time to File Responses on August 26, 2004 and Motion for Extension of Time on September 9, 2004

At the outset, Plaintiffs' request to file an additional surreply pleading to address the very limited affidavit evidence properly filed by Defendant as rebuttal evidence should be denied outright.[6] Plaintiffs' motion is precisely that - a surreply. Plaintiff's motion substantively addresses the content of the limited affidavit material on the merits, albeit to no avail. Any attempt by Plaintiffs to address issues beyond the affidavit material and to cure Plaintiff's failure of proof should be denied (especially after 2 extensions of time, two months to file a response and knowledge of the contents of the motions for over one year and two months). Neither Local Rule 7.2(d) nor Rule 56 permit or envision any such result..

    **B.    Plaintiffs Have Inexplicably Combined Claims.**

That Plaintiffs' motion is nothing more than a surreply is underscored by their attempt to lump all the affidavit and declaration evidence together. Yet, the affidavits were proffered specifically in rebuttal to the claims of specific Plaintiffs. For example, Defendant did not file an affidavit in rebuttal to any arguments raised by Jones. The Affidavit of Connie Terheiden and Supplemental Affidavit of Robert Feucht were filed solely as rebuttal to the claims of Tolbert. The declaration of Roger Reis applied only to Brantley; and the Supplemental Affidavit of Ken Toebbe addressed on the rebuttal to Martin's response. Plaintiffs' filing of a single memorandum in opposition to the four individual summary judgment motions and only demonstrates Plaintiffs' attempt to confuse and mix unrelated factual and legal issues.

    **C.    Plaintiffs' Arguments Are Without Merit.**

The arguments Plaintiffs raise seriously mischaracterize the affidavits Cinergy submitted. Indeed, the arguments Plaintiffs assert are little more than a smokescreen to disguise the flaws in their underlying claims.

    **1.    Todd Tolbert**

---

[6] See conclusion on p. 7 "allow the opportunity to respond by allowing them to submit a surreply."

For example, Tolbert asserts that the rebuttal affidavit "only offers undisputed facts that Eric Sibcy and Donald Kramer, were, in fact promoted." (p.4). However, the four paragraph Terheiden Affidavit identifies with pinpoint accuracy the dates and job positions of those promotions and was filed in rebuttal to misstatements in Tolbert's memorandum that their situations were substantially similar to his.[7] The Terheiden Affidavit establishes that Kramer was promoted to Field Supervisor on **August 1, 1993,** well before the "time frame of 1996" when Tolbert "suspected" he was overweight and six years before Tolbert ever applied for a Field Supervisor position. The Terheiden Affidavit rebuts Tolbert's supposition that Sibcy's situation was substantially similar to Tolbert's because it demonstrates both that he was promoted to an entirely different position, Distribution Coordinator, AND that the promotion was effective **January 1, 2003,** four years <u>after</u> any alleged position for which Tolbert applied.

Tolbert's further argument that the Terheiden affidavit should be stricken because she was not a decision-maker or involved in the promotions themselves is a red herring. Terheiden does not purport to be a decision-maker or offer any evidence as to the decision-makers involved or the reason behind the immaterial promotions of Kramer and Sibcy. One was a promotion in a much earlier year for which Tolbert did not apply and the other a promotion in a much later year and a job position for which Tolbert never applied. Terheiden was certainly competent to identify the dates and positions of Kramer and Sibcy's promotions based on her familiarity with the Company's business records. Her testimony properly rebuts Tolbert's own unfounded guesses about the dates in his response and is proper summary judgment rebuttal material consistent with Local Rule 7.2(d).

---

[7] *See e.g.*, "In fact, Donald Kramer was overweight as a Lineperson prior to his promotion to Supervisor" (p.52) and "Eric Sibcy was promoted despite his weight issues, as was Don Kramer. Based on the similarities in weight issues between Tolbert and the white employee that were promoted, it seems more than likely that not the Defendant's decision was motivated by race and not Tolbert's weight" (p. 53).

Tolbert's attempt to characterize the Supplemental Affidavit of Robert Feucht as "newly submitted evidence" similarly misses the mark. To begin with, Tolbert never even acknowledges, much less explains, his counsel's failure to review the literally tens of thousands of documents Cinergy made available in response to Plaintiffs' document production request, a set that included the very documents Cinergy relied upon in its motions. Tolbert's assertions similarly ignore his own knowledge of his weigh-ins and continuing weight problems in 2004 (306.0 pounds in March 2004 at an annual weigh-in under the Company's policy) and the contents of the July 13, 2004 disciplinary letter which was provided directly to him. This documentation could not have been of any surprise to Tolbert and cannot be identified as "new" evidence, especially under the unique procedural circumstances where Defendant was required to re-file its original August 1, 2003 motion and associated pleadings.

