UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BILLY BRANTLEY, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Michael H. Watson |
| | ) | |
| v. | ) | Case No. C-01-378 |
| | ) | |
| **CINERGY CORP.,** | ) | |
| | ) | |
| Defendant. | | |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE; OR, IN THE ALTERNATIVE,
MOTION TO FILE SURREPLY**

**I.     INTRODUCTION**

Federal Rule of Civil Procedure 6(d) provides, in pertinent part, that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion . . . ." Fed. R. Civ. P. 6(b). Furthermore, Fed. R. Civ. P. 56(c), affords the non-moving party a reasonable opportunity to respond to the moving party's motion for summary judgment. The Defendant's supplemental affidavits and declaration (Doc no.110) submitted with its Reply brief responsive to Plaintiffs' Opposition to Summary Judgment are, therefore, due to be stricken since the late submission of these documents violates both Rules. In the alternative, the Plaintiffs request that they be allowed to submit a surreply to such affidavits and declaration after deposing the affiants and declarant.

The Defendant's late-submitted affidavits and declaration are an attempt to bolster its arguments in their Motion for Summary Judgment on the basis of undisputed, but supposedly new facts when the Plaintiffs will have no opportunity to respond and which are not responsive to the Plaintiffs' positions in their Opposition to Summary Judgement. Therefore, Plaintiffs' Motion to

Strike; or, in the Alternative, Motion to File Surreply (hereinafter, "Motion to Strike") is, thereby, due to be granted.

## II. ARGUMENT

Federal Rule of Civil Procedure 6(d) provides that "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion . . ." Fed. R. Civ. P. 6(d). In compliance with this Rule, the Sixth Circuit has approved filing affidavits along with the defendant's reply memorandum provided two conditions are satisfied: (1) the affidavit responds only to the nonmoving party's opposition memorandum, and (2) the nonmoving party has an opportunity to respond.[1]  *J. B. Gilleland, C.O. v. Schanhals*, 55 Fed. Appx. 257, 261 (6th Cir. 2003). *See Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 476 (6th Air. 2002).

In this instance, the Defendant has filed affidavits and a declaration with its Reply brief that rest on facts not in dispute in the Plaintiff's Opposition to Defendant's Motion for Summary Judgment and are not material to the claims being litigated. The Defendant's untimely affidavits and declaration do not respond to the Plaintiffs' opposition memorandum simply because the facts advanced in the untimely affidavits and declaration are not in opposition to the Plaintiffs' motion. Rather, the untimely affidavits and declaration are merely offered to give the Defendant an improper opportunity to bolster and present arguments and testimony in support of its own motion for summary judgment and which were fully in the Defendant's possession at the time of its initial summary judgment submissions. As explained in *Golden v. A.P. Orleans, Inc.*, Civ. A. No. 87-0264,

---

[1] Local Rule 7.2(d), which states in pertinent part, that "[e]vidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition"comports with 6th Circuit rulings on Fed. R. Civ. Pro. 6(d) and rulings by other courts as cited.

1998 WL 48549 (E.D. Pa., May 11, 1988), in a circumstance similar to the instant case where the defendant attempts to submit "bolstering" affidavits in conjunction with its Reply brief, the Court disallowed such affidavits reasoning as follows:

> Allowing defendant to have a second bite of the apple by submitting an additional affidavit at this junction, to shore up an argument he previously addressed would tend to dismantle the structure of our procedural rules, making them meaningless. Already the system proliferates with reply briefs to reply briefs to reply affidavits to reply affidavits. For the system to work there must at some time be finality. Otherwise, it is a system in name only. Nor would it be fair to the plaintiff, who submitted material at the time of the summary judgment motion without knowledge of the existence of such an affidavit.

*Id.* at *1.

Similarly, in *LaPointe v. United Autoworkers Local 600,* 103 F.3d 485, 489 (6th Cir. 1996), the Sixth Circuit disallowed an affidavit accompanying a Reply brief when that affidavit "merely offered cumulative support for defendants' position; it did not establish as a matter of law that there was no genuine issue as to material fact" and "merely fleshed out an argument [the defendant] had made previously." Such is the situation here.

**A.    Plaintiff's Motion Is Not an Improper Surreply, and Plaintiffs Have Not "Inexplicably" Combined Claims**.

Plaintiffs' motion is not a surreply. The Plaintiffs properly seek relief from the Court for the Defendant's improperly submitted affidavits and declaration to which the Plaintiffs have no opportunity to reply. Furthermore, the Plaintiffs did not "lump all the affidavit and declaration evidence together" as alleged by Defendant. The Plaintiffs considered each affidavit and/or declaration separately, and discussed each in its own paragraph within the context of that Plaintiffs' factual situation. Defendant is wholly incorrect in its assertion otherwise.

