IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | | |
|---|---|---|---|
| BILLY BRANTLEY, et al., | : | Case No. | C-1-01-378 |
| | : | | |
| Plaintiffs, | : | Judge Michael H. Watson | |
| | : | | |
| vs. | : | | |
| | : | DEFENDANT, CINERGY CORP.'S, | |
| | : | MEMORANDUM | |
| CINERGY CORP., | : | IN OPPOSITION TO | |
| | : | PLAINTIFFS' MOTION FOR LEAVE | |
| Defendant. | : | TO FILE SURREPLY | |
| | : | AND MOTION TO STRIKE MOTION | |
| | : | FOR LEAVE TO FILE SUR-REPLY | |
| | : | (SUPPORTING | |
| | : | AFFIDAVIT OF JILL T. O'SHEA, ESQ.) | |

## MOTION

Comes now Defendant, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and respectfully moves the court to strike Plaintiff's Motion for Leave to File Sur-Reply filed on December 14, 2004 on the grounds that it is redundant, immaterial and scandalous for the reason that it is properly a reply memorandum in support of its time barred alternative Motion to Strike or Motion for Leave to File Sur-Reply filed on November 22, 2004; it raises spurious arguments and requests; and is interposed solely for purposes of delay. This Motion is supported by the within Memorandum, the Affidavit of Jill T. O'Shea, Esq. and Federal law.

Respectfully Submitted

/s/ Jill T. O'Shea
Jill T. O'Shea (0034692)
Attorney for Defendant
Cinergy Corp.
139 East 4th Street, 25 Atrium II
P. O. Box 960
Cincinnati, Ohio 45201-0960
Phone: (513) 287-2062
Fax: (513) 287-2996
E-mail: joshea@cinergy.com

/s/ Gregory V. Mersol
Gregory V. Mersol (0030838)
John B. Lewis (0013156)
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Phone: (216) 621-0200
Fax: (216) 696-0740
E-mail: gmersol@bakerlaw.com

/s/ Jeffrey L. Van Way
Jeffrey L. VanWay (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Phone: (513) 929-3400
Fax: (513) 929-0303
E-mail: jvanway@bakerlaw.com

# MEMORANDUM

## INTRODUCTION

This memorandum and motion is being filed to address an attempt by Plaintiffs to thwart the Court's unequivocal discovery orders and to burden Defendant with additional discovery and motion practice literally months after the dates established by the Court. Plaintiffs are not entitled to file yet more briefs and to conduct still more discovery at this late stage of the case. Further, their Motion for Leave to File a Sur-Reply filed on December 14, 2004 should be stricken pursuant to Rule 12 (f) for the reason that it is redundant, immaterial and impertinent.

## ARGUMENT

Plaintiffs' motion is redundant for the reason it is a duplicative pleading (*see* Document #116 filed on December 13, 2004) and is more in the nature of a Reply Memorandum in Support of Plaintiffs' Motion to Strike, and/or, in the alternative, Motion for Leave to File a Sur-Reply. Thus, Plaintiffs' alternative motions were fully briefed and the Motion for Leave to File a Sur-Reply should be stricken.

Plaintiffs' motion should also be stricken for the reason that it is impertinent and solely intended to attempt to impugn defense counsel who have timely conducted discovery in this matter and complied with the various court deadlines and orders. It is also interposed solely to delay the proceedings and to attempt discovery after the full briefing of Defendant's motions to the substantial prejudice of Defendant. Further, it should be stricken pursuant to Rule 12(f) as immaterial for the reason that it (and Plaintiffs' motion to strike) are much ado about nothing as evidenced by Plaintiffs' repeated admissions in their pleadings that Defendant "merely assert facts that are not in dispute or are not material to the claims of the Plaintiffs" (see p. 8).[1]

---

[1]     (*See, also*, "Terheiden's Affidavit offers no new, material facts in response to Plaintiffs' Opposition, but offers only undisputed facts" (p. 4); "[t]he supplemental Affidavit of Robert Feucht offers the undisputed facts that Tolbert was overweight" (p.5); "Affidavit of Ken Toebbe only provides facts pertaining to an incident with Martin's

Defendant, however, is compelled to file a memorandum in opposition since the pleading was subsequently filed as a separate motion and for the reason that Plaintiffs requested **for the first time** in their reply pleading to reopen discovery ordered closed by the court and to depose the affiants and declarant.[2] Plaintiffs' request to depose the Declarant and Affiants exemplifies the impertinent and disingenuousness nature of Plaintiffs' various pleadings and the Motion for Leave to File a Sur-Reply.

