IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Billy Brantley, et. al., | : | Case No. C-1-01-378 |
| | : | |
| Plaintiffs, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | ORDER GRANTING IN PART |
| Cinergy Corp., | : | PLAINTIFFS' MOTION TO |
| | : | STRIKE, GRANTING |
| Defendant. | : | PLAINTIFFS' MOTION TO FILE |
| | : | SUR-REPLY, AND DENYING |
| | : | DEFENDANT'S MOTION TO |
| | : | STRIKE |

This matter comes before the Court on Plaintiffs' Motion to Strike Defendant's Notice of Filing of Affidavits and Declaration or (in the alternative) to File Sur-Reply on Defendant's Motion for Summary Judgment (doc. # 114) and Cinergy's Motion to Strike Motion for Leave to File Sur-Reply (doc. #115).  For the reasons below, the Court **GRANTS IN PART** Plaintiffs' Motion to Strike as to the Toebbee affidavit portion of Cinergy's Notice (doc. #110-3), but **DENIES** the Motion as to the remainder of the Notice (docs. ##110-2, 110-4, 110-5); **GRANTS** Plaintiffs' Motion (doc. #114) to File Sur-Reply on the surviving portions of the Notice; and **DENIES** Cinergy's Motion to Strike (doc. #115).[1]

**I.     BACKGROUND**

On August 1, 2003, Defendant Cinergy Corporation ("Cinergy") moved for summary

---

[1] In light of the above, Plaintiffs' separately-filed Motion to File Sur-Reply (doc. #118) and Cinergy's Motion to Strike (#119), are **DISMISSED AS MOOT**.  See Part II.C, infra.

judgment against co-Plaintiffs Billy Brantley, Rodney Jones, Anthony Martin, and Todd Tolbert ("Plaintiffs"), submitting four briefs and consolidated supporting affidavits. (See docs ##s 82-86 and 102-103.) With its reply briefs, Cinergy filed a second evidentiary submission consisting of three supplemental affidavits and a declaration (hereinafter "reply submission"). (Doc. #110; see also docs. ##s 108-109 and 111-12 (reply briefs).) Plaintiffs have now moved to strike Cinergy's reply submission as improper under Local Civil Rule 7(d) and Federal Rule of Civil Procedure 56. (Doc. #114.) In the alternative, Plaintiffs seek leave to file a Sur-Reply to Cinergy's summary judgment motion based on the contents of Cinergy's reply submission. (Id.) Cinergy opposes both proposals. (Doc. #115.) Cinergy further moves to strike Plaintiffs' Motion to File Sur-Reply (doc. #114) as constituting, in substance, an unauthorized sur-reply. (Id.)

Plaintiffs have also filed a separate Motion to File Sur-Reply (doc. #117) that is substantively identical to Plaintiffs' reply brief (doc. #116) on the pending Motion to Strike or to File Sur-Reply discussed above. Cinergy has moved to strike this separately-filed Motion as "redundant, immaterial, and scandalous." (See doc. #118.) Plaintiffs contend they only filed the additional Motion because this Court's docketing clerk told them that the Motions to Strike and File Sur-Reply should be presented independently. (See doc. #119.)

## II.    ANALYSIS

### A.    Plaintiffs' Motion to Strike Cinergy's Evidentiary Submission on Reply

Local Civil Rule 7(d) states, in its entirety:

Evidence Supporting Motions – Deadlines. When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence used to support a reply memorandum shall be limited to that needed

>to rebut the positions argued in memoranda in opposition. If evidence is not available to meet this schedule, or circumstances exist as addressed by Rule 56(f)[2], Fed. R. Civ. P., counsel shall consult one another and attempt to stipulate to an agreed Motion for extension of the schedule established by this Rule; failing agreement, counsel shall promptly bring the matter to the attention of the Court in order to avoid piecemeal submission of evidence and unnecessary memoranda. Assignment of any Motion for oral argument or a conference with the court shall <u>not</u> extend these deadlines for the submission of evidence.

Local Civ. R. 7.2(d).

