Service: **Get by LEXSEE®**
Citation: **2006 u.s. app lexis 1167**

*2006 U.S. App. LEXIS 1167, \*; 2005 FED App. 0023P (6th Cir.), \*\*;*
*97 Fair Empl. Prac. Cas. (BNA) 486; 87 Empl. Prac. Dec. (CCH) P42,223*

DAVID R. BROWNING, v. DEPARTMENT OF THE ARMY, Plaintiff-Appellant, Defendant-Appellee.

No. 04-5219

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

06a0023p.06;
2006 U.S. App. LEXIS 1167; 2005 FED App. 0023P (6th Cir.); 97 Fair Empl. Prac. Cas. (BNA) 486; 87 Empl. Prac. Dec. (CCH) P42,223

December 9, 2005, Submitted
January 19, 2006, Decided
January 19, 2006, Filed

**PRIOR HISTORY:** **[\*1]** Appeal from the United States District Court for the Eastern District of Kentucky at Lexington. No. 02-00375-Karl S. Forester, District Judge.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff employee sought review of a summary judgment from the United States District Court for the Eastern District of Kentucky at Lexington granted in favor of defendant, the Department of the Army as employer, in the employee's action alleging age discrimination in violation of the Age Discrimination in Employment Act.

**OVERVIEW:** The Army contended that it hired a younger employee for the position of an Explosives and Handler Supervisor position based on his matrix score and his ability to work with upper management. The 48-year-old employee claimed that Army's use of a matrix of job-related criteria to determine which applicant was best qualified for the open position was a pretext designed to mask a discriminatory motive. The court affirmed the judgment, finding that the employee failed to present sufficient evidence to raise a jury question as to pretext. The court found that the Army's decision to weigh administrative/managerial experience more heavily than the job description suggested was not sufficient to demonstrate pretext. The employee failed to show that the Army's motivation in doing so was to unlawfully discriminate on the basis of age. The court found that, at most, the employee contended that the Army undervalued his skills and experience and that the employee never asserted a link between the subjective matrix criteria and any discriminatory intent by the Army.

**OUTCOME:** The court affirmed the judgment.

**CORE TERMS:** matrix, pretext, subjective, job description, managerial, summary judgment, qualification, ranked, competency, skills, inventory, age discrimination,

criterion, flexibility, candidates, hiring, genuine issue of material fact, discriminatory intent, burden of persuasion, prima facie case, matter of law, pretextual, selecting, nondiscriminatory reason, supervisor, discriminatory, interpretive, subcategory, analytical, credentials

**LexisNexis(R) Headnotes** ◆ <u>Hide Headnotes</u>



<u>Civil Procedure</u> > <u>Summary Judgment</u> > <u>Standards of Review</u> 

<u>Civil Procedure</u> > <u>Summary Judgment</u> > <u>Summary Judgment Standard</u> 

*HN1* ⬦ The district court's grant of summary judgment is reviewed de novo. Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Fed. R. Civ. P. 56(c)</u>. In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. <u>More Like This Headnote</u>

<u>Labor & Employment Law</u> > <u>Discrimination</u> > <u>Age Discrimination</u> > <u>Proof of Discrimination</u> 

<u>Labor & Employment Law</u> > <u>Discrimination</u> > <u>Disparate Treatment</u> > <u>Burden Shifting Analysis</u> 

*HN2* ⬦ The burden-shifting approach articulated in McDonnell Douglas and further refined in Burdine applies where a plaintiff presents no direct evidence of age discrimination. Under this approach, the plaintiff must first establish a prima facie case by showing that: (1) he was at least 40 years old at the time of the alleged discrimination, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by someone substantially younger. Once the plaintiff establishes his prima facie case, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant meets this burden, the presumption of discrimination no longer exists and the plaintiff must prove that the reasons offered by the defendant were in fact pretextual in order to prevail. The ultimate burden of persuasion remains with the plaintiff at all times. <u>More Like This Headnote</u>

<u>Civil Procedure</u> > <u>Summary Judgment</u> > <u>Burdens of Production & Proof</u> 

<u>Labor & Employment Law</u> > <u>Discrimination</u> > <u>Age Discrimination</u> > <u>Proof of Discrimination</u>

<u>Labor & Employment Law</u> > <u>Discrimination</u> > <u>Disparate Treatment</u> > <u>Burden Shifting Analysis</u>