Moreover, Tolbert misrepresents that the Supplemental Affidavit of Robert Feucht "presents evidence regarding Todd Tolbert's weight that is only offered to show that Tolbert has been overweight in the past" (p. 3) Yet, the affidavit addresses weight developments of which Tolbert was fully aware in the year 2004. Tolbert's assertions fail to demonstrate a <u>prima facie</u> case of racial discrimination, pretext or racially discriminatory intent.

2. **Billy Brantley**

For his part, Brantley relies upon a fiction. He blatantly misrepresents on page 4 of his sur-reply that "the exact year of this incident is not in rebuttal of the plaintiff's position taken in its opposition because the **Plaintiffs have never asserted that the incident occurred within the statute of limitations**." (emphasis added). On page 13 of his memorandum in opposition, Brantley expressly asserts as follows:

> Prior to Roger Reis (a white employee being promoted to supervisor, he referred to Larry Thomas as a "nigger." Brantley depo.48:21-23; 49102. This was offensive to Brantley and occurred sometime between 1995 and 1999. Brantley dep. 49:19.

The Declaration of Roger Reis is in rebuttal to Brantley's unsupported misrepresentation in his memorandum that this incident occurred in an arguable statute of limitations period, in the years 1995-1999, rather than in 1982, **over 22 years ago**. It further rebuts Brantley's repeated reliance on inadmissible, incomplete, inaccurate and dated hearsay regarding alleged incidents involving others in support of his hostile work environment claim - in this specific instance - an incident 22 years ago.[8] This rebuttal evidence clearly comports with the Local Rule 7.2(d) and Brantley's surreply arguments should be disregarded and no further pleadings be allowed.

Brantley ostensibly admits that Reis' Declaration is factually accurate (*see e.g.*, "seeks to offer testimony based on undisputed facts" (p.4) and "rests on undisputed facts" (p.5). Brantley previously had the opportunity to present affidavit testimony of Larry Thomas and failed to do so. He should not be permitted to cure the defect in this late stage of briefing.

3.  **Anthony Martin**

The Supplemental Affidavit of Ken Toebbe, consisting of 6 paragraphs, was properly filed in rebuttal to assertions relied upon by Martin in his memorandum in opposition to summary judgment and specifically a dated, time barred and isolated incident involving a co-employee, Cutsinger. Martin asserts in his pleading that the Company's only response was a supervisor, Huwel, instructing "Cutsinger not to talk that way again." (pp. 4 and 43). Toebbe's Supplemental Affidavit provides rebuttal evidence as to Martin's misidentification of the date (1993 versus 1991, yet still time-barred) and Martin's assertion that Cutsinger was just told not to do it again but in fact was disciplined with an oral warning. It further rebuts and addresses Martin's assertions that he "did not complain because he did not believe anything would be done

---

[8] Proof of facts related to an incident 22 years ago involving a third party was not necessary to support or oppose Defendant's motion for summary judgment for the reason that it was both inadmissible and immaterial and thus was not required to be in Defendant's primary memorandum under Local Rule 7.2(d). The local rule does not require Defendant to speculate what testimony, albeit inadmissible and incompetent, out of the 447 pages of Brantley's depositions transcripts that Brantley may assert in opposition to summary judgment. (Affidavit of Jill T.

about it" (p.4). The Toebbe affidavit was proper rebuttal and does not justify a sur-reply raising rhetorical contentions that create no genuine issue of material fact in any event.

### 4. Plaintiffs' General Arguments Do Not Justify The Filing Of A Sur-Reply.

#### A. Cinergy Was Not Required To Predict Plaintiffs' Responses.

Plaintiffs' complaints of some surprise are simply hollow. At the outset, Defendant had no way of anticipating what evidence, albeit hearsay and inadmissible, that Plaintiffs would rely on from the hundred of pages of deposition testimony in their attempts to oppose summary judgment. Brantley's deposition alone was 447 pages, for example, and Defendant had no duty to speculate and file affidavit testimony in its original pleading as to hearsay testimony involving another person 22 years ago. Neither Local Rule 7.2 (d) nor Federal Rule 56(c) require comprehensive anticipatory evidentiary filings that would clutter the court's dockets with unnecessary and immaterial affidavit and declaration evidence.