  **B.** **The Defendant's Untimely Affidavits and Declaration Submitted with its Reply Brief Are Not Responsive to the Plaintiffs' Opposition, but Rather Are Attempts to Bolster its Arguments on the Basis of Undisputed, Non-Dispositive Facts.**

    **1.** <u>**Todd Tolbert**</u>

By the Defendant's statement, its Affidavit of Connie Terheiden was filed in rebuttal to Tolbert's memorandum in opposition that his situation was "substantially similar" to that of white employees Eric Sibcy and Donald Kramer. Defendant's Memorandum in Opposition to Plaintiffs' Motion to Strike, Or, In the Alternative, Motion to File Surreply (hereinafter "Defendant's Opposition") (Doc. no. 115), filed December 2, 2004, at 5 (pages unnumbered). Whether Tolbert's situation was substantially similar to Sibcy and Kramer's is a legal conclusion inappropriately testified to in an affidavit submitted with Defendant's Reply brief, if, indeed, Terheiden's affidavit even asserts such a statement, which it does not. What Terheiden's affidavit does assert is the date and positions of the promotions of Eric Sibcy and Donald Kramer. However, Tolbert's claim does not depend upon the "pinpoint accuracy" of such dates, and the fact that Sibcy and Kramer were promoted is not in dispute. The question of whether Tolbert, Sibcy and Kramer were similarly situated is simply not advanced by the presentation of the undisputed facts in Terheiden's affidavit. Thus, Terheiden's affidavit offers no new, material facts in response to Plaintiffs' Opposition, but only offers undisputed facts in order to advance arguments about Tolbert's dissimilar situation to white employees which the Defendant could have made in its Motion for Summary Judgment and to which Plaintiffs now have no opportunity to reply.[2]

---

[2] Defendant's comments about Plaintiffs' failure to inspect documents provided by Cinergy are irrelevant to this issue. Plaintiffs have provided substantial information in their deposition testimony and have supplied counsel with documents that they have relied upon to make their case. Plaintiffs' counsel fully intend to review the documents provided by Cinergy.

The Supplemental Affidavit of Robert Feucht simply offers the undisputed facts that Tolbert was overweight and that Cinergy has taken disciplinary actions against him for this, specifically in the form of threatening to fire him and denying him promotions. It is undisputed that Cinergy did regular weight checks on Tolbert. Furthermore, the Defendant was in possession of the information supplied in Feucht's affidavit at the time it submitted its Motion for Summary Judgment. The question remains, what was the Supplemental Affidavit of Robert Feucht intended to rebut? Because the Supplemental Affidavit of Robert Feucht does not rebut any contention made by Tolbert, but rather attempts to bolster the Defendant's argument, which the Defendant could have made in its Motion for Summary Judgment, that Tolbert was not promoted because he was overweight, the affidavit is due to be stricken from the record; or, Tolbert may be permitted to supply the court with a surreply rebutting this evidence after deposing Robert Feucht.

### 2. **Billy Brantley**

The Declaration of Roger Reis clarifies the date in which the word "nigger" was said to African American employee Larry Thomas by Reis. According to Reis, this incident occurs much earlier than Brantley recalled in his deposition testimony. However, the date on which this incident occurred is not at issue regarding Brantley's promotion claim or his racial harassment claim. Any statute of limitations question regarding this comment is beside the point. As the Supreme Court explained in *National R. R. Corp. v. Morgan*, 536 U.S. 101, 117-21 (2002), a plaintiff may recover for racial harassment outside the limitations period as long as one hostile act occurred within the limitations period and all acts were part of the same hostile environment. If Reis' Declaration was introduced to rebut a possible statute of limitations question regarding Reis' comment to Thomas, it should be stricken from the record based on the Supreme Court's decision in *Morgan*. In the

alternative, the Plaintiffs may be given a chance to respond to Reis' Declaration after deposing Reis.

### 3. Anthony Martin

Again, the Defendant attempts to create a statute of limitations issues where there is none. Its late-submitted Affidavit of Ken Toebbe only provides facts pertaining to an incident with Martin's co-worker, Cutsinger, which are not in dispute and are not dispositive of a statute of limitations issue in this lawsuit. As with Reis' Declaration, Toebbe's Affidavit simply asserts a different date for this incident of harassment, which, according to the Supreme Court's decision in *Morgan* is admissible as an incident of racial harassment so long as one hostile act occurred within the limitations period and all acts were part of the same hostile environment. Whether Cutsinger was just told not to talk that way again or was disciplined with an oral warning is not dispositive of Martin's claims. Similarly, whether Martin was correct that he felt that nothing would be done about his complaints is not rebutted by the fact that Toebbe gave Cutsinger a verbal warning. Martin's contention that he felt nothing would be done about his complaints of racial harassment by his co-workers stands despite the so-called rebuttal evidence presented in Toebbe's affidavit. If Martin knew nothing of Toebbe's warning, he certainly had no reason to change his mind about whether anything would be done about any complaints. As with the other affidavits and declaration, Toebbe's affidavit offers no new, undisputed facts and no dispositive facts of any of Martin's claims. The Defendant is obviously submitting Toebbe's affidavit with its Reply brief in a thinly veiled attempt to bolster its arguments in support of summary judgment without giving the Plaintiffs a chance to respond. As such, Toebbe's affidavit is due to be stricken; or, alternatively, the Plaintiffs may be given an opportunity to rebut after deposing Toebbe.