More specifically, Plaintiffs seek to depose Connie Terheiden as to the retirement dates of two employees; Ken Toebbe as to a single time-barred and dated oral warning disciplinary record involving a co-employee in 1993; Roger Reis as to a single dated and time-barred incident in 1982 (twenty-two years ago); and Robert D. Feucht as to Tolbert's weigh-ins in 2004 and a single disciplinary letter in 2004. The impertinent, scandalous and wholly frivolous nature of Plaintiffs' request for depositions is patently obvious in light of Plaintiffs' repeated admissions in their pleadings that the Declarant and Affidavit testimony is undisputed. (*see, e.g.*, "presentation of undisputed facts in Terheiden's affidavit" (p. 4 of December 13, 2004 Reply and December 14, 2004 Motion); "simply offers that undisputed facts that Tolbert was overweight" (p. 5 of December 13, 2004 Reply and December 14, 2004 Motion); "[a]ffidavit of Ken Toebbe only provides facts pertaining to an incident with Martin's co-worker, Cutsinger, which are not in dispute" (p. 5 of December 13, 2004 Reply and December 14, 2004 Motion) and "it seeks to offer testimony as to undisputed facts" and "Reis's testimony offers no rebuttal to any position taken by the Plaintiffs and rest on undisputed facts" (pp. 4 and 5 of November 22, 2002

---

co-worker, Cutsinger, which are not in dispute" (p.6); "[a]s with the other affidavits and declaration, Toebbe's affidavit offers not new, undisputed facts and no dispositive facts of any of Martin's claims" (p.6); "Defendant submitted affidavits and declaration testimony with its Reply brief that were either irrelevant…"

[2] There was **NO** request to depose in Plaintiffs' alternative motions filed on November 22, 2004. Rather, this was raised for the first time in Plaintiffs' reply filed on December 13, 2004 and re-filed as a motion on December 14, 2004 (*see, e.g.*, " or, in the Alternative the Plaintiffs Be Given an Opportunity to File a Response after Deposing the Affiants and Declarant" (p.7) "Tolbert may be permitted to supply the court with a surreply rebutting this evidence after deposing Robert Fuecht" (p. 5); and "or alternatively, the Plaintiffs may be given an opportunity to rebut after deposing Ken Toebbe" (p.6).

alternative motions). Plaintiffs expressly acknowledge that the limited rebuttal declarant and affidavit testimony is undisputed and thus, Plaintiffs can demonstrate absolutely NO justification whatsoever to depose the declarant or affiants or justification for a further "opportunity to respond" in a sur-reply. Rather, Plaintiffs' request only demonstrates their improper and impertinent attempt to further delay proceedings, to conduct time-barred discovery and to interpose frivolous objections at this late stage of briefing.

Plaintiffs' improper attempt to re-open discovery is especially egregious in light of the procedural posture of this case and this Court's prior order prohibiting any further discovery. The discovery cut-off in this case was already extended once based upon Plaintiffs' own agreement with the Court that no further extensions would be sought. Discovery in this suit is now CONCLUDED per the July 20, 2004 Order of Judge Dlott (doc. # 74). The Order expressly states:

> In their motion and at the conference, Plaintiffs requested additional time to conduct discovery. **Since the Court informed counsel for Plaintiffs in no uncertain terms at the conference on October 28, 2002 that the extension of discovery granted at that time would be the last such extension (doc. #73 at 5,12) and counsel for Plaintiffs agreed (Id. at 5), Plaintiffs' request to extend the discovery deadline is denied.** (emphasis added)

Judge Dlott expressly ordered and denied Plaintiffs' untimely request to re-open discovery well after the expiration of the second discovery cut-off. Further, it is significant to note that Plaintiffs DID NOT CONDUCT ANY DEPOSITION DISCOVERY in the excess of three years this case was pending and specifically after present counsel's firm and local counsel entered their appearance in August 2002, and prior to the second discovery cut-off of May 30, 2003. [3] (Affidavit of Jill T. O'Shea, Esq., ¶ 14).