Plaintiffs assert that Cinergy's reply submission violates Rule 7.2(d) because it contains testimony that "does not rebut" the factual or legal assertions in Plaintiffs' response briefs on summary judgment, and that in any event was "fully in [Cinergy's] possession" when Cinergy filed its opening briefs. (Doc. #114 at 2-3.) In the alternative, Plaintiffs argue that to the extent the submission is proper and the Court intends to rely on it in resolving Cinergy's pending summary judgment motions (docs. ##82-84 and 86), Plaintiffs must first be allowed to file a sur-reply. (<u>Id</u>. at 6-7; <u>see also</u> doc. #116 at 7-9.) Cinergy responds that its reply submission presents only rebuttal evidence within the scope of Rule 7(d). (Doc. #115 at 9-10.) It does not assert that any of the evidence in the reply submission was actually *unavailable* to it at the time it filed its opening briefs on summary judgment. Rather, Cinergy argues simply that it should be allowed a reply submission because it was impossible to anticipate "what evidence . . . Plaintiffs would rely on" in opposition given the voluminous discovery in this case. (<u>Id</u>. at 8-9.) Cinergy also suggests that, in light of that discovery, the facts in its reply submissions should not surprise or

---

[2] Rule 56(f) provides that "[s]hould it appear from the affidavits of a party *opposing* [a summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the court may grant continuances to permit additional discovery, deny the motion, or enter other "just" orders. Fed. R. Civ. P. 56(f) (emphasis added).

meaningfully prejudice Plaintiffs.³ (Id.)

Plaintiffs suggest that evidentiary submissions on reply are never proper under Rule 7(d) unless the submissions present evidence that (a) was unavailable to the moving party when it filed its opening briefs *and* (b) is necessary to rebut specific allegations raised in the opposing party's opposing briefs. While both requirements do appear in Rule 7(d), they appear in separate and apparently independent clauses. Therefore, the most natural reading of the rule is that it should not matter whether the facts Cinergy seeks to submit on rely were available to Cinergy when it filed its opening briefs, so they are necessary to rebut specific allegations raised in Plaintiffs' opposition. This reading of Local Rule 7(d) is consistent with the substance of Rule 56, in that precluding new factual submissions on reply would diminish the usefulness of replies as a vehicle for establishing that there are no disputes of fact material enough to necessitate trial. It also promotes judicial economy, because movants who know they will be limited to the facts cited in their opening briefs–regardless of the specific arguments raised in opposition–will be more inclined to pad their initial submissions with potentially irrelevant secondary facts. In any

---

³ Cinergy makes some additional arguments that merit only passing consideration. First, Cinergy contends that either a strike or sur-reply would be unduly prejudicial at this stage of the litigation because the Court twice extended Plaintiffs' deadline to file its opposition briefs. (Id. at 1-3.) The Court fails to understand how extensions of responsive briefing granted long after the close of discovery bear on either party's ability to submit otherwise improper or untimely evidence in its responsive briefs. Cinergy's suggestion that it was in any way prejudiced by these *particular* extensions is disingenuous in any event, because the record clearly indicates that Cinergy agreed to both extensions on the condition that its reply deadlines be correspondingly extended. (Docs. ##s 92-98). Cinergy also argues that its reply submission is proper because Plaintiffs' opposition briefs cited to some evidence never produced in discovery. (Doc. #115 at 3.) Plaintiffs' alleged reliance on undiscovered evidence did not give Cinergy a *carte blanche* to submit otherwise untimely evidence on reply. A more appropriate response, in the words of Rule 7(d), would have been to "promptly bring the matter to the attention of the Court in order to avoid piecemeal submission of evidence and unnecessary memoranda." Fed. R. Civ. Proc. 7(d).

event, the Sixth Circuit has indicated that district courts are not automatically obliged to strike movants' submissions of new evidence on reply, even where those submissions consist primarily of facts already available to both parties.  See, e.g., Seay v. Tennessee Valley Auth., 339 F.2d 454, 481-82 (6th Cir. 2003).  Therefore, the Court may allow Cinergy's submission if–as Local Rule 7.2(d) requires–it is limited to facts intended to rebut Plaintiffs' specific allegations in opposition to summary judgment.