*HN3* ⬦ A plaintiff in an age discrimination action involving a failure to promote can demonstrate pretext by showing that the defendant's reasons for failing to promote him (1) had no basis in fact, (2) did not actually motivate its conduct, or (3) were insufficient to warrant the challenged conduct. At the summary judgment stage of the proceedings, the plaintiff must set forth evidence from which a reasonable juror could reject the defendant's explanations for its failure to promote the plaintiff and infer that the defendant instead made its decision on the basis of the plaintiff's age. If the

plaintiff fails to raise a genuine issue of material fact on the issue of pretext, he cannot survive summary judgment.  More Like This Headnote

Labor & Employment Law > Discrimination > Actionable Discrimination 

*HN4* ⬇Employers are not rigidly bound by the language in a job description. As explained by the United States Court of Appeals for the Sixth Circuit in Wrenn, employment discrimination laws do not diminish lawful traditional management prerogatives in choosing among qualified candidates, and an employer has great flexibility in choosing a management-level employee. The Wrenn court further held that the employer's motivation, not the applicant's perceptions, or even an objective assessment of what qualifications are required for a particular position, is key to the discrimination inquiry.  More Like This Headnote

Labor & Employment Law > Discrimination > Actionable Discrimination 

Labor & Employment Law > Discrimination > Disparate Treatment

*HN5* ⬇Employers may use matrices that reward applicants who meet subjective criteria. Subjectivity, without more, does not establish pretext. The fact that individual managers have flexibility in determining individual components of a matrix score does not indicate discrimination. Even where the matrix scores are susceptible to subjective determinations, the matrix is irrelevant to the pretext inquiry in the absence of a showing that the matrix inaccurately measured job skills or that the matrix was used as a pretext to mask discrimination.  More Like This Headnote

Labor & Employment Law > Discrimination > Actionable Discrimination 

Labor & Employment Law > Discrimination > Disparate Treatment

*HN6* ⬇The plaintiff's assessment of his own qualifications is irrelevant to the discrimination inquiry. Not only has the United States Court of Appeals for the Sixth Circuit afforded great flexibility to employers when selecting management personnel, but it has also explicitly held that the law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. Rather, employers may not hire, fire, or promote for impermissible, discriminatory reasons.  More Like This Headnote

**COUNSEL:** ON BRIEF: Andrew Sparks, Marianna Jackson-Clay, ASSISTANT UNITED STATES ATTORNEYS, Lexington, Kentucky, for Appellee.

David R. Browning, Berea, Kentucky, Pro se.

**JUDGES:** Before: DAUGHTREY, GILMAN, and SUTTON, Circuit Judges.

**OPINIONBY:** RONALD LEE GILMAN

**OPINION:** [**1]  RONALD LEE GILMAN, Circuit Judge. In this age-discrimination case, David Browning, a 48-year-old male, claims that the Army's use of a matrix of

job-related criteria to determine which applicant was best qualified for an open position was a pretext designed to mask a discriminatory motive. Browning worked in the Ammunitions Operation Division (AOD) at the Blue Grass Army Depot (BGAD) in Richmond, Kentucky as a Material Handler and Forklift Operator/Supervisor. In 1996, the BGAD Civilian Personnel Office advertised that an Explosives and Handler Supervisor position was open in the AOD. Browning and five other individuals applied for this position. Smiley Courtney, the Chief of the AOD, prepared a matrix of job-related criteria to determine which applicant was best qualified. After **[*2]** reviewing the applications, Courtney ranked Browning third. Courtney subsequently awarded the position to Steven Rhodus, a 33-year-old First-Line Supervisor whom Courtney had ranked as the most-qualified applicant.

Claiming that he was discriminated against because of his age, Browning filed a complaint with the Equal Employment Opportunity Commission (EEOC) in March of 1996. The EEOC found that the Army had a legitimate, nondiscriminatory reason for hiring Rhodus. Browning then filed suit in the district court, alleging age discrimination in violation of the Age Discrimination in **[**2]** Employment Act (ADEA). The district court granted summary judgment to the Army on all claims. On appeal, Browning argues that the district court erred in holding that he had failed to present sufficient evidence to raise a jury question as to whether the Army's reason for not promoting him was a pretext designed to hide unlawful discrimination. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

William Ware, a "subject matter expert," initially ranked the applicants for the Explosives and Handler Supervisor position pursuant to BGAD's merit-promotion **[*3]** policy, and he ranked all of them as "highly qualified." Courtney received the applications following this initial ranking, but he did not review Ware's evaluation or ascertain the ages of any of the applicants.