#### B. Cinergy's Reply Rebutted Plaintiffs' Arguments.

Defendant does not rely on the submitted affidavit material in support of its motions for summary judgment as to Plaintiffs, Brantley, Tolbert and Martin. Rather, Defendant has complied with the requirements of an affirmative showing that Defendant is entitled to summary judgment as a matter of law based on the pleadings, deposition testimony and affidavit testimony filed with its' original motions for summary judgment. Plaintiff's argument as to a violation of Local Rule 7.2(d) fails as the very limited affiant testimony is in rebuttal to assertions, albeit inadmissible and immaterial, raised by Tolbert, Martin and Jones in their respective memoranda in opposition.

#### C. Plaintiffs' Cases Are Inapposite.

---

O'Shea, Esq., ¶ 4). Such a requirement would clog the court's docket with unnecessary and immaterial pleadings which is not envisioned by the local rules.

Plaintiffs' reliance on the Seay, Cia and Beard decisions on pages 6 and 7 is misplaced. The only Sixth Circuit case, Seay v. Tennessee Valley Authority, 339 F. 3d 454 (6th Cir. 2003) is inapposite. In Seay, the district court granted summary judgment only three days after defendant filed a reply brief submitting entirely new evidence. In Cia Pertoleum Caribe, Inc. v. Avco Caribbean, Inc., 745 F. 2d 404, 409 (1st Cir. 1985), the defendants filed "a reply brief and supporting affidavits which contained *new evidence*" that included an expert's affidavit based upon new data and evidence that the court had previously disallowed. The court determined that such late submittal of evidence in support of summary judgment is not proper. The decision in Beaird v. Ferguson, 145 F. 3d 1159 (10th Cir. 1998) is distinguishable for the reason that it addresses the district court's discretion to allow a reply brief which Rule 56 neither authorizes nor forbids. The reply brief "explained the preliminary nature of Exhibit 53 and reiterated that the RIF criteria had been consistently applied." Id. at 1163. In this case, Judge Dlott's July 19, 2004 Order expressly provided a briefing schedule with a deadline for Defendant's reply brief.

### D. Plaintiffs Have Overlooked Local Rule 7.2(d).

Plaintiff's case law in no manner addresses Rule 7.2 (d) and rebuttal affidavit evidence. The very limited affidavit material filed by Defendant was in rebuttal to assertions made by Tolbert, Brantley and Martin in their memorandum in opposition unlike Seay, Cia and Beard. The Feucht Affidavit merely documents Tolbert's continuing weight problems in 2004 clearly not unknown or new evidence to Tolbert or counsel who never reviewed the document production in this matter. Moreover, Defendant's evidentiary materials filed in support of its original motions affirmatively demonstrate that summary judgment is proper and Plaintiff's motion and surreply fails to controvert summary judgment

### IV. Conclusion

Cinergy's very limited affidavit materials submitted with its reply memoranda as to Tolbert, Martin and Jones was proper rebuttal evidence under Local Rule 7.2(d) and Rule 56. Plaintiff's Motion is a sur-rply pleading and addresses the affidavit evidence and thus no further pleadings should be permitted. If permitted, Defendant would be substantially prejudiced under the unique procedural posture of this case where it originally filed its Motions for Summary Judgment as to each named Plaintiff and supporting materials over a year and two months ago and was required to re-file such pleadings a year later by Order of the Court.

Plaintiffs have failed to demonstrate a genuine issue of material fact in their responsive pleadings including the within sur-reply and Defendant, Cinergy Corp., is entitled to summary judgment as a matter of law as to all Plaintiffs.

Respectfully submitted,

/s/ Jill T. O'Shea
Jill T. O'Shea (0034692)
Attorney for Defendant,
Cinergy Corp.
139 East Fourth Street – 25 AT II
P.O. Box 960
Cincinnati, Ohio 45201-0960
(513) 287-2062


/s/ Gregory V. Mersol
Gregory V. Mersol (0030838)
John B. Lewis (0013156)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth St.
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

Attorneys for Defendant
*Cinergy Corp.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was forwarded via ordinary mail this 2nd day of December, 2004 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202


David W. Sanford, Esq.
Sanford, Wittels & Heisler, LLP
2120 K Street NW
Suite 700
Washington, D.C.  20037

Barry Vaughn Frederick
Herman Nathaniel Johnson, Jr.
Robert L. Wiggins
Ann K. Wiggins
Susan Donahue
Robert F. Childs
Wiggins, Childs, Quinn & Pantazis, P.C.
1400 South Trust Tower
420 North 20th Street
Birmingham, Alabama 35203