### C. Federal Rules of Civil Procedure 6(b) and 56(c), Local Rule 7.2(d) and Case Law in the Sixth Circuit and in Other Federal Courts Support the Plaintiffs'

### Position That the Defendant's Late-Submitted Affidavits and Declaration Are Due to Be Stricken; or, in the Alternative the Plaintiffs Be Given an Opportunity to File a Response after Deposing the Affiants and Declarant.

As discussed above, the Defendant submitted affidavits and declaration testimony with its Reply brief that were either irrelevant or non-responsive to the positions taken by the Plaintiffs in their opposition to summary judgment. Contrary to what the Defendant states, the cases cited by the Plaintiffs in their Motion to Strike set forth and illuminate the purposes of Fed. R. Civ. P. 56, which is to allow both parties to fairly to the court evidence to either support their position for summary judgment, or in the alternative, to rebut the position that summary judgment should be granted. *Seay v. Tenneessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003) states that "[t]he purpose of Rule 56(c) is to afford the nonmoving party notice and a reasonable opportunity to respond to the moving party's summary judgment motion and supporting evidence." Similarly, the First Circuit in *Cia Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404, 410 (1st Cir. 1985) disallowed late-submitted affidavits when the court determined that they contained new evidence which the plaintiff "should have had an opportunity to examine and reply . . . before the court considered them in its decision process." As the 10th Circuit explained in *Beaird v. Seagate Technologies, Inc.,* 145 F.3d 1159, 1164 (10th Cir. 1998), once the Court accepted the defendant's reply brief with accompanying affidavits, it had two permissible courses of action. "It could either have permitted a surreply or, in granting summary judgment for the movant, it could have refrained from relying on any new material contained in the reply brief." *Id.* The Plaintiffs in the instant case ask for nothing more, and nothing more is required by the 6th Circuit, which, as discussed *supra* permits filing affidavits along with the defendant's reply memorandum provided two conditions are satisfied: (1) the affidavit responds only to the nonmoving party's opposition memorandum, and (2)

the nonmoving party has an opportunity to respond. *Gilleland, supra,* at 261.

If this Court determines that the Defendant has filed genuinely new evidence in their affidavits and declaration, the Federal Rules, Local Rules and case law in the 6th Circuit and in other federal courts support the Plaintiffs' argument that they are now entitled to file replies to the newly submitted evidence. If this Court determines that the Defendant has filed affidavits and declaration testimony which does not respond to the Plaintiffs' opposition memorandum, but merely asserts evidence that the defendant could have provided in its Motion for Summary Judgment or merely asserts facts that are not in dispute or are not material to the claims of the Plaintiffs, the Federal Rules, Local Rules and case law in the 6th Circuit and in other federal courts support the Plaintiffs' argument that such affidavits and declaration should be stricken from the record. The Defendant is not entitled to have it both ways.

**III.    CONCLUSION**

Plaintiffs respectfully request this Court grant the necessary relief by striking Defendant's affidavits and declaration submitted with its Reply brief; or, in the alternative, provide the Plaintiffs the opportunity to respond by allowing them to submit a surreply after deposing affiants and declarant.

Respectfully submitted,

_____s/Susan Donahue_____
Robert L. Wiggins, Jr.
Robert F. Childs, Jr.
Ann K. Wiggins
Barry V. Frederick
Susan Donahue
WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.

The Kress Building
301 19th Street North
Birmingham, AL 35203
Tel. (205) 314-0500
Fax ( 205) 254-1500
bvf@wcqp.com
sgd@wcqp.com

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA
911 Mercantile Library Building
414 Walnut Street
Cincinnati, OH 45202
Tel. (513) 241-8137
Fax (513) 241-7863
tkt@tktlaw.com

David W. Sanford
SANFORD, WITTELS & HEISLER, LLP
2120 K Street NW, Suite 700
Washington, DC 20037
Tel. (202) 942-9124
Fax (202) 628-8189
dsanford@davidsanford.com

Grant E. Morris
LAW OFFICES OF GRANT MORRIS
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037
Tel. (202) 331-4707
Fax (202) 628-8189
Grantmorris@grantmorrislaw.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to:

Gregory V. Mersol, Esq.
John B. Lewis, Esq.
BAKER & HOSTETLER, LLP
3200 National City Center
1900 East Ninth St.
Cleveland, OH 44114-3485
Tel. (216) 621-0200
Fax (216) 696-0740

Jill T. O'Shea, Esq.
Atrium II
139 East Fourth Street
P.O. Box 960
Cincinnati, OH 45201-0960
Tel (513) 287-2062
Fax (513) 287-3810

                                                                          s/Susan Donahue
                                                      OF COUNSEL