---

[3]      As demonstrated by the Affidavit of Jill T. O'Shea, Esq., Plaintiffs' counsel was involved behind the scenes as early as December 2001 and failed to timely enter an appearances in this matter. (Affidavit of Jill T. O'Shea, Esq., ¶¶ 3-6).

Plaintiffs' motives as to their request to file a sur-reply in violation of Judge Dlott's express ruling that they could not conduct any further discovery are **even more suspect** in light of recent conflicting requests by Plaintiffs' counsel. Defendant responded to Plaintiffs' Request for Production of Documents on March 30, 2003 and identified in its response that the documents were available for inspection at Defendant's offices. (Affidavit of Jill T. O'Shea, Esq., ¶¶ 11-12). At the July 22, 2004 hearing on Plaintiffs' motion to re-open discovery, Defense counsel commented on the fact that Plaintiffs had never even requested to inspect the document production at any time in opposition to Plaintiffs' request to re-open discovery. (Affidavit of Jill T. O'Shea, Esq., ¶ 17). In response to a request by Plaintiffs' counsel to forward copies of the document production for the first time in August or September 2004, counsel for Defendant identified that there were approximately 40,000 documents to be copied and stated that Defendant could make arrangements to have them copied or that they were available for inspection and copying at our offices. (Affidavit of Jill T. O'Shea, Esq., ¶ 18). Plaintiffs' counsel never followed up and requested to inspect or copy the document production AT ANY TIME during the briefing as to the pending motions for summary judgment. (Affidavit of Jill T. O'Shea, Esq., ¶ 19).

On **November 30, 2004** (only **after** the motions for summary judgment were fully briefed and the filing of Plaintiffs' alternative motions to strike or file a sur-reply), Plaintiffs forwarded correspondence stating that they had no intention of reviewing the documents unless the Court denies summary judgment:

> In organizing our *Brantley, et al v. Cinergy* files I have noticed that we do not have any documents responsive to our requests for production. If I remember correctly, you told me that the documents were in Cincinnati and they were available for our inspection as well as our reproduction during normal business hours. I am writing to let you know that we plan to inspect the documents responsive to our request for production.
>
> Please note, we will withdraw our request to inspect and reproduce the abovementioned documents in the event Judge Watson grants your request for summary judgment. **If your**

**motions for summary judgment are denied in whole are in part, I will contact you to set up a time to inspect the documents responsive to our request for production.**

(Affidavit of Jill T. O'Shea, Esq., ¶ 20; Exhibit "A").    Yet, ten days later, Plaintiffs forwarded correspondence requesting to inspect the *Brantley v. Cinergy* documents responsive to our request for production and suggested an inspection on December 20, 2004. (Affidavit of Jill T. O'Shea, Esq., ¶ 21, Exhibit "B").   Plaintiffs' request for an opportunity to file a sur-reply – solely to address affidavit testimony they concede to be undisputed is a ruse to re-open all of the now completed briefing on Defendant's summary judgment motions. Plaintiffs had more than ample opportunity to request the copying or inspection of Defendant's document production and wholly failed to do so. They had Defendant's initial summary judgment motions in hand for over one year, and received additional extensions of time once they were re-filed by Order of the Court.   Such a pretextual and unfounded request to file a sur-reply is both scandalous and impertinent under the unique procedural circumstances of this case and should be stricken pursuant to Rule 12(f) and summarily denied to avoid substantial prejudice to the Defendant.