Cinergy's supplemental affidavits and declaration concern the claims of Plaintiffs Brantley, Martin, and Tolbert, but not Jones.  For Plaintiff Brantley, Cinergy submits a brief declaration by a Manager, Roger Reis, recounting that manager's use of a racial slur in (according to Cinergy) 1982.  (Doc. #110-2.)  Cinergy claims the declaration was submitted to "rebut" Brantley's allegation that the slur occurred sometime between 1995 and 1999 and was thus within the relevant limitations period for his racial discrimination and racially hostile work environment claims; Plaintiffs respond that the date is irrelevant because the incident is offered only as "background evidence."  (Doc. #115 at 6-7; doc. #114 at 5-6; see also Plaintiffs' opposition, doc. #101, at 13.)  Plaintiffs' opposition brief does dispute–albeit in other, more general terms–Cinergy's statute of limitations defenses.  (Doc. #101 at 30-32.)  Moreover, even if the incident is "background evidence," the existence of any disputes between the parties as to its timing and other details affects the weight the Court may give it in determining whether a reasonable jury viewing the facts in the light most favorable to Brantley could award Brantley relief on his discrimination and hostile work environment claims.  On balance, the Court concludes that it may allow the Reis declaration.

With respect to Plaintiff Martin, Cinergy submits a supplemental affidavit by another

manager, Ken Toebbe, attaching a written record of an oral warning that another manager, John Huwel, allegedly issued to Richard Cutsinger, a coworker of Martin's, after Custinger threatened Martin with a racial slur. (Doc. #110-3.) Cinergy contends that the affidavit is submitted to "rebut" Martin's representations that the slur occurred in 1991 (rather than 1993) and that Cutsinger was never disciplined for it. (Doc. #115 at 7-8; see also doc. #101 at 3-4.) In fact, Plaintiffs' opposition does not specifically allege that the slur occurred in 1991; it simply says it happened "around the same time" as another incident alleged to have occurred in 1991, and acknowledges that–regardless of its precise timing–the slur falls outside the relevant limitations period. (See doc. #101 at 3-4, 43; see also doc. #114 at 5-6.) Moreover, Plaintiffs' opposition does not assert or even imply that Cutsinger was never disciplined for the slur. It states simply that "Martin complained to his supervisor, John Huwel, about the [slur], and Huwel instructed Cutsinger not to talk that way again." (Doc. #101 at 4.) Cinergy's new submission does not directly dispute these statements, nor does it seem logically inconsistent with them. Because the Toebbe affidavit does not seem to meaningfully "rebut" any of Martin's allegations, the Court cannot allow it.

For Plaintiff Tolbert, Cinergy submits two supplemental affidavits. The first, by manager Connie Terheiden, reports the dates on which Cinergy employees, Eric Sibcy, and Donald Kramer, were apparently promoted. (Doc. #110-4.) Plaintiffs assert in their opposition that various white employees were granted promotions despite being overweight while Tolbert was denied promotions on the basis of his weight, and reason that weight was therefore a pretext for Cinergy's racially biased promotional practices. (See, e.g., doc. #101 at 14-19.) Plaintiffs now contend the Terheiden affidavit must be struck because it contains no relevant information

regarding Sibcy and Kramer's relevant qualifications for the promotions, or Cinergy's positions regarding their weight, and Terheiden–who manages records–was "not involved" in the actual promotion decisions. (Doc. # 114 at 4.) Cinergy responds that the affidavit was submitted to rebut Plaintiffs' suggestion that these promotions are comparable, noting that–according to Terheiden–they occurred several years before and after the period where Tolbert alleges he was denied promotions. (Doc. #115 at 5.) The Court concludes that the Terheiden affidavit is appropriate rebuttal evidence and allows it.

Cinergy's second supplemental affidavit, from Safety Specialist Robert Feucht, describes and attaches company "weigh-in" records for Tolbert and a weight-related disciplinary warning allegedly given to Tolbert. (Doc. #110-5.) Plaintiffs contend that this evidence does not "rebut" their claims because they not dispute that Tolbert was overweight during the periods in question; Cinergy responds only that the evidence is neither "newly submitted" nor surprising to Plaintiffs. (Doc. #114 at 4-5; doc. #115 at 6.) The Court concludes that the affidavit can nevertheless be regarded as "rebuttal" evidence. Evidence of Tolbert's actual weight during the period he was denied promotions may prove material to the question of whether he and white co-workers he alleges were favored despite being overweight were in fact "similarly situated" for purposes of Tolbert's claim that Cinergy used his weight as an unlawful pretext for discriminating him on the basis of his race. It may also prove material to the question of whether Tolbert was in fact "disabled" for purposes of claiming disability discrimination. (See, e.g., doc. #101 at 19.) The Court therefore allows the Feucht affidavit.