Pursuant to a Commander's directive on selection procedures, Courtney was responsible for developing a method to evaluate the applicants' qualifications. The directive gave Courtney the authority to select the job criteria relevant to the position. He proceeded to develop a "Rating Element Criteria" matrix based upon the description of the job and his personal knowledge of the job's requirements. To create the matrix, Courtney reviewed the original job description and developed the following five criteria that he believed were necessary to perform the job, with the five criteria adding up to 25 points: (1) supervisory experience (worth 4 points, or 16%), (2) administrative/managerial experience (worth 5 points, or 20%), (3) ammunition experience (worth 8 points, or 32%), (4) general supply experience (worth 4 points, or 16%), and (5) education (worth 4 points, or 16%). Under Criterion # 2 (administrative managerial/experience), Courtney created five subparts, each worth one **[*4]** point: (1) oral and written communication competency, (2) managerial experience, (3) policy implementation competency, (4) decisionmaking competency, and (5) analytical/interpretive competency. Courtney developed the criteria and created the matrix before he received any of the applications.

Because Courtney had served as a supervisor to all six candidates, he did not conduct interviews for the position and did not review the information in the applicants' personnel files. Courtney claims that he did not know the respective ages of the applicants or that Browning was eligible for early retirement. After reviewing the applications and assigning each applicant a point value based on the matrix that he

had created, Courtney ranked the six applicants. Browning ranked third with 14 points, and Rhodus ranked first with 16 points. Although Courtney acknowledged that Browning possessed administrative/managerial experience, he awarded Browning just one out of five possible points for that criterion, explaining that he awarded points to applicants only if they had "outstanding capacity" in a particular category. Courtney selected Rhodus for the position in August of 1996 based on Rhodus's matrix **[*5]** score and his ability to work with upper management.

After learning that Rhodus had been selected for the position, Browning scheduled a meeting with Courtney because Browning believed that Courtney had discriminated against him on the basis of age. Courtney told Browning that Browning's experience and expertise were better utilized in his current position and that Rhodus was selected due to his strong administrative skills. Browning, however, thought that he was more qualified than Rhodus because he had completed coursework in Technical Ammunition and because he had 17 years of supervisory experience compared with Rhodus's 4 years.

Although the position in question requires administrative experience, Browning claims that Courtney overvalued the administrative/managerial criterion because the job description stated that only 13% of the position was administrative while the matrix valued administrative experience at 20%. Following his meeting, Browning requested EEOC counseling and later filed a formal complaint with the EEOC. Joseph Simeone, an EEOC investigator, held a factfinding conference **[**3]** in February of 1997. He ultimately concluded that Browning's claim of age discrimination **[*6]** had no basis in fact.

Browning then requested a hearing before an EEOC administrative law judge (ALJ), who found that the Army had a legitimate, nondiscriminatory reason for hiring Rhodus instead of Browning. The agency adopted the ALJ's recommendation both initially and after completing its internal appeals procedure. *Browning v. Sec'y of the Army*, EEOC Doc 01990290 (2002), 2002 WL 1004587. Browning then filed suit in federal court. The district court ultimately granted summary judgment in the Army's favor. On appeal, Browning contends that the district court erred in granting summary judgment because he had allegedly raised genuine issues of material fact on the issue of pretext and because the Army purportedly relied on subjective criteria not listed in the job description.

## II. ANALYSIS

### A. Standard of review

*HN1* The district court's grant of summary judgment is reviewed de novo. *Minadeo v. ICI Paints,* 398 F.3d 751, 756 (6th Cir. 2005). Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) **[*7]** . In considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## B. Burden of proof

*HN2* The burden-shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and further refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981), applies in the present case because Browning presented no direct evidence of discrimination. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998) (holding that "claims under the ADEA are typically analyzed within the framework set forth in *McDonnell Douglas*" where the plaintiff presents no direct evidence of discrimination). **[*8]** Under this approach, Browning must first establish a prima facie case by showing that: (1) he was at least 40 years old at the time of the alleged discrimination, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) he was replaced by someone substantially younger. *Id.*

The parties do not dispute that Browning made out a prima facie case. Once Browning established his prima facie case, the burden shifted to the Army to offer a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Again, the parties agree that the Army met its burden. As a result, the presumption of discrimination no longer exists, and Browning must prove that the reasons offered by the Army were in fact pretextual in order to prevail. *Id.* The ultimate burden of persuasion remains with Browning at all times. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) ("Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact . . . remains at all times with the plaintiff.") (citation and quotation marks omitted).