Grant E. Morris
Law Offices of Grant E. Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C.  20036


/s/ Jill T. O'Shea
Jill T. O'Shea

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | : | Case No. C-1-01-378 |
| | : | |
| Plaintiffs, | : | Judge Michael H. Watson |
| | : | |
| vs. | : | |
| | : | |
| CINERGY CORP. | : | AFFIDAVIT OF |
| | : | JILL T. O'SHEA, ESQ. |
| Defendant. | : | |
| | : | |

STATE OF OHIO         )
                     )ss.
COUNTY OF HAMILTON    )

Comes now affiant, Jill T. O'Shea, Esq., after being first duly cautioned and sworn, deposes and states as follows:

1. That I am counsel for defendant, Cinergy Corp., in the above-captioned matter.

2. That Defendant, Cinergy Corp.'s, Motion to Sever Plaintiffs' Claims was originally filed on or about February 28, 2003; Plaintiffs' Memorandum In Opposition to Defendant's Motion to Sever Plaintiff's Claims was originally filed on March 20, 2003; and Defendant, Cinergy Corp.'s, Reply Memorandum in Support of Motion to Sever

135762

Plaintiffs' Claims was originally filed on March 24, 2003 and was fully briefed and awaiting a ruling by the court.

3. That on or about August 1, 2003, Defendant, Cinergy Corp., filed Motions for Summary Judgment as to all of named plaintiffs and associated pleadings in compliance with the Court's November 19, 2002 Calendar Order.

4. That Brantley's deposition transcript (Vol. I and Vol. II) is a total of 447 pages; Tolbert's deposition transcript (Vol. I and Vol. II) is a total of 438 pages, Martin's deposition transcript (Vol. I and Vol. II) is a total of 447 pages, is a total of 398 pages and Jones' deposition transcript (Vol. II) is a total of 241 pages.

5. That Plaintiff s' Appendix to Plaintiff's Consolidated Memorandum In Opposition to Defendant's Motions for Summary Judgment: Plaintiff's Evidentiary Submission In Opposition to Defendant's Motions for Summary Judgment include Bates-Stamped Documents Pltfs' 2nd Production to Deft. which were never produced in supplementation to Defendant's First Set of Interrogatories and Request for Production of Documents to each named Plaintiff prior to the discovery cut-off on May 30, 2003 or in supplementation of their discovery responses on or before September 24, 2004, the date of the filing of the Appendix itself.

6. That Defendant initially issued Defendant's First Set of Interrogatories and Request for Production of Documents to each named Plaintiff in October of 2001 and Defendant's Second Set of Interrogatories and Request for Production of Documents to each named Plaintiff in January 2003.

7. That she has firsthand knowledge of the above.

135762

2

FURTHER AFFIANT SAYETH NAUGHT.

__12/2/04__  
Dated

__Jill T. O'Shea__  
Jill T. O'Shea, Esq.

### NOTARY OF PUBLIC

Sworn to and subscribed in my presence this 2nd day of December, 2004.



LISA A. LEFFLER  
Notary Public, State of Ohio  
My Commission Expires  
November 3, 2007

__Notary Public__

Respectfully submitted,

/s/ Jill T. O'Shea  
Jill T. O'Shea (0034692)  
Attorney for Defendant,  
Cinergy Corp.  
139 East Fourth Street – 25 AT II  
P.O. Box 960  
Cincinnati, Ohio 45201-0960  
(513) 287-2062

/s/ Gregory V. Mersol  
Gregory V. Mersol (0030838)  
John B. Lewis (0013156)  
BAKER & HOSTETLER LLP  
3200 National City Center  
1900 East Ninth St.  
Cleveland, OH 44114-3485  
Telephone: (216) 621-0200  
Facsimile: (216) 696-0740

Attorneys for Defendant  
*Cinergy Corp.*

135762    3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was forwarded via ordinary mail this 2nd day of December, 2004 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202


David W. Sanford, Esq.
Sanford, Wittels & Heisler, LLP
2120 K Street NW
Suite 700
Washington, D.C.  20037

Barry Vaughn Frederick
Herman Nathaniel Johnson, Jr.
Robert L. Wiggins
Ann K. Wiggins
Susan Donahue
Robert F. Childs
Wiggins, Childs, Quinn & Pantazis, P.C.
1400 South Trust Tower
420 North 20th Street
Birmingham, Alabama 35203

Grant E. Morris
Law Offices of Grant E. Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C.  20036


/s/ Jill T. O'Shea
Jill T. O'Shea