With respect to the merits of the Motion for Leave to file a Sur-reply, Defendant incorporates by reference its arguments in its memorandum in opposition as if fully re-written herein. (doc. 115). Defendant complied with Rules 6(d) and Rule 56(e) of the Federal Rules of Civil Procedure and properly filed Affidavits **in support** of its Motions for Summary Judgment as to each named Plaintiff. (see doc. 85). Moreover, Defendant demonstrated the rebuttal nature of the very limited Declarant and Affidavit testimony in its memorandum in opposition.

As to Plaintiff Tolbert, Connie Terheiden's affidavit rebuts his attempt to create an issue of fact that Sibcy and Kramer were overweight and promoted for the same position for which he applied and at the same time frame. The positions and dates of Sibcy and Kramer's positions which Tolbert admits is **undisputed** demonstrates that they were not substantially same and

similarly situated in all relevant aspects as required by Federal and Sixth Circuit law in rebuttal to Tolbert's summary and unfounded assertions. Tolbert does not dispute the procedural posture in this case wherein Judge Dlott ordered the **re-filing** of Defendant's Motions as originally filed in August 2003 and that Tolbert's continued weight problems and single disciplinary letter incident as demonstrated by the Feucht Supplemental Affidavit is **undisputed**.

As to Plaintiff Brantley, the Declaration of Reis rebuts Brantley's reliance on speculation and inadmissible hearsay that the stray and dated Reis comment was within the statute of limitations period or was in any manner material or relevant to any alleged hostile environment claim on behalf of Brantley.

As to Plaintiff Martin, the Affidavit is in rebuttal to Martin's reliance on a time-barred incident for which discipline was issued to avoid the uncontroverted evidence that the Company responded properly and Martin's excuse for failing to take advantage of corrective opportunities fails as a matter of law as to his racial harassment claim.

Plaintiffs raise for the first time in the within motion (or their December 13, 2004 reply) the Sixth Circuit decisions in <u>Gilleland</u> and <u>Peters.</u> These decisions support the conclusion that Defendant complied with the Federal Rules and Sixth Circuit precedent. The rebuttal affidavits responded to the non-moving party's memorandum in opposition and complied with Local Rule 7.2 (d) as demonstrated *supra.* With respect to the opportunity to respond, the <u>Gilleland</u> decision emphasized that time lapse between the filing of the rebuttal affidavit and the court's ruling and that Plaintiff had seven weeks to file a pleading before the court's ruling. <u>Gilleland v. Schanhals</u>, 2003 U.S. App. Lexis 258 (6th Cir. 2002). Similarly, <u>Peters</u> stated that seven days between the filing of a reply and rebuttal affidavit and the hearing afforded Plaintiff an opportunity to respond. <u>Peters v. Lincoln</u>, 285 F. 3d 456 (6th Cir, 2002). Neither case provides any support to re-open discovery and allow for depositions especially in the egregious circumstances of this case

in which Plaintiffs failed to conduct discovery and seek to cure the consequences of that decision only after the full briefing on the motions for summary judgment. Moreover, Peters expressly observed "[i]n accordance with Rule 6(d)'s language that, 'when a motion is supported by affidavit, the affidavit shall be served with the motion', reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief. *See* 767 F. Supp. at 1234; *see, also,* McGinnis v. Southeast Anesthesia Assocs., 161 F.R.SD. 41, 42 and n.1 (W.D.N.C. 1995) (allowing affidavits to accompany reply brief because they supported reply brief, not original motion)." Id. at 476. Plaintiffs have had ample opportunity to respond and did respond in their various pleadings, albeit time-barred, unsupported and without merit, especially since there has been no court ruling to date. The limited affidavits properly support Defendant's reply memoranda and Plaintiffs have had the opportunity.

## CONCLUSION

Plaintiffs' newly filed Motion (or reply) does not identify any improper action by Defendant. Plaintiffs' Motion is redundant, impertinent and scandalous and should be stricken pursuant to Rule 12(f). Moreover, it should be summarily denied for the reason that it would unduly prejudice Cinergy at this late stage of the case and there is no basis under state or Federal Rules for Plaintiffs' unsupported request. The pending Motions for Summary Judgment are ripe for determination and no further pleading or delays should be allowed by this court. Plaintiffs have failed to demonstrate a genuine issue of material fact in their various unsupported pleadings (sur-replies) especially wherein they acknowledge that the rebuttal Affidavit and Declarant testimony is undisputed and thus, Defendant, Cinergy Corp., is entitled to summary judgment as a matter of law as to all Plaintiffs.