In sum, the Court may admit all but the Toebbe affidavit portion of Cinergy's reply submission under Local Rule 7(d). The Court therefore **GRANTS IN PART** and **DENIES IN**

**PART** Plaintiffs' Motion to Strike (doc. #114). The Court will not consider the Toebbe Affidavit (doc. #110-3) in deciding Cinergy's pending motions for summary judgment (docs. ##s 82-84, 86), but will consider the other affidavits and declaration in Cinergy's reply submission (docs. #110-2, 110-4, 110-5.)

      B.      **Plaintiffs' Motion to File Sur-Reply**

The Court's decision to admit portions of Cinergy's reply submission does not clearly resolve the question of whether Plaintiffs are entitled to file a sur-reply on the submission. The Sixth Circuit has indicated that where a moving party relies on sworn documents compiled after the opposing party has filed its opposition papers, the opposing party deserves an "adequate opportunity" to respond. Seay, 339 F.3d at 482. The Reis declaration and Feucht and Terheiden affidavits all postdate Plaintiffs' opposition filing. (See docs. ##s 110-2, 110-4 and 110-5 (sworn on October 27 and 28th, 2004) and doc. #101 (filed September 24, 2004).)

Cinergy suggests that Plaintiffs are nevertheless not entitled to a sur-reply because many or all of the substantive facts set forth in their reply submission are not new or potentially surprising. However, the relevant reference point for purposes of a right to sur-reply appears to be the date on which the specific evidentiary documents are actually "produced." Seay, 339 F.3d at 482. Moreover, in light of the somewhat shifting nature of the claims in this case–and the fact that Cinergy has by now filed nearly two hundred pages of evidentiary submissions in this case–the Court concludes that it would not meaningfully prejudice Cinergy to afford Plaintiffs one last opportunity to respond. The Court therefore **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply (doc. #114). Within fourteen days of entry of this Order, Plaintiffs may file a consolidated sur-reply, not to exceed 20 pages, addressing those portions of Cinergy's reply

submission (docs. #110-2, 110-4, 110-5) on which the Court has denied Plaintiffs' Motion to Strike (doc. #114).

    **C.**    **Other Motions**

Because the Court has recognized and resolved Plaintiffs' Motion to File Sur-Reply as presented (in the alternative) in Plaintiffs' original Motion to Strike (doc. #114), it **DISMISSES AS MOOT** Plaintiffs' separately-filed Motion to File Sur-Reply (doc. #117) and Cinergy's corresponding Motion to Strike (doc. #118). The Court also **DENIES** Cinergy's original Motion to Strike Plaintiff's Motion for Sur-Reply (doc. #115). While the Court agrees that some of the arguments in Plaintiffs' Motion to Strike (doc. #114) implicate the merits of Cinergy's pending summary judgment motions, Cinergy's responsive Motion to Strike (doc. #115) arguably commits the same sin. In any event, the Court intends to simply disregard all of the above-referenced motion papers for purposes of deciding Cinergy's summary judgment motions (docs. ##s 82-84 and 86). To the extent Plaintiffs wish the Court to further consider any arguments discussed in these papers, it must re-present them in a timely sur-reply.

**III.**    **CONCLUSION**

For the reasons above, Plaintiffs' Motion to Strike (doc. # 114) is **GRANTED IN PART** as to the Toebbe affidavit (doc. #110-3) and **DENIED** as to the other contents of Cinergy's reply submission (docs. ##s 110-2, 110-4, and 110-5.) Plaintiffs' alternative Motion to File Sur-Reply (doc. #114) is **GRANTED** as to the surviving contents of Cinergy's submission. If Plaintiffs still wish to file a Sur-Reply, they must do so within fourteen days of the entry of this Order, and in a consolidated submission not to exceed 20 pages. Cinergy's Motion to Strike (doc. #115) is **DENIED**, and Plaintiff's separately-filed Motion to File Sur-Reply (doc. #117) and Defendant's

Motion to Strike same (doc. #118) are both **DISMISSED AS MOOT**.

In closing, the Court feels compelled to remind counsel that the Local Rules strongly discourage the "piecemeal submission of evidence and unnecessary memoranda" in connection with briefing disputes.  See Local R. Civ. P. 7(d).  Counsel are required to "promptly" bring to this Court's attention any disputes they cannot, in good faith, resolve on their own.  Id.
IT IS SO ORDERED.

                                                                                                               s/Susan J. Dlott
                                                                                                               Susan J. Dlott

> For the purposes of issuing this order, the file can be found at:
>
> J:\Lawclerks\Kyle\Civil\Brantley\Brantley.56strikeandsur-reply.ord.wpd

United States District Judge