## C. Browning's **[*9]** claim of pretext

*HN3* Browning can demonstrate pretext by showing that the Army's reasons for failing to promote him (1) had no basis in fact, (2) did not actually motivate its conduct, or (3) were insufficient to warrant the challenged conduct. *See Manzer v. Diamond Shamrock Chems., Co.*, 29 F.3d 1078, 1084 **[**4]** (6th Cir. 1994) (affirming a judgment as a matter of law for the employer because the employee did not provide sufficient evidence regarding pretext). At the summary-judgment stage of the proceedings, Browning must set forth evidence from which a reasonable juror could reject the Army's explanations for its failure to promote him and infer that the Army instead made its decision on the basis of Browning's age. *See Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001) (affirming the district court's grant of summary judgment to the employer because "no reasonable juror could find that the employer's adverse employment action was pretextual"). So if Browning failed to raise a genuine issue of material fact on the issue of pretext, he cannot survive summary judgment. *See Johnson v. Kroger Co.*, 319 F.3d 858, 869 (6th Cir. 2003) **[*10]** ("This case comes down to a judgment call about whether Johnson presented enough evidence to create a genuine issue of material fact.").

Although Browning claims that the Army's stated reasons for failing to promote him were pretextual, he neither cites *Manzer* nor attempts to categorize his arguments as fitting within any of *Manzer's* alternative prongs. His failure to do so is not fatal, however, because Browning must satisfy only one alternative in order to avoid summary judgment. *Manzer*, 29 F.3d at 1084.

Browning first argues that the matrix was used as a pretext designed to hide age discrimination. During the EEOC hearing, Browning initially claimed that Courtney's

development of the matrix was improper because it valued administrative/managerial experience at 20% while the job description described the position as just 13% administrative. Later, however, Browning argued that Courtney's flexibility in applying the matrix criteria, rather than the matrix itself, was improper. Browning therefore contradicted his own claim that Courtney developed the matrix as a pretext to hide age discrimination.

In any event, Browning cites two cases for the proposition **[*11]** that reliance on criteria not listed in the job description supports an inference of discrimination. *See Courtney v. Biosound, Inc.*, 42 F.3d 414, 421 (7th Cir. 1994) (denying the employer's motion for summary judgment where the job description failed to mention a requirement that the employer later claimed was essential); *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1225 (2d Cir. 1994) (same). Both cases, however, are easily distinguishable. The employers in *Courtney* and *Gallo* hired applicants other than the plaintiffs based on criteria that were *not even mentioned* in the job descriptions. In contrast, both the job description and the matrix in the present case required that the successful applicant have administrative/managerial experience. Browning was thus on notice that the Army considered administrative/managerial experience to be an important qualification and, as the district court stated, "it was reasonable for Courtney to conclude that more weight should be given to an applicant's administrative skills if he believed that such skills would prove useful to performing the subject position."

Moreover, in contrast to *Courtney* **[*12]** and *Gallo*, this court has held that <sup>HN4</sup> ⚓employers are *not* rigidly bound by the language in a job description. *Wrenn v. Gould*, 808 F.2d 493 (6th Cir. 1987). As explained in *Wrenn*, employment-discrimination laws do "not diminish lawful traditional management prerogatives in choosing among qualified candidates," and an employer has "great[] flexibility in choosing a management-level employee." *Id*. at 502 (holding that an employer can consider factors external to a job description when selecting among qualified candidates) (citation and quotation marks omitted). The *Wrenn* court further held that "the employer's motivation, not the applicant's perceptions, or even an objective assessment []of what qualifications are required for a particular position," is key to the discrimination inquiry. *Id* . at 502. *See also Aka v. Washington Hospital Center*, 332 U.S. App. D.C. 256, 156 F.3d 1284, 1297 n.15 (D.C. Cir. 1998), where the D.C. Circuit observed that

> reasonable employers do not ordinarily limit their evaluation of applicants to a mechanistic checkoff of qualifications required by the written job **[*13]** descriptions.  **[**5]** Obviously, they will take additional credentials into account, if those credentials would prove useful in performing the job.

*Id*. Courtney's decision to weigh administrative/managerial experience more heavily than the job description suggested is simply not sufficient to demonstrate pretext. Browning has failed to show that Courtney's motivation in doing so was to unlawfully discriminate on the basis of age.