Respectfully Submitted


/s/ Jill T. O'Shea
Jill T. O'Shea (0034692)
Attorney for Defendant
Cinergy Corp.
139 East 4th Street, 25 Atrium II
P. O. Box 960
Cincinnati, Ohio 45201-0960
Phone:  (513) 287-2062
Fax:  (513) 287-2996
E-mail:  joshea@cinergy.com

/s/ Gregory V. Mersol
Gregory V. Mersol (0030838)
John B. Lewis (0013156)
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH  44114-3485
Phone:  (216) 621-0200
Fax:  (216) 696-0740
E-mail:  gmersol@bakerlaw.com


/s/ Jeffrey L. Van Way
Jeffrey L. VanWay  (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Phone:  (513) 929-3400
Fax:  (513) 929-0303
E-mail:  jvanway@bakerlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was forwarded via ordinary mail this 21st day of December, 2004 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202


David W. Sanford, Esq.
Sanford, Wittels & Heisler, LLP
2120 K Street NW
Suite 700
Washington, D.C.  20037


Barry Vaughn Frederick
Herman Nathaniel Johnson, Jr.
Robert L. Wiggins
Ann K. Wiggins
Susan Donahue
Robert F. Childs
Wiggins, Childs, Quinn & Pantazis, P.C.
1400 South Trust Tower
420 North 20th Street
Birmingham, Alabama 35203

Grant E. Morris
Law Offices of Grant E. Morris
7 DuPont Circle, N.W.
Suite 250
Washington, D.C.  20036


/s/ Jill T. O'Shea
Jill T. O'Shea

1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BILLY BRANTLEY, et al. | : | Case No. C-1-01-378 |
| | : | |
| Plaintiffs, | : | Judge Michael H. Watson |
| | : | |
| vs. | : | |
| | : | |
| CINERGY CORP. | : | AFFIDAVIT OF |
| | : | JILL T. O'SHEA, ESQ. |
| Defendant. | : | |
| | : | |
| STATE OF OHIO ) | : | |
| ) SS. | : | |
| COUNTY OF HAMILTON ) | : | |

Comes now affiant, Jill T. O'Shea, Esq., after being first duly cautioned and sworn, deposes and states as follows:

    1.    That I am counsel for defendant, Cinergy Corp., in the above-captioned matter.

    2.    That the within suit was originally filed by William Whalen, Jr., Esq. on June 6, 2001.

    3.    That on or about August 9, 2002, David W. Sanford, Eric Bachman and Charles Dixon of the law firm of **Gordon, Silberman, Wiggins & Childs**; Grant Morris, Esq.; and Paul Tobias and David Kammer of Tobias, Kraus & Torchia, the latter as local

137294

counsel ("Plaintiffs' Counsel"), entered an appearance as **new counsel** on behalf of Plaintiffs in the above-captioned matter. (emphasis added)

4.    That on or about August 30, 2002, the date of the discovery cut-off, Plaintiffs' Counsel filed a Motion for Extension of Time of the discovery cut-off which was vehemently opposed by Defendant, Cinergy Corp. (see Defendant, Cinergy Corp.'s Memorandum In Opposition to Motion for Extension Of Time (Affidavit of Jill T. O'Shea Attached Hereto) filed on September 12, 2002. Defendant objected to the extension on grounds, including, but not limited to, that Plaintiffs' Counsel's intentional and/or unreasonable delay in entering an appearance; that the suit had been pending for over one (1) year and three (3) months; that Plaintiffs' Counsel was attempting to simultaneously prosecute this matter with a newly filed separate lawsuit; and that Defendant had complied with the various deadlines established in the original January 9, 2002 Preliminary Pretrial and Summary Jury Trial Order.