Several courts, moreover, have held that *HN5* employers may use matrices that reward applicants who meet subjective criteria. Although Browning argues that "there were no underlying or documentary bases to support the objectivity of the matrix [] . . . other than the selecting official's testimony," this subjectivity, without more, does not establish pretext. *See Brown v. EG&G Mound Applied Techs., Inc.*, 117 F. Supp. 2d 671, 680 (S.D. Ohio 2000) ("The fact that individual managers had flexibility in determining individual components of a matrix score[] does not indicate discrimination."). So even though the matrix scores were "susceptible to subjective determinations," the district court in *Brown* concluded that the **[*14]** matrix was irrelevant to the pretext inquiry in the absence of a showing that the matrix inaccurately measured job skills or that the matrix was used as a pretext to mask discrimination. *Id* . at 680. Similarly, in *Senner v. Northcentral Technical College*, 113 F.3d 750 (7th Cir. 1997), the Seventh Circuit held that using a matrix with subjective criteria was acceptable:

> Senner's most persuasive argument is that the rating criteria were too subjective . . . . The result . . . is that the assessors could readily manipulate the results . . . . The problem is that these arguments, even when construed most favorably toward Senner, only show that NTC did not give his credentials the emphasis [that] they may have deserved . . . . Senner has shown, at best, that NTC's evaluation criteria require a subjective judgment; they do not suggest that discriminatory intent affected that judgment.

*Id*. at 756-57.

As in *Senner*, Browning at most contends that the Army undervalued his skills and experience. Browning never asserts a link between the subjective matrix criteria and any discriminatory intent by the Army. He instead claims **[*15]** that "the use of this matrix and the change in the requirements of the job description is enough evidence for a jury to find for [him]." Browning's argument fails, however, because he has the ultimate burden of persuasion throughout the suit, *see Reeves*, 530 U.S. at 142, and because the Army's reliance on subjective matrix criteria does not support an inference of discrimination.

Again challenging Courtney's ability to make subjective determinations, Browning argues that Courtney should have awarded him more points under Criterion # 2, the administrative/managerial category (which contained the five subcategories set forth above). Browning received zeroes in every subcategory of Criterion # 2 except analytical/interpretive competency, and he contends that he should have received more points given his 17 years of federal experience and his undergraduate degree. Courtney explained, however, that "this [matrix] was meant to identify areas of significant strength as opposed to areas of just able to do it," and that "analytical and interpretive competency was the only [subcategory] he felt [Browning] really shone in." Rather than simply awarding points for applicants **[*16]** that possessed certain skills, Courtney wanted to *compare* the qualifications of the various applicants.

Although Browning had 17 years of experience and an undergraduate degree, Courtney did not believe that these factors translated into Browning's potential to excel in the position.

Whether Browning agrees with Courtney's scoring method, or whether he believes that he was more qualified for the position that Rhodus ultimately filled, is irrelevant to the age-discrimination **[\*\*6]** inquiry--what matters is Courtney's perception of Browning's qualifications. _Lomax v. Sears, Roebuck, & Co.,_ No. 99-6589, 2000 U.S. App. LEXIS 33884, at \*11 (6th Cir. Dec. 19, 2000) (unpublished) (holding that [HN6] the plaintiff's assessment of his own qualifications was irrelevant to the discrimination inquiry). Not only has this court afforded great flexibility to employers when selecting management personnel, _see Gould,_ 808 F.2d at 502, but it has explicitly held that "the law does not require employers to make perfect decisions, nor forbid them from making decisions that others may disagree with. Rather, employers may not hire, fire, or promote for impermissible, discriminatory **[\*17]** reasons." _Hartsel v. Keys,_ 87 F.3d 795, 801 (6th Cir. 1996) (holding that the employee's subjective belief as to why she was terminated fails to satisfy the summary judgment standard). Questioning the Army's hiring criteria is not within the province of this court, even if the Army's hiring process was entirely subjective. Browning has never asserted that the Army used subjective criteria to mask a discriminatory motive, and without any allegations of a discriminatory intent, Browning cannot meet his burden of persuasion on this issue.

Browning also argues that Courtney should have awarded him a point for inventory experience, a category under Criterion # 3 (the ammunition-experience category). During the factfinding conference, Browning admitted that his inventory experience was "not actually spelled out in the application," but he contends that Courtney should have awarded him a point because Courtney knew about his prior inventory experience. Courtney, however, explained that he did not award a point to Browning on this basis because Browning was not an "expert" in that field. As discussed above, Courtney awarded points only to those candidates who demonstrated **[\*18]** "outstanding capacity" in a particular field, and such subjective evaluations, without more, do not support an inference of discrimination. _See Senner,_ 113 F.3d at 756. Browning, moreover, should not now be heard to complain that he did not receive an additional point for this criteria when he failed to include his inventory experience on his application. Furthermore, even if Browning had noted his inventory experience and Courtney had awarded him the point, his total would still have been lower than Rhodus's. Browning's lower point total, therefore, does not establish pretext.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

Service: **Get by LEXSEE®**
Citation: **2006 u.s. app lexis 1167**
View: Full
Date/Time: Friday, March 10, 2006 - 3:43 PM EST



About LexisNexis  |  Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.