5.    That on or about September 30, 2002, Defendant, Cinergy Corp.'s, Motion to Strike Plaintiffs' Reply to Defendant's Memorandum In Opposition to Motion for Extension of Time (Supplemental Affidavit of Jill T. O'Shea Attached hereto) was filed and addressed Counsels' position that they required time to complete an investigation before entering an appearance in this case notwithstanding the fact that a review of plaintiff's discovery responses produced in December 2001 (made available to counsel in January 2002) would have been sufficient; that the sworn testimony of the Plaintiffs identified that they were interviewed by counsel in early 2002; and that Plaintiffs' Counsel had sufficiently investigated claims against Cinergy to prepare and file EEOC

137294

charges in June and July of 2002 as to the four (4) named plaintiffs in the <u>Reed</u> suit yet, did not enter an appearance and timely conduct discovery in the within suit.

6.    That on or about October 28, 2002, the Joint Affidavit of Melissa Hogan and Jill T. O'Shea, Esq. was filed in the within suit and attached the Affidavit of William P. Whalen, Jr., prior counsel, who identified that he forwarded **his complete file** to Grant Morris, one of Plaintiffs' Counsel, on or about January 23, 2002. (emphasis added)

7.    That on or about October 28, 2002 (after being rescheduled by the court several times), counsel for the parties attended a Status/Scheduling Conference with Judge Dlott at which time she granted the discovery extension but cautioned Plaintiffs' Counsel, Mr. Sanford and Mr. Tobias who were in attendance, that she would not grant a further extension.

8.    That Plaintiffs' Counsel conducted no discovery from the date new counsel entered an appearance in this case on August 9, 2002 until January 31, 2003, at which time Plaintiffs' Counsel issued their first and only written discovery requests including Plaintiffs' Request for Production of Documents to Defendant, Cinergy Corp. and Plaintiffs' First Set of Interrogatories to Defendant, Cinergy Corp., on the eve of the paper discovery cut-off.

9.    That defense counsel had essentially completed discovery as to the named plaintiffs including, but not limited to, the depositions of Bill Brantley on September 29, 2002 and November 5, 2002; Anthony Martin on October 1, 2002 and December 10, 2002; Rodney Jones on October 22, 2002; and Todd Tolbert on October 2, 2002 and December 18, 2002.

10.    That on or about February 28, 2003, the Agreed Entry Extending Time In Which for Parties to Respond to Written Discovery was entered of record with the court.

11.    That Defendant forwarded Defendant, Cinergy Corp.'s, Response to Plaintiffs, Bill Brantley, et al., First Set of Request for Production of Documents and Defendant, Cinergy Corp.'s, Response to Plaintiffs, Bill Brantley, et al., First Set of Interrogatories on or about March 27, 2004.

12.    That Defendant, Cinergy Corp.'s, Response to Plaintiffs, Bill Brantley, et al.'s, First Set of Request for Production of Documents expressly provided in the General Objections as follows:

> 5.    Defendant shall make available for inspection at the offices of Cinergy Services, Inc., 221 East Fifth Street, Cincinnati, Ohio 45201 or provide copies of the Bates-Stamped Documents at the request and cost of plaintiffs subject to a Stipulated Protective Order agreed upon between the parties and/or by Order of the Court.

13.    That Plaintiffs' Counsel did not request  to inspect the document production or request copies of the Bates-Stamped Documents at any time prior to the re-filing of Defendant's Motions for Summary Judgment in July 2004.

14.    That Plaintiffs' Counsel did not conduct any deposition discovery or request to schedule the depositions of any company witnesses in the over ten (10) months they entered an appearance in August 2002, and prior to expiration of the second discovery cut-off on May 30, 2003.

15.    That Paul Tobias, local counsel, solely requested the opportunity to direct examine, Bill Brantley, a named Plaintiff, at the close of his second deposition on

November 5, 2002 due to time conflicts in Mr. Tobias' schedule after defense counsel was finished with cross-examination.

16.    That Plaintiffs' Counsel never followed up and scheduled the direct examination of Bill Brantley prior to the expiration of the second discovery cut-off.

17.    That at the July 22, 2004 hearing on motions including Plaintiffs' request to re-open discovery, Defense counsel commented on the fact that Plaintiffs had never even requested to inspect the document production at any time.

18.    That in response to a request by Plaintiffs' Counsel to forward copies of the document production for the first time in August or September 2004, counsel for Defendant identified that there were approximately 40,000 documents to be copied and stated that Defendant could make arrangements to have them copied or that they were available for inspection and copying at our offices.

19.    That Plaintiffs' Counsel never followed up and requested to inspect or copy the document production AT ANY TIME during the briefing as to the pending motions for summary judgment.

20.    That on November 30, 2004, Plaintiffs forwarded correspondence stating that they had no intention of reviewing the documents unless the Court denies summary judgment:

> In organizing our *Brantley, et al v. Cinergy* files I have noticed that we do not have any documents responsive to our requests for production. If I remember correctly, you told me that the documents were in Cincinnati and they were available for our inspection as well as our reproduction during normal business hours. I am writing to let you know that we plan to inspect the documents responsive to our request for production.
>
> Please note, we will withdraw our request to inspect and reproduce the abovementioned documents in the event Judge Watson grants your request for summary judgment. If your motions for summary judgment are denied in whole are in part, I will contact you to set up a time to inspect the documents responsive to our request for production.

and that Exhibit "A" is a true and accurate copy of same.

21.     That ten day later on or about December 10, 2004, Plaintiffs forwarded correspondence requesting to inspect the *Brantley v. Cinergy* documents responsive to our request for production and suggested an inspection on December 20, 2004 and that Exhibit "B" is a true and accurate copy of same.

22.     That she has firsthand knowledge of the above.

FURTHER AFFIANT SAYETH NAUGHT.

*December 21, 2004*
Dated

*Jill T. O'Shea*
Jill T. O'Shea, Esq.

NOTARY OF PUBLIC

Sworn to and subscribed in my presence this 20th day of December, 2004.

*Lisa A. Leffler*
Notary Public

**LISA A. LEFFLER**
Notary Public, State of Ohio
My Commission Expires
November 3, 2007

Respectfully submitted,


 /s/ Jill T. O'Shea
Jill O'Shea (0034692)
CINERGY SERVICES, INC.
139 East Fourth St., Room 25 AT II
Cincinnati, Ohio 45201-0960
Telephone:  (513) 287-2062
Facsimile:  (513) 287-3910
E-mail:  joshea@cinergy.com


/s/ Gregory V. Mersol
Gregory V. Mersol (0030838)
John B. Lewis (0013156)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East Ninth St.
Cleveland, OH  44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740
E-mail:  gmersol@bakerlaw.com


/s/ Jeffrey L. Van Way
Jeffrey L. VanWay  (0069175)
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Phone:  (513) 929-3400
Fax:  (513) 929-0303
E-mail:  jvanway@bakerlaw.com


*Attorneys for Defendant*
*Cinergy Corp.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served via ordinary mail this 21ST day of December, 2004 to:

Paul H. Tobias
David D. Kammer
TOBIAS, KRAUS & TORCHIA, LLP
414 Walnut Street
Suite 911
Cincinnati, OH  45202

David W. Sanford, Esq.
Sanford, Wittels & Heisler, LLP
2120 K Street NW
Suite 700
Washington, D.C.  20037

Robert L. Wiggins
Ann K. Wiggins
Susan Donahue
Robert F. Childs
Barry Vaughn Frederick
Wiggins, Childs, Quinn & Pantazis, P.C.
1400 South Trust Tower
420 North 20th Street
Birmingham, Alabama 35203

Grant E. Morris
Law Offices of Grant E. Morris
2120 K Street NW
Suite 700
Washington, D.C.  20037

Jill T. O'Shea

137294                                    8

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.

### A PROFESSIONAL CORPORATION

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
A. J. BECK
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
BYRON R. PERKINS
JON C. GOLDFARB
GREGORY O. WIGGINS
LEE D. WINSTON
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

CRAIG L. LOWELL
MAURY S. WEINER
EDWARD McF. JOHNSON
KELL A. SIMON
RODERICK T. COOKS
*LORI KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
AUDREY REITZ CHANNELL
STEVEN L. ATHA
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
MINTREL D. MARTIN
SUSAN DONAHUE
BENJAMIN J. DeGWECK
JOSHUA D. WILSON
*HARSIMRAN KAUR DANG
ALLISON W. LOWELL
*KEIR S. BICKERSTAFFE

*Not Licensed in Alabama

November 30, 2004

Jill T. O'Shea, Esq.
Cinergy Corp.
P. O. Box 960
Cincinnati, OH 45201-09 60

> **Re:**   **Billy Brantley, et al. vs. Cinergy Corporation**
> **Case No. C-1-01-378**
> **U.S. District Court, SW District of Ohio, Western Div.**

Dear Jill,

In organizing our *Brantley, et al. v. Cinergy* files I have noticed that we do not have any documents responsive to our requests for production. If I remember correctly, you told me that the documents were in Cincinnati and they were available for our inspection as well as reproduction during normal business hours. I am writing you to let you know that we plan to inspect the documents responsive to our request for production.

Please note, we will withdraw our request to inspect and reproduce the above mentioned documents in the event Judge Watson grants your request for summary judgment. If your motions for summary judgment are denied in whole or in part, I will contact you to set up a time to inspect the documents responsive to our request for production.

Best regards,

Allison W. Lowell

AWL/pjk



BIRMINGHAM - SATELLITE
2017 5TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

WASHINGTON, D.C.
7 DUPONT CIRCLE N.W. - SUITE 200
WASHINGTON, D.C. 20036
202-467-4123
202-467-4498 (FAX)



EXHIBIT
A

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS, P.C.

### A PROFESSIONAL CORPORATION

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
A. J. BECK
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
BYRON R. PERKINS
JON C. GOLDFARB
GREGORY O. WIGGINS
LEE D. WINSTON
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS

LOUIS SILBERMAN 1889-1976
WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

CRAIG L. LOWELL
MAURY S. WEINER
EDWARD McF. JOHNSON
KELL A. SIMON
RODERICK T. COOKS
*LORI KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
AUDREY REITZ CHANNELL
STEVEN L. ATHA
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
MINTREL D. MARTIN
SUSAN DONAHUE
BENJAMIN J. DeGWECK
JOSHUA D. WILSON
*HARSIMRAN KAUR DANG
ALLISON W. LOWELL
*KEIR S. RICKERSTAFFE
*Not Licensed in Alabama

December 10, 2004

<u>**VIA FACSIMILE AND U.S. MAIL**</u>
Jill O'Shea, Esq.
Cinergy Corp.
P. O. Box 960
Cincinnati, OH 45201-09 60

    Re:     **Billy Brantley, et al. vs. Cinergy Corporation**
          ·**Case No. C-1-01-378**
          **U.S. District Court, SW District of Ohio, Western Div.**

Dear Jill:

    I am writing to arrange to come to your office to inspect the *Brantley v. Cinergy* documents responsive to our request for production. If it is compatible with your schedule, Bob Childs, Susan Donahue and I would like to come on **Monday, December 20, 2004, beginning at 9:00 a.m.** We will be in Cincinnati for a meeting on Sunday and would like to efficiently utilize our time while in the area.

    Please respond to this request as quickly as possible since we will need to make further travel arrangements. Thank you in advance for your cooperation and as always, please do not hesitate to call if this is not suitable for you.

                   Best regards,

                   Allison W. Lowell

AWL/pjk
cc:    David D. Kammer, Esq.
       David Sanford, Esq.
       Grant Morris, Esq.
       Paul H. Tobias, Esq.

BIRMINGHAM - SATELLITE
2017 5TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

WASHINGTON, D.C.
7 DUPONT CIRCLE N.W. - SUITE 260
WASHINGTON, D.C. 20036
202-467-4123
202-467-4498 (FAX)



EXHIBIT
B
Blumberg No. 5119